**Judge John C. Coughenour**
**Judge Michelle L. Peterson**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>Defendant. | No. 2:21-cv-01376-JCC-MLP<br><br>**DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM**<br><br>**NOTE ON MOTION CALENDAR: MARCH 18, 2022** |

Defendant CrossCountry Mortgage, LLC ("CCM") respectfully requests an order pursuant to Federal Rules of Civil Procedure 13(b) and 15(a)(2), granting it leave to file an amended pleading to include a permissive counterclaim against Plaintiff Guild Mortgage Company, LLC ("Guild"). The claims set forth in CCM's proposed counterclaim, both factually and legally, mirror Guild's claims against CCM. Both claims center on the alleged solicitation of high level employees, the alleged handling of purportedly confidential customer and referral source data, and the alleged competitor's alleged profiting by allegedly improper means. As such, considerations of judicial and party economy support the contemporaneous handling and management of these cases in a single forum.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 1

4884-7488-7185.14884-4236-9539.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

## I. INTRODUCTION

Loan officers left Guild's Kirkland, Washington branch and joined CCM. Thereafter, Guild filed this suit claiming CCM "encouraged and facilitated efforts by the Kirkland Branch employees to abuse their positions of trust, exploit information they only learned as trusted employees of Guild, breach their contracts, encourage other employees to breach their contracts, instruct other employees to remove Guild's confidential information, interfere with Guild's customer relationships, and brazenly violate their duties of loyalty to their employer, Guild." Dkt. # 1 at p. 2. CCM denies the allegations. The case is early in the discovery phase.

Guild, however, engages in behavior identical to that which forms the basis of its claims against CCM. In fact, CCM has discovered that Guild solicited and hired the Branch Manager formerly overseeing CCM's Las Vegas, Nevada branch. Further, CCM has discovered that said Branch Manager took with her confidential customer and referral source data, and that, upon information and belief, Guild improperly ingested and profited from said data, knowingly in violation of applicable restrictive covenants.

CCM has requested consent from Guild for the filing of CCM's Counterclaim,[1] which sets forth in detail the facts and circumstances currently known about Guild's activity. Guild has refused consent based upon a purported assessment of the "merits" of CCM's Counterclaim. But Guild's self-serving assessment is not good grounds to deny CCM its right to bring its claims against Guild.

## II. FACTS

In mid-2019, CCM hired Mirajoy Casimiro to act as its Branch Manager and a loan originator in its Las Vegas, Nevada branch. On or about June 15, 2020, Ms. Casimiro signed an

---

[1] *See* CCM's proposed Counterclaim, attached hereto as Exhibit A.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 2

4884-7488-7185.14884-4236-9539.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

Originating Branch Manager Employment Agreement with CCM,[2] which contained numerous restrictive covenants.

Paragraph 1.5 of Ms. Casimiro's employment agreement, titled "Duty of Loyalty," states:

> "Employee shall devote appropriate time and attention to his/her activities for and on behalf of Company and shall not engage in any conflict of interest or conduct which shall reflect adversely upon Company. Employee shall assist and work for only Company and no other employer, lender, broker, or other entity, and shall not engage in any way in any mortgage lending or brokering, loan processing or underwriting services, loan modification services, real estate sales or acquisition, closing, settlement or title-related services, credit repair, credit counseling, borrower assistance or other business or service of the same or similar nature. Additionally, Employee may not own an interest in any entity engaging in any such activities, other than a passive investment of less than one percent (1%), without the prior written consent of Company. While employed by Company, Employee shall not, whether for remuneration or otherwise: (i) serve as an officer, director, or executive of or (ii) be employed or engaged as a consultant, independent contractor, or in any other capacity by, any other business (i.e., through any IRS-W-2, IRS-1099, staffing company, employee leasing, partnership, company affiliation, or other arrangement), except as approved in advance in writing by the President of Company."

Paragraph 5.1 of Ms. Casimiro's employment agreement, titled "Protected Information," states:

> (a) *Confidentiality*. Employee hereby acknowledges, understands and agrees that all "Confidential Material," as defined below, is the exclusive and confidential property of Company which shall at all times be regarded, treated and protected as such in accordance with this Article "Protected Information and Restrictive Covenants". Employee acknowledges that all such Confidential Material is in the nature of a trade secret. For purposes of this Agreement, "Confidential Material" means information, which is available to or used in the business of Employee and (i) is proprietary to, about or created by Company, (ii) gives Company a competitive business advantage or the opportunity of obtaining such advantage or the disclosure of which would be detrimental to the interests of Company, or (iii) is designated as Confidential Material by Company, is known by Employee to be considered confidential by Company, or from all the relevant circumstances should reasonably be assumed by Employee to be

---

[2] *See* Ms. Casimiro's Originating Branch Manager Employment Agreement, attached to Exhibit A as Exhibit A1.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1

confidential and proprietary to Company. Such Confidential Material includes, without limitation, the following types of information and other information of a similar nature (whether or not reduced to writing or designated as confidential):

(i) Internal personnel and financial information of Company, purchasing and internal cost and revenue information, internal service and operational manuals, computer software and systems and the manner and methods of conducting the business of Company;
(ii) Company personnel names and contact information;
(iii) Employee's compensation arrangements with Company;
(iv) Training and educational materials provided by Company to Employee;
(v) Marketing materials and/or marketing plans provided by Company to Employee; and
Confidential and proprietary information provided to Company by any actual or potential customer, or other third party (including businesses, consultants and other entities and individuals), and shall include, without limitation, all of the customer's "non-public personal information," as that term is defined under the Gramm-Leach-Bliley Act of 1999 and any amendments thereto.

(b) *Non-Disclosure.* As a consequence of Employee's acquisition or anticipated acquisition of Confidential Material, Employee shall occupy a position of trust and confidence with respect to the affairs and business of Company. In view of the foregoing and of the consideration to be provided to Employee, Employee agrees that it is reasonable and necessary that Employee make each of the following covenants:

(i) At any time during the term of this Agreement and thereafter, except as required by law, Employee shall not disclose Confidential Material to any person or entity, either inside or outside of Company, other than as necessary in carrying out the business of Employee, without first obtaining Company's prior written consent (unless such disclosure is compelled pursuant to court orders or subpoena, and at which time Employee shall give immediate notice of such proceedings to Company).

(ii) At any time during the term of this Agreement and thereafter, Employee shall not use, copy or transfer Confidential Material other than as necessary in carrying out the business of Company, without first obtaining Company's prior written consent.

(iii) Upon termination of this Agreement, Employee shall promptly deliver to Company (or its designee) all written materials, records, software and documents made by Employee or which came into his/her possession prior to or during the term of this Agreement,

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1

concerning the business and affairs of Company, including, without limitation, all materials containing Confidential Material.

Paragraph 5.3 of Ms. Casimiro's employment agreement, titled "Restrictive Covenants," states, in pertinent part:

> (c) *Solicitation and Re-Solicitation of Borrowers*.
> …
>
> (ii) Employee shall under no circumstances solicit, and Employee shall cause the Branch Employees to refrain from soliciting, any consumer for whom a loan previously was processed and closed by Company during the longer of (a) the two (2) year period following the date of such loan closing, and (b) such period as may be specified in the Applicable Requirements of the pertinent lender or investor with respect to the loan, if such solicitation or loan closing would result in a Re-Solicitation Loss to Company. More generally, Employee shall not during the term of employment and for a period of two (2) years after his/her termination, resignation, or separation of his/her employment relationship with Company for whatever reason, directly or indirectly (whether on Employee's own behalf, working with others, or on behalf of any other person, business or entity): contact, call on or otherwise solicit or communicate with in any way any of Company's past, present or future customers, prospective customers and referral sources with the intention or effect of encouraging such customer, prospective customer or referral source to terminate or reduce the volume of its business with Company or to place any portion of such business elsewhere or otherwise interfere with Company's business.

On information and belief, Guild was aware that Ms. Casimiro was bound by the above confidentiality and loyalty provisions. These or similar provisions are standard in the mortgage industry; an industry in which, Guild asserts, success is determined in part by the safeguarding of confidential information and the maintenance of customer relationships. Dkt. #1 at p. 11. Guild's Complaint against CCM is replete with averments on this topic.

However, in the days and weeks preceding her resignation from CCM and immediate hiring by Guild, upon information and belief, Ms. Casimiro acted as an agent of Guild and worked for Guild's benefit and to CCM's detriment, despite continuing to be employed by CCM. Upon information and belief, Guild intentionally induced Ms. Casimiro to breach her contractual

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1

obligations and duties of loyalty by, among other things, transferring customers, customer data, and other confidential information to her personal accounts for subsequent use for the benefit of Guild.

Without prior warning to CCM, in January 2021, Ms. Casimiro resigned and joined Guild. Between August 8, 2020 and January 19, 2021, while employed at CCM, and in preparation for her transition to Guild, Ms. Casimiro sent approximately 10 emails to her personal email account which were accompanied by her commission reports that contained CCM borrower names, loan numbers, and loan amounts. Between June 2020 and January 19, 2021, while employed at CCM, and in preparation for her transition to Guild, Ms. Casimiro sent to her personal email account numerous spreadsheets containing the personal information of hundreds of former, current, and prospective CCM borrowers. These lists contained customer names, contact information (phone numbers, emails, addresses, etc.), credit scores, and birthdates. In late 2020, in furtherance of her plan to transfer CCM customers to Guild, Ms. Casimiro acted as Guild's agent and gathered protected personal information from at least one borrower, but failed to enter any such information into CCM's system. Instead, she gathered the information and diverted it to Guild. Upon information and belief, Ms. Casimiro has since closed loans for this customer, as well as for several other CCM customers that were in CCM's pipeline prior to being diverted to Guild by Ms. Casimiro.

Based upon these facts and allegations, CCM drafted the attached Counterclaim and requested consent from Guild for its filing. Guild responded by denying consent, characterizing CCM's Counterclaim as "a meritless copy-and-paste of Guild's complaint against CCM, with respect to alleged events that occurred over a year ago, in another state."[3] It is true that the

---

[3] *See* correspondence between counsel, dated February 14, 2022 through February 23, 2022, attached hereto as Exhibit B.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1

language in CCM's Counterclaim is very similar to the language found in Guild's Complaint, but that is because the facts and circumstances are similar and the causes of action are identical.

### III. LAW AND ARGUMENT

#### a. This Court has Jurisdiction over CCM's Counterclaim

Based upon the averments contained in Guild's Complaint, as well as the admissions and denials set forth in CCM's Answer to same, it is established that Guild is a California LLC with its sole member being a Delaware corporation and CCM is a Delaware LLC with Ohio-resident members. Therefore, diversity of citizenship exists between Guild and CCM.[4] This Court is an appropriate venue for this dispute, being that it is a permissive counterclaim under Federal Rule of Civil Procedure 13(b). This Court has jurisdiction under 28 U.S.C. §1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.

#### b. The Standard for Leave to Amend and the *Foman* Factors

"In determining whether a party should be allowed to file a supplemental pleading asserting a counterclaim, courts use Federal Rule of Civil Procedure 15's standard for granting leave to amend." *F.D.I.C. v. Twin Dev., LLC*, 2012 U.S. Dist. LEXIS 69872, 2012 WL 1831639, at *6 (S.D. Cal. May 18 2012). Under Rule 15(a), "[t]he court should freely give leave when justice so requires." This policy is "to be applied with extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:

---

[4] For diversity jurisdiction purposes, an "LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1

In the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. --the leave sought should, as the rules require, be "freely given."

These factors are not equally weighed. The consideration of prejudice to the opposing party carries the greatest weight. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,185 (9th Cir. 1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)(stating that "the crucial factor is the resulting prejudice to the opposing party"). The party opposing amendment "bears the burden of showing prejudice." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,185 (9th Cir. 1987).

"Prejudice to the opposing party is the most important factor affecting whether the Court should grant leave to amend. . . . Prejudice is heightened when a plaintiff seeks to amend a complaint late in litigation. [P]rejudice may result when the new allegations add claims based on different legal theories or require proof of different facts." *Scognamillo v. Credit Suisse First Boston, LLC*, 587 F. Supp. 2d 1149, 1155 (N.D. Cal. 2008)(citations omitted). Moreover, "[a]lthough delay is not a dispositive factor in the amendment analysis, it is relevant, . . . especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). The Ninth Circuit has affirmed a denial of leave to amend solely on the basis of undue delay in seeking leave. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996). Additionally, seeking to add claims late in a case where such claims would require additional discovery may evidence bad faith. *See Lockheed Martin Corp.*, 194 F.3d at 986.

However, absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1

### c. Guild Will Not Suffer Prejudice

Guild cannot establish that it will be prejudiced should CCM be permitted to amend its Answer to include the attached Counterclaim. This matter is in its infancy; the time period for amending pleadings set forth in this Court's scheduling order has not yet passed. CCM does not seek to add claims on the eve of trial, or claims that would necessitate the reopening of fact or expert discovery.

Nor will CCM's Counterclaim introduce new legal issues into the matter, or substantially more discovery. Guild initiated this litigation and is prepared to have this Court hear its arguments on identical causes of action rooted in substantially similar facts. The discovery that CCM will seek from Guild mirrors that which Guild has sought from CCM, and the Counterclaim will only necessitate a few more depositions. As such, the Counterclaim would not dramatically impact the nature or scope of this litigation.

Based upon the statement contained in Guild's denial of consent to file the Counterclaim, it can be expected that Guild will argue prejudice exists because the facts and cirucumstances regarding its recruitment of Ms. Casimiro, and its ingestion and use of CCM's confidential information, "occurred over a year ago, in another state." However, neither the passage of time nor the locale of operative facts will prejudice Guild.

In fact, the passage of approximatley 1 year since Guild and Ms. Casimiro conspired to misappropriate CCM's confidential information will permit both parties to be more precise in their damages analysis, since it should be easy to identify those consumers included in CCM's confidential information that have improperly closed loans with Guild. And CCM has not run afoul of any statute of limitations that would prevent it from bringing these very claims in federal court in Nevada.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 9

4884-7488-7185.14884-4236-9539.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

The locale where the operative facts took place does not create prejudice for Guild. Both claims will largely require identical written discovery, and the addition of CCM's Counterclaim will only necessitate a few depositions in Nevada (or over Zoom). The addition of CCM's Counterclaim will not unnecessarily complicate the litigation or unduly prejudice Guild.

### d. Guild Cannot Make a Strong Showing that any other *Foman* Factors Weigh in Favor of Denying CCM Leave to Amend its Answer to Include its Counterclaim.

CCM has not delayed unduly, having raised its request for leave within the time period set forth in this Court's scheduling order for such amendments. CCM has not acted in bad faith by raising congnizable claims in the context of litigation it did not initiate. CCM's motive is not dilatory; rather, CCM's motive is to move forward with discovery on all cognizable claims at issue.

Finally, CCM's counterclaim is not futile. Futility of amendment, alone, justifies denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However a proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, CCM's claims are valid and sufficiently pleaded.

The causes of action set forth in CCM's Counterclaim are rooted in identical legal theories as those found in Guild's Complaint. Further, the facts giving rise to those causes of action are substantially similar to those set forth in Guild's Complaint. If Guild's claims are cognizable, so are CCM's. Any argument concerning laches or waiver with respect to CCM's claims are defenses that Guild can raise; but should not prevent CCM from being granted leave to pursue its Counterclaim at the outset.

//

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 10

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1

## IV. CONCLUSION

For all of the above-stated reasons, this Court should grant CCM leave to amend its Answer to include its Counterclaim.

DATED: February 25, 2022      LEWIS BRISBOIS BISGAARD & SMITH LLP

*s/Benjamin J. Stone*
Benjamin J. Stone, WSBA #33436

*s/Brad Bigos*
Brad Bigos, WSBA #52297

*s/Kylene Slocum*
Kylene Slocum, WSBA #58600

*s/John R. Conley*
John R. Conley, *Pro Hac Vice*

1111 Third Avenue, Suite 2700
Seattle, Washington 98101
(206) 436-2020 / (206)436-2030 Fax
Benjamin.Stone@lewisbrisbois.com
Brad.Bigos@lewisbrisbois.com
Kylene.Slocum@lewisbrisbois.com
John.Conley@lewisbrisbois.com
Attorneys for Defendant CROSSCOUNTRY MORTGAGE LLC

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 11

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1

# DECLARATION OF SERVICE

I hereby certify that on February 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Counsel for Plaintiff Guild Mortgage Company LLC**

| | |
|---|---|
| Eric D. Lansverk | eric.lansverk@hcmp.com |
| | carol.cannon@hcmp.com |
| | |
| Chad S. Hummel (Pro Hac Vice) | chummel@sidley.com |
| Eric B. Schwartz (Pro Hac Vice) | eschwartz@sidley.com |
| | lruiz@sidley.com |
| | laefilingnotice@sidley.com |

Dated: February 25, 2022 at Seattle, Washington.

*s/Hilton Platt*
Hilton Platt, Legal Secretary
Hilton.Platt@lewisbrisbois.com

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S REQUEST FOR LEAVE TO FILE PERMISSIVE COUNTERCLAIM - USDC 2:21-cv-01376-JCC-MLP - 12

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4884-7488-7185.14884-4236-9539.1