Honorable John C. Coughenour
Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>Defendant. | No. 2:21-cv-01376-JCC-MLP<br><br>[PROPOSED] **STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Note on Motion Calendar:<br>Thursday, March 24, 2022 |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

A.   General Principles

1.   An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.   The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

*STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - 1*
*(2:21-cv-01376-MLP)*

**Hillis Clark Martin & Peterson P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**B.     ESI DISCLOSURES**

Within 15 days of entry of this Order, each party shall disclose:

1.     <u>Custodians.</u> Each of the custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.     <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, CRM databases (such as Whiteboard and Salesforce), loan processing databases (such as Encompass), etc.), if any, likely to contain discoverable ESI.

3.     <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.     <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.     PRESERVATION OF ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.     The parties shall preserve all discoverable ESI in their possession, custody or control, and shall modify the procedures used by them in the ordinary course of business to back-up and archive data if necessary to preserve such data.

2.     All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure

*STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - 2*
*(2:21-cv-01376-MLP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

**D.   PRIVILEGE**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless a different deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - 3
(2:21-cv-01376-MLP)

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

3.  With respect to privileged or work-product information generated after the filing of the complaint, and which involves outside counsel of record in this action or any related litigation or arbitration, parties are not required to include any such information in privilege logs.

4.  Activities undertaken in compliance with the duty to preserve information in consultation with or at the direction of counsel are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.  Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party upon discovery, and its production shall not constitute a waiver of such protection in this case or in any other federal or state procedure or arbitration.

E.  **ESI Discovery Procedures**

1.  <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.  <u>Search methodology.</u> Within 30 days of entry of this order the parties shall confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

*STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - 4 (2:21-cv-01376-MLP)*

**Hillis Clark Martin & Peterson P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

      a. Prior to running searches:

          i. The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

          ii. The requesting party is entitled to, within 14 days of the producing party's disclosure, provide reasonable revisions to the search terms or queries to those disclosed by the producing party.

          iii. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries that generate unreasonable numbers of irrelevant documents, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

      b. After production: Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 10 additional search terms or queries, absent good cause shown. The immediately preceding section (Section C(2)(a)(iii)) applies.

*STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - 5 (2:21-cv-01376-MLP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

    c. Upon request, a party shall disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

  3. <u>Format.</u> Each document image file shall be named with a unique Bates Number. The parties agree that ESI will be produced to the requesting party with searchable text, as follows:

    a. E-mail, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and converted to single-page .tiff images with accompanying system metadata (*e.g.*, author, recipient(s), "cc" recipient(s), "bcc" recipient(s), date and time of creation and receipt, date and time of modification, etc.) and substantive metadata (*e.g.*, the substance of changes, etc.), with all attachments for production. All chronological metadata shall be standardized to Coordinated Universal Time. Each party reserves the right to request native format production for any and all ESI. Upon reasonable request, the parties shall produce specific documents (identified by Bates number or range) in original native electronic format.

    b. Dynamic files (e.g., databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available.

    c. For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available, unless the parties

*STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - 6 (2:21-cv-01376-MLP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

specifically agree to a different form for production.

    4.    <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

    5.    <u>Email threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. If any email in a thread includes attachments, the original cover email and all attachments thereto must be produced. Upon reasonable request, the producing party will produce a less inclusive copy of any email thread.

DATED this 24th day of March, 2022.

| | |
|---|---|
| HILLIS CLARK MARTIN & PETERSON P.S. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| By s/ *Eric D. Lansverk* <br> Eric D. Lansverk (he/him), WSBA#17218 <br> 999 Third Avenue, Suite 4600 <br> Seattle, WA 98104 <br> (206) 470-7634 <br> eric.lansverk@hcmp.com | By s/ *Benjamin J. Stone* <br> Benjamin J. Stone, WSBA #33436 <br> Kylene Slocum, WSBA #58600 <br> 1111 Third Avenue, Suite 2700 <br> Seattle, Washington 98101 <br> (206) 436-2020 / (206)436-2030 Fax <br> Benjamin.Stone@lewisbrisbois.com <br> Brad.Bigos@lewisbrisbois.com |
| SIDLEY AUSTIN, LLP | |
| By s/ *Eric B. Schwartz* <br> Chad S. Hummel (admitted *pro hac vice*) <br> Eric B. Schwartz (admitted *pro hac vice*) <br> 555 W. 5th St., Suite 4000 <br> Los Angeles, CA 90013 <br> (213) 896-6000 <br> eschwartz@sidley.com | By s/ *John Conley* <br> John Conley (admitted *pro hac vice*) <br> Lewis Brisbois Bisgaard & Smith <br> 1 Gojo Plaza, Suite 310 <br> Akron, OH 44311 <br> (330) 272-0000 <br> john.conley@lewisbrisbois.com |
| Attorneys for Plaintiff GUILD MORTGAGE COMPANY LLC | Attorneys for Defendant CROSSCOUNTRY MORTGAGE LLC |

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED:     March 25, 2022

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

*STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION - 7*
*(2:21-cv-01376-MLP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789