Honorable John C. Coughenour
Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>    Defendant. | No. 2:21-cv-01376-JCC-MLP<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Note on Motion Calendar:<br>Thursday, March 24, 2022 |

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) sensitive technical information, including current

*STIPULATED PROTECTIVE ORDER - 1*
*(2:21-cv-01376-MLP)*

Hillis Clark Martin & Peterson P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

research, development, and manufacturing information; (2) sensitive business information, including financial or marketing information; (3) competitive technical information, including technical analyses or comparisons of competitor's products or services; (4) competitive business information, including non-public financial and marketing analyses, comparisons of competitor's products or services, and strategic product/service expansion plans; (5) personal health or medical information; (6) an individual's personal credit, banking, or other financial information; (7) information designated as confidential pursuant to any agreements among the parties or between the parties and third parties; or (8) any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Order the producing Party reasonably and in good faith believes would likely cause harm.

"Highly Confidential" material shall include those categories of confidential material of the utmost sensitivity, the disclosure of which to non-qualified persons subject to this Order the producing Party reasonably and in good faith believes would likely cause substantial harm, such that it is necessary to shield such material from public access and to restrict from access by the Parties as set forth herein.

3.   SCOPE

The protections conferred by this agreement cover not only confidential and highly confidential material (as defined above), but also (1) any information copied or extracted from confidential or highly confidential material; (2) all copies, excerpts, summaries, or compilations of confidential or highly confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential or highly confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

//

STIPULATED PROTECTIVE ORDER - 2
(2:21-cv-01376-MLP)

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1     Basic Principles. A receiving party may use confidential or highly confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle: (1) this litigation, (2) the litigation between Christopher Flowers, Cory Flynn, Lisa Jolliffe and Guild Mortgage Company, LLC pending in the Superior Court for King County, Washington (Case #: 21-2-12607-0 SEA), and (3) the arbitrations between Christopher Flowers, Cory Flynn, Lisa Jolliffe and Guild Mortgage Company, LLC pending before JAMS in San Diego, California (JAMS Ref No. 1210038185)(collectively referred to as the "Guild Litigation/Arbitration"). Confidential or highly confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential or highly confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)     the receiving party's counsel of record in the Guild Litigation/Arbitration, including third party contract attorneys, as well as employees to whom it is reasonably necessary to disclose the information for the Guild Litigation/Arbitration,

        (b)     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for the Guild Litigation/Arbitration, unless the parties agree that a particular document or material produced is Highly Confidential and is so designated;

*STIPULATED PROTECTIVE ORDER - 3*
*(2:21-cv-01376-MLP)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

(c) experts and consultants to whom disclosure is reasonably necessary for the Guild Litigation/Arbitration, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff in the Guild Litigation/Arbitration;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

<u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any highly confidential material only to:

(a) the receiving party's counsel of record in the Guild Litigation/Arbitration, including third party contract attorneys, as well as employees of counsel of record to whom it is reasonably necessary to disclose the information for the Guild Litigation/Arbitration;

*STIPULATED PROTECTIVE ORDER - 4*
*(2:21-cv-01376-MLP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

(b) in-house counsel of a party to whom it is reasonably necessary to disclose the information for the Guild Litigation/Arbitration;

(c) experts and consultants to whom disclosure is reasonably necessary for the Guild Litigation/Arbitration, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff in the Guild Litigation/Arbitration;

(e) copy or imaging services retained by counsel to assist in the duplication of highly confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any highly confidential material to third parties and to immediately return all originals and copies of any highly confidential material;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential or Highly Confidential Material</u>. Before filing confidential or highly confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential or highly confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential or highly confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B),

*STIPULATED PROTECTIVE ORDER - 5*
*(2:21-cv-01376-MLP)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  even if it is not the party filing the motion to seal. Failure to satisfy this requirement will
2  result in the motion to seal being denied, in accordance with the strong presumption of public
3  access to the Court's files.
4  5.     DESIGNATING PROTECTED MATERIAL
5         5.1    Exercise of Restraint and Care in Designating Material for Protection. Each
party or non-party that designates information or items for protection under this agreement
must take care to limit any such designation to specific material that qualifies under the
appropriate standards. The designating party must designate for protection only those parts of
material, documents, items, or oral or written communications that qualify, so that other
portions of the material, documents, items, or communications for which protection is not
warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY

*STIPULATED PROTECTIVE ORDER - 6*
*(2:21-cv-01376-MLP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

CONFIDENTIAL" to each page that contains confidential or highly confidential material, respectively. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential or highly confidential information at the trial, the issue should be addressed during the pretrial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

*STIPULATED PROTECTIVE ORDER - 7*
*(2:21-cv-01376-MLP)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference, unless otherwise agreed by the parties.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential or highly confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that party must:

*STIPULATED PROTECTIVE ORDER - 8*
*(2:21-cv-01376-MLP)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

    (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential or highly confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential or highly confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

  When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

*STIPULATED PROTECTIVE ORDER - 9*
*(2:21-cv-01376-MLP)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after all Guild Litigation/Arbitration matters have been resolved, including all appeals, each receiving party must return all confidential and highly confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential or highly confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 24th day of March, 2022.

| HILLIS CLARK MARTIN & PETERSON P.S. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| By s/ *Eric D. Lansverk*<br>Eric D. Lansverk (he/him), WSBA #17218<br>999 Third Avenue, Suite 4600<br>Seattle, WA 98104<br>(206) 470-7634<br>eric.lansverk@hcmp.com | By s/ *Benjamin J. Stone*<br>Benjamin J. Stone, WSBA #33436<br>Kylene Slocum, WSBA #58600<br>1111 Third Avenue, Suite 2700<br>Seattle, Washington 98101<br>(206) 436-2020 / (206)436-2030 Fax<br>Benjamin.Stone@lewisbrisbois.com<br>Brad.Bigos@lewisbrisbois.com |
| SIDLEY AUSTIN, LLP | |
| By s/ *Eric B. Schwartz*<br>Chad S. Hummel (admitted *pro hac vice*)<br>Eric B. Schwartz (admitted *pro hac vice*)<br>555 W. 5th St., Suite 4000<br>Los Angeles, CA  90013<br>(213) 896-6000<br>eschwartz@sidley.com | By s/ *John Conley*<br>John Conley (admitted *pro hac vice*)<br>Lewis Brisbois Bisgaard & Smith<br>1 Gojo Plaza, Suite 310<br>Akron, OH 44311<br>(330) 272-0000<br>john.conley@lewisbrisbois.com |
| Attorneys for Plaintiff GUILD MORTGAGE COMPANY LLC | Attorneys for Defendant CROSSCOUNTRY MORTGAGE LLC |

*STIPULATED PROTECTIVE ORDER - 10*
*(2:21-cv-01376-MLP)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1  PURSUANT TO STIPULATION, IT IS SO ORDERED

2  IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of
3  any documents in this proceeding shall not, for the purposes of this proceeding or any other
4  federal or state proceeding or arbitration, constitute a waiver by the producing party of any
5  privilege applicable to those documents, including the attorney-client privilege, attorney
6  work-product protection, or any other privilege or protection recognized by law.

8  DATED: March 30, 2022

10  MICHELLE L. PETERSON
    United States Magistrate Judge

*STIPULATED PROTECTIVE ORDER - 11*
*(2:21-cv-01376-MLP)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Guild Mortgage Company LLC v. CrossCountry Mortgage LLC*, Case No. 2:21-CV-01376-JCC-MLP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

*STIPULATED PROTECTIVE ORDER - 12*
*(2:21-cv-01376-MLP)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789