JUDGE JOHN C. COUGHENOUR
JUDGE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>Defendant. | Case No. 2:21-CV-01376-JCC-MLP<br><br>**PLAINTIFF, GUILD MORTGAGE COMPANY LLC'S MOTION TO COMPEL DISCOVERY RESPONSES AND RULE 30(b)(6) DEPOSITION**<br><br>NOTED FOR CONSIDERATION:<br>FRIDAY, MAY 27, 2022 |

## I. INTRODUCTION

Plaintiff Guild Mortgage Company LLC ("Guild") filed this action to remedy a wrongful scheme by CrossCountry Mortgage, LLC. ("CCM"), a competing mortgage lender, to misappropriate Guild's Kirkland branch, including over two dozen employees, to induce those employees to breach their contractual and legal duties, to interfere with Guild's customer relationships, and to steal and use Guild's confidential information to unfairly compete with Guild. This is not an isolated incident. CCM has a nationwide business strategy of improperly looting its competitors using a similar scheme, and then litigating the fallout as a cost of doing business.[1]

Part of CCM's litigation strategy, in this case and others, is to delay discovery and to obfuscate the claims and defenses at issue with irrelevant allegations. In this case, CCM has sought

---

[1] *See, e.g.,* Declaration of Eric B. Schwartz ("Schwartz Decl."), Ex. 1 (4/15/22 TRO requiring return of stolen documents in *LoanDepot.com v. CrossCountry Mortgage, LLC, et al.,* N.D. Ill Case No., 22-cv-01874), Ex. 2 (8/3/21 injunction ordering return of stolen documents in *LoanDepot.com v. CrossCountry Mortgage, LLC, et al.*, San Diego Sup. Ct. Case No. 37-2021-00022044).

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 1
USDC 2:21-cv-01376
279731264v.10

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

extensions on, or violated, virtually every deadline, moved to stay the case pending the outcome of other arbitrations, moved to file an improper counterclaim regarding alleged actions in Nevada, and, repeatedly exploited professional courtesies to gain a litigation advantage.

Guild brings this motion to compel to seek very simple relief:

<u>First</u>, <u>Guild requests the Court enter an order requiring CCM to comply with its own agreement to produce responsive documents and information</u>. On January 25, 2022, Guild served its first set of requests for production of documents ("RFP1") and first set of interrogatories ("Interrogatories"). On February 24, 2022, CCM failed to timely respond, thus waiving its objections. After Guild pointed out CCM's waiver, CCM's counsel claimed that COVID was to blame (in truth, CCM was working on its motion to file counterclaims, which it submitted on February 25, one day after its discovery was due), and asked for an extension. Guild granted the extension, <u>on the express condition</u> that CCM provide substantive written responses to RFP1, the Interrogatories, and Guild's second set of requests for production ("RFP2") by March 10, and provide <u>all</u> responsive documents and information by March 24. CCM agreed in writing, without condition or qualification. It is now May 6, and CCM has not produced all responsive information, as it stipulated it would do. Instead, it asserted blanket objections to many of the requests, and failed to produce all documents responsive to the requests to which it agreed to comply.

CCM also takes the position that it does not have to honor its written discovery stipulation because all of the document discovery going forward must be handled in the context of the ESI protocol. That is not consistent with what CCM promised, nor is it consistent with legal precedent from this Court that says that the obligation to produce documents is distinct from the ESI protocol. Moreover, CCM is not honoring its commitments regarding the ESI protocol. On April 26, 2022, at CCM's request, Guild agreed that CCM would run the ESI protocol that <u>CCM proposed</u>, in order to advance discovery, provided that Guild had the right to propose further searches. However, on May 2, CCM backtracked and advised that the ESI protocol returned too many documents, in its view. CCM provided no proposed solution, and put the onus on Guild to propose revised search terms. CCM also refuses to provide a date certain for the production of its documents, and admitted

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 2
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

279731264v.10

today, May 6, that is just now ingesting documents, contradicting prior assertions that the data "has been ingested into our review platform and is being housed at great expense." So, the parties are back to square one, with no agreed protocol and no deadline for the production of documents.

Enough is enough. The parties are five months into discovery with very little to show for it, and discovery deadlines are rapidly approaching. The Court should order CCM to produce all documents and information responsive to RFP1, RFP2, and the Interrogatories, including in response to the topics objected to, within one week of entry of the order.

Second, Guild respectfully asks this Court to order CCM to provide a witness on each Rule 30(b)(6) topics noticed by Guild, **and agreed to by the parties**, within two weeks of entry of the Court's order. Guild served its 30(b)(6) notice on April 1, 2022, and provided one months' notice, which is generous under the applicable law. Thereafter, the parties met and conferred extensively, and agreed on modified topics. Yet, as of this filing, CCM has not identified a deponent nor a date for five of the agreed topics, taking the position that CCM will not produce a witness on four of the topics until it subjectively decides it is done with its document production. However, CCM refuses to commit to a date by which it will complete its production or produce its witnesses. CCM cannot unilaterally obstruct Guild's discovery until it decides it is ready to comply on some unknown date. The rules state that Guild may take discovery in any order. CCM should be ordered to produce a 30(b)(6) witness on all agreed topics within two weeks of the entry of the Court's order.

## II. STATEMENT OF FACTS

**A. CCM's Early Strategy of Delay and Failure to Comply With Agreements**

On October 8, 2021, Guild filed its complaint against CCM. Dkt. 1. One day before its response was due, CCM requested a 21-day extension. Declaration of Renee Pesiri ("Pesiri Decl."), Ex. 3. Guild granted the extension with the understanding that the parties "can work together on a reasonable briefing schedule" if CCM filed a motion. *Id.* On November 29, 2021, CCM filed a motion to stay the entire case, without first conferring on the merits or the briefing schedule. Dkt. 23. That motion was denied. Dkt. 35, 38.

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 3
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

**B. Guild Serves the Document Requests and Interrogatories at Issue**

On December 3, 2021, the parties held their Rule 26(f) conference, on December 17, they exchanged initial disclosures, and on December 27, they submitted their Joint Status Report and Discovery Plan. *See* Dkt. 33 at 3. On January 25, 2022, Guild served RFP1 and the Interrogatories on CCM, with responses due on February 24. Pesiri Decl. Exs. 4-5. On February 3, Guild served CCM with drafts of a stipulated protective order and an ESI protocol. Pesiri Decl. Ex. 6. On February 4, Guild served RFP2 on CCM, with responses due on March 7. Pesiri Decl. Ex. 7.

**C. CCM Fails to Timely Respond, Waiving Its Objections, Agrees to a Conditional Extension, Then Violates the Agreement**

On February 18, 2022, CCM requested a <u>30-day extension</u> on its responses to Guild's written discovery, with no explanation other than that it "will need more time." Pesiri Decl. Ex. 8. On February 22, Guild responded that it "decline[d] CCM's requested discovery extension, for which we see no good cause." *Id*. CCM did not provide any good cause or ask for a shorter extension. *Id*. It just failed to timely serve responses and objections to RFP1 or the Interrogatories by the February 24, 2022 deadline. *Id*. Instead of responding to the pending discovery, CCM spent its time investigating, preparing and filing a motion to file a permissive counterclaim on unrelated alleged conduct in Nevada; CCM filed that motion on February 25. Dkt. 40. As the Court found, "the proposed counterclaim [was] not raised for proper purposes" and CCM's motion was denied. Dkt 51.

On February 28, Guild wrote to CCM to advise that CCM failed to timely respond to RFP1 and the Interrogatories, and thus waived its objections. Pesiri Decl. Ex. 8. CCM requested a belated extension on the basis that "COVID-19 took" one of CCM's attorneys "and [his] whole family out of commission for an extended period of time during the last 30-days" (CCM did not explain how it was able to prepare and file its motion to submit counterclaims during that same period). *Id.* Nevertheless, Guild granted CCM a 14-day extension to March 10 to provide written responses as to all outstanding discovery "<u>on the express condition</u> that CCM provide substantive responses and not merely objections, and <u>produce all requested materials . . . no later than March 24.</u>" *Id*. (emphases added). CCM agreed without qualification. *Id.*

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 4
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

279731264v.10

CCM used its extension to prepare and serve written discovery on Guild, which it sent by email on March 4. Pesiri Decl. Exs. 9-11. CCM also provided comments on the stipulated protective order and ESI protocol that Guild proposed over a month earlier. Pesiri Decl. Ex. 12.

On March 10, CCM served written responses to Guild's discovery, objecting to numerous requests and overwhelmingly failing to provide substantive responses. Pesiri Decl. Exs. 13-16.

On March 24, the parties agreed to the ESI protocol and stipulated protective order. Pesiri Decl. Ex. 12. Also on March 24, the day CCM's document production was due per the parties' written agreement, CCM emailed Guild to state that it would not produce documents because of a motion it received in another case, but assured Guild that it was "preparing a first set of documents for production, and will transmit them by Monday/Tuesday of next week." *Id*. No documents were produced the following Monday or Tuesday. *Id*.

On March 25, the ESI protocol was signed and entered by this Court. Dkt. 47.

The following Tuesday, March 29, Guild advised CCM that it failed to honor the extension agreement. Pesiri Decl. Exs. 12, 17-18. In response, CCM claimed that it could not produce the documents it agreed to produce without a completed ESI protocol. Pesiri Decl. Exs. 12, 40, 41.

On March 31, CCM finally made its first production, consisting of 339 documents. Pesiri Decl. Exs. 19-20. On the same date, CCM sent Guild a letter describing a proposed ESI search protocol. *Id*. In that letter, CCM claimed that, "[t]he data that has been collected, which amounts to approximately 80GBs (73,000 documents), has been ingested into our review platform and is being housed at great expense." Pesiri Decl. Exs. 20.

**D. Guild Serves Its Rule 30(b)(6) Notice**

On April 1, 2022, Guild served CCM with notice of its intent to take the deposition of CCM's corporate representative on 19 particularized topics pursuant to Rule 30(b)(6), which Guild set to take place 30 days later, on May 2. Pesiri Decl. Ex. 21.

**E. CCM Refuses to Commit to Production or Deposition Dates Despite Numerous Requests and Guild's Best Efforts to Meet and Confer**

Over the next month, the parties engaged in an extensive meet and confer process, but CCM

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 5
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

279731264v.10

still would not commit to a document production date or to dates for many of the 30(b)(6) topics.

On April 8, 2022, the parties met and conferred about, *inter alia*, CCM's proposed ESI searches, the deficiencies in CCM's March 10 written discovery responses, and Guild's 30(b)(6) deposition notice. Pesiri Decl. ¶ 25. CCM stated that it would not produce a witness on all of the topics on the requested deposition date, May 2. *Id*. In an April 13 letter, CCM objected to Guild's deposition topics, and contended that a 30(b)(6) deposition was inappropriate because its ESI review was not complete. *See* Pesiri Decl. Ex. 22.

On April 14, the parties met and conferred, including about the 30(b)(6) deposition. Pesiri Decl. ¶ 27. CCM refused to identify witnesses or dates, stating it was likely going to file a protective order, and that it needed search parameters in order to respond to Guild's RFPs before it could proffer a witness on certain of Guild's deposition topics. *Id*. That same day, Guild sent CCM an invitation to a further call, scheduled for April 21. *Id*.

On April 15, Guild sent a letter to CCM responding to its 30(b)(6) objections, narrowing or clarifying certain topics, and requesting that CCM provide, by April 20, the names and available dates for its corporate representatives. Pesiri Decl. Ex. 23. Guild also requested modifications to CCM's proposed ESI protocol. Pesiri Decl. Ex. 24.

On April 19, CCM made a second production of 1,888 documents. Pesiri Decl. Ex. 25. CCM later confirmed that it will not produce additional responsive documents outside the context of an agreed ESI protocol. Pesiri Decl. Ex. 26 (4/26 Tr. at 7:12-8:13).

On April 21, CCM unilaterally canceled the scheduled meet and confer call, and refused to meet until the following week. Pesiri Decl. Ex. 27-28.

On April 22, CCM sent a letter to Guild regarding the proposed 30(b)(6) deposition in which it continued to refuse to offer certain witnesses "prior to CCM's ESI review and production being substantially completed." Pesiri Decl. Ex. 29. On the same day, CCM served supplemental discovery responses in which it objected to numerous topics entirely, and as to others responded that documents "will be produced in due course, in compliance with the controlling ESI protocol." Pesiri Decl. Exs. 30-32. CCM also raised objections with respect to the ESI protocol. Pesiri Decl. Ex. 33.

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 6
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

279731264v.10

On April 26 and 27, the parties had meet and confer calls, during those calls, and in follow up correspondence, the parties agreed on the wording of all 30(b)(6) topics. Pesiri Decl. Ex. 26 (4/26 Tr. at 36-49), Ex. 34 (4/27 Tr. at 1-44]). Yet, CCM continued to refuse to produce a witness on several topics until the ESI protocol was complete, and it refused to identify a witness or date certain on several other topics. Pesiri Decl. Ex. 35. The parties also discussed CCM's ESI search parameters as proposed in CCM's April 22 letter, and at CCM's request, Guild agreed that CCM could proceed immediately with running the protocol CCM proposed in its April 22 letter, with the understanding that Guild would not be prejudiced from suggesting additional searches. Pesiri Decl. Ex. 26 (4/26 Tr. at 8:9-10:25; 21:7-15; 32:7-13; 36:2-23).

On April 28, CCM finally identified witnesses and dates for <u>some</u> of the topics, but stated that it had "not settled on a specific designee for" Topics 9, 10, 13, 17, and 18, and that it would not designate a witness on Topics 5, 8, 11, and 12 "pending further discussions on timing and the ESI initiative." Pesiri Decl. Ex. 35.

On April 28, Guild sent CCM a letter identifying additional ESI search parameters. Pesiri Decl. Ex. 36. On May 2, <u>CCM emailed Guild to advise that the initial ESI protocol that it agreed to perform on April 26 was no longer agreeable</u>. Pesiri Decl. Ex. 37. Also on May 2, Guild confirmed dates for three designees, and asked for the witnesses CCM would be designating on Topics 9, 10, 13, 17, and 18, and a date certain on or before June 2, for when CCM would complete its document production and proffer a witness on Topics 5, 8, 11, and 12. Ex. 35.

On May 4, <u>CCM responded that it could not tell Guild who it would designate on Topics 9, 10, 13, 17, and 18, and stated that it would not move forward with scheduling depositions on Topics 5, 8, 11, and 12</u> because the results for the ESI searches that CCM had proposed had generated more results than anticipated. *Id*. CCM suggested the parties "remain in touch" regarding scheduling; its "hope" was to start making rolling productions by the middle/end of next week (the week of May 9).

On May 6, CCM admitted that it was still ingesting data and that "[o]nce the data is with the vendor, we can engage in the important discussion started in your [ESI] letter." Pesiri Decl. Ex 38. CCM proposed to start that conversation on May 9 – the week it hoped to start productions. *Id*.

PLAINTIFF GUILD MORTGAGE COMPANY'S  
MOTION TO COMPEL DISCOVERY RESPONSES AND  
RULE 30(b)(6) DEPOSITION - 7  
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP  
555 W. 5th St., Suite 4000  
Los Angeles, CA 90013

279731264v.10

To this date, CCM has failed to commit to a date on which it will produce the documents responsive to RFP1 and RFP2, a date when it will produce documents responsive to the ESI protocol it agreed to, or to supply a witness or cooperate in the scheduling of many of the topics in Guild's 30(b)(6) notice. Pesiri Decl. ¶ 48.

### III. ARGUMENT

#### A. CCM Should be Ordered to Comply With Its Agreements to Produce Documents Responsive to RFP1, RFP2, the Interrogatories and Its Initial ESI Protocol

CCM should be ordered to produce all documents and information responsive to RFP1, RFP2, the Interrogatories, and to its initial ESI Protocol, on a date certain within one week of entry of the Court's order because: (1) CCM stipulated to do so, but never performed, (2) CCM waived its objections to RFP1 and the Interrogatories, (3) CCM's objections to numerous requests and interrogatories lack merit, and (4) CCM cannot rely on the ESI protocol as an excuse to violate its agreement to produce responsive documents and information, as the two are separate.

First, CCM stipulated to provide the discovery sought by this motion. In exchange for a continuance, CCM agreed in writing, without condition or qualification, to produce **all** documents and information responsive to RFP1, RFP2, and the Interrogatories by March 24, but it did not do so. CCM should be held to its stipulation, and ordered to produce all responsive documents and information post haste.

"As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible." Dkt. No. 37, Order Setting Trial Date and Pretrial Schedule, at 3; *see also* Fed. R. Civ. P. 29 ("the parties may stipulate that . . . other procedures governing or limiting discovery be modified"). Typically, therefore, "[t]o the extent that [p]arties enter into agreements on the best way to conduct discovery, courts should uphold and honor such agreements." *Pinks v. M&T Bank Corp.*, 13-CV-1730 (LAK)(RLE), 2016 WL 1216813, at *4 (S.D.N.Y. Mar. 25, 2016).[2]

---

[2] "Courts are inclined to enforce discovery agreements between the parties, particularly when the parties agreed to each other's requests." *Roy v. Fedex Ground Package Sys.*, 3:17-cv-30116-KAR, 2021 WL 3727143 at *16 (D. Mass. Aug. 23, 2021) (internal citation and quotation omitted). "The rationale underlying this principle is simple: if the parties could not rely on courts to enforce discovery agreements, there would be little incentive for parties to make them." *In re Santa Fe Natural Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*, No. MD 16-2695 JB/LF, 2018 WL 3972909, at *11 (D.N.M. Aug. 18, 2018).

PLAINTIFF GUILD MORTGAGE COMPANY'S  
MOTION TO COMPEL DISCOVERY RESPONSES AND  
RULE 30(b)(6) DEPOSITION - 8  
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP  
555 W. 5th St., Suite 4000  
Los Angeles, CA 90013

279731264v.10

<u>Second, CCM waived its objections to RFP1 and the Interrogatories</u>. It is beyond credible dispute that CCM failed, without good cause, to timely assert objections. CCM blamed COVID, but that excuse is not credible given CCM's contemporaneous filing of its motion to file counterclaims. As such, it has no basis to object to the relief sought herein as to RFP1 and the Interrogatories, and all responsive information should be produced immediately, without objection. *See* Fed. R. Civ. P. 33(b)(4) (any ground not stated in timely objection to interrogatory waived unless court excuses failure); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted), *cert. dismissed*, 506 U.S. 948 (1992).[3]

<u>Third, CCM's specific objections and refusal to produce documents and information lack merit and should be overruled</u>. *See* Pesiri Decl. Exs. 30-32.

*Supp. Responses to RFP1 Nos. 24, 37*: CCM refused to produce documents showing its policies/procedures governing the use of transitional credentials and policies related to CCM's use of customer relationship and loan processing systems because they are "not relevant." That is not a valid objection. CCM's policies related to transitioning loans *before* the former Guild employees left Guild is directly relevant to whether CCM stole loans from Guild. As are policies related to whether employees can take or retain information stored in CCM's CRM.

*Supp. Responses to RFP1 Nos. 36, 38, 39*: CCM refused to produce information provided to its former employees, which constitutes non-public personal information. As explained to CCM, whether CCM violated its own rules in its theft of Guild's information is relevant to whether CCM conspired to misappropriate information from Guild, and CCM's policies, communications, and actions relating to similar information are highly probative of core issues in this case, including the value and confidentiality of the information in the industry.

*Supp. Response to RFP1 No. 40:* Guild asked for the document <u>CCM</u> identified in <u>CCM's</u>

---

[3] *See also Apple Inc. v. Samsung Electronic Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. Mar. 20, 2012) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response. ... ") (citation omitted); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (court declined to consider objections that were not asserted in responding party's original discovery responses based upon party's failure timely to make such objections).

PLAINTIFF GUILD MORTGAGE COMPANY'S  
MOTION TO COMPEL DISCOVERY RESPONSES AND  
RULE 30(b)(6) DEPOSITION - 9  
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP  
555 W. 5th St., Suite 4000  
Los Angeles, CA 90013

279731264v.10

initial disclosures, and CCM responded that it "identified categories of documents," indicating that it will not produce responsive documents. CCM should be required to produce the documents it admits are relevant to the claims and defenses in this case.

*Supp. Responses to RFP2 Nos. 48, 50*: These requests seek information related to CCM's plans for and opening of any CCM branch where any former Guild employee currently works (including financial statements), which is relevant to Guild's claims of misappropriation—i.e., whether CCM planned to steal an entire branch of Guild employees and open a new CCM branch (which is what it did). CCM's refusal to produce this information on the grounds that it is not "related to the claims and defenses at issue here" lacks merit and its objection should be overruled.

*Supp. Responses to RFP2 No. 51*: CCM refused to produce documents reflecting CCM's profitability, despite Guild's explanation that this is relevant to Guild's damages.

*Supp. Responses to RFP2 Nos. 47, 52, 54, 55*: CCM has improperly narrowed Guild's requests to identify and understand the terms of all mortgage loans originated by former Guild employees after they were employed by CCM. Instead of providing information related to <u>all</u> loans, CCM has decided that it will produce a closed loan report (with only the borrower's name and contact information, despite Guild's request for much more information) for all loans, and <u>then</u> will provide loan-specific information "related to any borrower with any connection to Guild." As Guild has explained, this misses the mark. In order to undertake a damages analysis, including an ill-gotten gains analysis, Guild needs to understand the terms of <u>all</u> loans closed by the former Guild employees since being employed by CCM; not just those loans that <u>CCM</u> has determined are "related to any borrower with any connection to Guild," which will be a contested issue in this case.

*Supp. Response to ROG No. 7:* Instead of <u>identifying</u> the former Guild employees whom CCM communicated with about Guild's customer data, CCM has improperly stated that it will produce documents. At trial, as Guild explained, Guild may admit CCM's list of the Guild employees whom CCM contacted about Guild's customer data.

<u>Fourth, the ESI Protocol does not vitiate CCM's agreement to produce all documents and information responsive to RFP1, RFP2, and the Interrogatories</u>. This Court has previously made

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 10
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

279731264v.10

clear that "the obligation to respond to discovery requests is not supplanted by the ESI Agreement." *See Albert v. Lab'y Corp. of Am.,* 536 F. Supp. 3d 798, 800 (W.D. Wash. 2020). As this Court further explained in *Albert* "[a] reasonably accessible electronic document that is responsive to a discovery request is no different than a reasonably accessible paper document and must be produced without regard to the parties' agreement to use search terms." *Id.* With respect to information that is reasonably accessible, "a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Id. citing Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (internal quotations and alterations omitted). Nevertheless—even after Guild informed CCM of the holding in *Albert*—CCM served supplemental discovery responses asserting numerous times that CCM would only produce responsive documents subject to the ESI protocol. *See* RFP1 Nos. 2, 3, 9, 10-18, 21-23, 25, 27, 28, 29, 31-33, 35; RFP2 Nos. 42, 44-47, 52, 54, 55; Interrogatories Nos. 2, 4, 6.

### B. CCM Should be Ordered to Produce its Corporate Representatives for Deposition Pursuant to Rule 30(b)(6)

Guild asks that the Court order CCM to produce a 30(b)(6) witness on each noticed and mutually agreed topic, within two weeks of issuance of its order, for the following reasons.

<u>First, Guild's 30(b)(6) notice was valid and enforceable, as Guild provided reasonably particularized topics and adequate notice.</u> Rule 30(b)(6) allows the deposition of an entity regarding matters that are described with reasonable particularity. Fed. R. Civ. P. 30(b)(6). Here, the topics propounded by Guild were reasonably particularized on their face, and the parties have now mutually agreed to slightly modified descriptions. Pesiri Decl. Ex. 35.

Guild also provided adequate notice of 30 days. Rule 30 requires that "[a] party who wants to depose a person must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). The case law establishes that 30 days is more than reasonable – it is generous. *See, e.g., Doe v. Trump*, 329 F.R.D. 262, 273 (W.D. Wash. 2018) (rejecting arguments that two 30(b)(6) depositions noticed 20 days before the discovery cutoff were unduly burdensome and granting motions to compel); *Ballard Marine Constr., Inc. v. EHW Constructors*, No. 3:16-cv-05633-RBL, 2019 WL

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 11
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

279731264v.10

1436878 at *3-4 (W.D. Wash. Apr. 1, 2019) ("Notice of eight calendar days and five business days minimally satisfied Rule 30's reasonableness requirement."); *Gamboa v. King Cty.*, No. C 06-1034RSM, 2008 WL 509324, at *1 (W.D. Wash. Feb. 22, 2008). ("[c]ommonly, courts find that notice of at least five days is sufficient for a party's deposition.")

Second, CCM cannot delay its 30(b)(6) deposition until after some undefined date when it decides it is done with document production. The Rules "are unambiguous . . . [that] unless the parties so stipulate or the Court orders otherwise, the methods of discovery may be used in any sequence." *Doe v. Trump*, 329 F.R.D. 262, 273 n.12 (W.D. Wash. 2018) *citing* Fed. R. Civ. P. 26(d)(3)(A). CCM contends that it needs to complete its document production in order to prepare its witnesses for deposition as to some of the topics, but that argument lacks merit. Even if documents are required for preparation, 30 days' notice was sufficient for CCM to locate the documents it needed and to prepare its witnesses. Indeed, where a notice of deposition is combined with document requests, 30 days is sufficient notice. *See* Fed. R. Civ. P. 30(b)(2) and 34(b)(2)(A); *see also Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975); *Howell v. Holland Am. Line USA Inc.*, No. C13-0730JLR, 2014 WL 5325225 at *11 (W.D. Wash. Oct. 17, 2014) ("[A] party's failure to appear for his deposition is not excused on the ground that the discovery was objectionable, unless the party failing to act has a pending motion for a protective order[.]").

CCM's evasive discovery strategy is improper and frankly sanctionable. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (unreasonable failure to schedule a deposition is sanctionable under Rule 37); Fed. R. Civ. P. 37(a)(4) (an evasive or incomplete disclosure or response is treated as a failure to disclose or respond).

## IV. CONCLUSION

For the foregoing reasons Guild respectfully submits that the Court grant this motion and order CCM to produce all documents and information responsive to RFP1, RFP2, and the Interrogatories, without objection, within one week of entry of order, and order CCM to produce a witness on all agreed Rule 30(b)(6) deposition topics within two weeks of the order.

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 12
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

279731264v.10

| | |
|---|---|
| Date: May 6, 2021 | SIDLEY AUSTIN LLP |
| | By: _/s/ Eric B. Schwartz_____<br>Chad S. Hummel (*Pro Hac Vice*)<br>Eric B. Schwartz (*Pro Hac Vice*)<br>555 W. 5th Street, Suite 4000<br>Los Angeles, CA 90013<br>(213) 896-6000<br>eschwartz@sidley.com |
| | */s/ Eric D. Lansverk*<br>HILLIS CLARK MARTIN & PETERSON P.S.<br>Eric D. Lansverk<br>999 Third Avenue, Suite 4600<br>Seattle, WA 98104<br>(206) 470-7634<br>eric.lansverk@hcmp.com |
| | Attorneys for Plaintiff<br>GUILD MORTGAGE COMPANY LLC |

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 13
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

279731264v.10

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Counsel for Defendant CrossCountry Mortgage LLC**:

| | |
|---|---|
| Benjamin J. Stone | Benjamin.Stone@lewisbrisbois.com |
| Brad Bigos | Brad.bigos@lewisbrisbois.com |
| Kylene R. Slocum | Kylene.Slocum@lewisbrisbois.com |
| John R. Conley | John.Conely@lewisbrisbois.com |
| | Tami.Foster@lewisbrisbois.com |
| | Hilton.Platt@lewisbrisbois.com |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 6th day of May, 2022 at Los Angeles, California.

*Leticia Espinoza*

PLAINTIFF GUILD MORTGAGE COMPANY'S
MOTION TO COMPEL DISCOVERY RESPONSES AND
RULE 30(b)(6) DEPOSITION - 14
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

279731264v.10