JUDGE JOHN C. COUGHENOUR
JUDGE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

GUILD MORTGAGE COMPANY LLC,

    Plaintiff,

vs.

CROSSCOUNTRY MORTGAGE LLC,

    Defendant.

Case No. 2:21-CV-01376-JCC-MLP

**PLAINTIFF, GUILD MORTGAGE COMPANY LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES AND RULE 30(b)(6) DEPOSITION**

**NOTED FOR CONSIDERATION: FRIDAY, MAY 27, 2022**

## I.   <u>INTRODUCTION</u>

The subject of this case is CCM's massive, coordinated theft of Guild's Kirkland Branch, including nearly all employees and an enormous amount of Guild's proprietary and confidential data.  CCM accomplished this scheme by conspiring with dozens of then-current Guild employees in coordination with a large number of CCM's personnel. The evidence is located not only in Guild's and CCM's respective documents, but in emails and text messages sent from these now ex-employees' and others' personal accounts and devices.  The record of harm done to Guild also encompasses CCM's subsequent use of Guild's proprietary information to unfairly compete with Guild since July 2021.  CCM's massive illegal conspiracy has caused Guild tens of millions of dollars of harm, and it is entitled to fulsome discovery into that illegal conspiracy, which CCM conducted in the shadows.

PLAINTIFF GUILD MORTGAGE COMPANY'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES AND RULE 30(b)(6) DEPOSITION - 1 USDC 2:21-cv-01376

281724467v.3

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

By mid-August Guild will be required to produce opening expert reports and submit any final discovery motions, which means that fact discovery into CCM's actions must be largely complete by the end of July.  Part of CCM's litigation strategy, in this case and others, is to delay discovery and to obfuscate the claims and defenses at issue with irrelevant allegations.  It should not be permitted to do so here.

CCM's opposition is largely based on the argument that it is working hard to comply with discovery, but because Guild's discovery is so burdensome it needs more time.  However, CCM makes no showing supported by evidence as to what the actual burden is in terms of time, volume of data, or cost, nor does its explain why exactly the discovery propounded by Guild is disproportionate to the needs of this large and important case.  That is because it cannot – Guild's discovery is reasonably tailored to uncover the key evidence needed to prove its claims and defeat CCM's defenses.  Even more glaringly, CCM still refuses to commit to a date certain on which it will comply with its outstanding discovery obligations.  Repeated overtures to cooperation are nothing of the sort if they function only as a smokescreen to prevent a party from obtaining the evidence to which it is entitled.  CCM should be ordered to finally comply with its discovery obligations by a date certain.

## II.    ARGUMENT

### A.  CCM should be ordered to produce its corporate representative for every 30(b)(6) deposition topic.

The Court should compel CCM to produce a 30(b)(6) deponent because CCM is not permitted to forestall producing a deposition witness until it unilaterally decides that it is satisfied with the state of its own ESI production. CCM asserts that it "cannot identify designees for proposed topics 5, 8, 11, and 12 because those topics are so fact driven that taking that testimony in advance of substantial completion of the ESI initiative robs CCM of the opportunity to educate the designee(s) and increases the substantial risk of creating waste." CCM Opp. ("Opp.") 11:10-13 (Dkt. No. 58). CCM cites no law in support of its position, and its position lacks merit.

First, as Guild has already made clear, a properly noticed deposition under Rule 30(b)(6) is a

PLAINTIFF GUILD MORTGAGE COMPANY'S REPLY
IN SUPPORT OF MOTION TO COMPEL DISCOVERY
RESPONSES AND RULE 30(b)(6) DEPOSITION - 2
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

1    requirement, not an option. *See* FRCP 30(b)(6) (an organization "**must** designate one or more

2    officers, directors, or . . . other persons who consent to testify on its behalf."). Second, a party in

3    litigation may take discovery in any sequence it chooses unless the Court orders otherwise or the

4    parties so stipulate. FRCP 26(d)(3)(A). Were this not the rule, discovery would be hopelessly

5    bogged down in endless wrangling over parties' arbitrary delays—as it is here now. Third, this Court

6    has already ruled in another matter that production pursuant to an agreed ESI protocol is distinct

7    from a party's other discovery obligations, and cannot be used as a basis to forestall legitimate

8    discovery requests. *See Albert v. Lab'y Corp. of Am*., 536 F. Supp. 3d 798, 800 (W.D. Wash. 2020).

9    This Court should not allow CCM to relieve itself of its responsibility to provide a validly noticed

10   deposition witness until it unilaterally decides it has produced an adequate number of documents.

11           Furthermore, even absent all of the above, CCM's claims that it cannot produce a witness on

12   the topics identified without a completed ESI search are baseless.  Guild served its notice of

13   deposition on April 1, nearly *two months ago*—that is more than enough time to collect the

14   necessary documents to prepare a witness. *See* Pesiri Decl. Ex. 21 (Dkt No. 53). The topics on which

15   CCM has refused to produce a deponent are addressed below, phrased as agreed between the parties:

16           Topic 5: [T]he receipt, maintenance, and use of any Documents or information received by

17   CCM from any Former Guild Employee or from Guild, related to prospective or actual borrowers or

18   prospective or actual loans during the period January 1, 2020 to the present." CCM knows which

19   employees came from Guild.  At CCM's request, those employees uploaded data that they

20   misappropriated from Guild into CCM's computer systems program and/or sent those documents to

21   their personal emails.  CCM is required to interview its employees, inspect its computer systems, and

22   prepare a witness to discuss how they have been used and maintained.  It cannot hide behind the

23   unstated date on which it will comply with its ESI protocol.

24           Topic 8: "All Communications and/or Documents provided to any Former Guild Employee

25   regarding what data related to customers, potential customers, or leads provided to CCM by

26   incoming employees may, or may not, be uploaded to CCM's computer systems."  CCM does not

27   need to perform an ESI protocol to offer a witness on this topic.  CCM had dedicated staff members

28   PLAINTIFF GUILD MORTGAGE COMPANY'S REPLY          SIDLEY AUSTIN LLP
     IN SUPPORT OF MOTION TO COMPEL DISCOVERY          555 W. 5th St., Suite 4000
     RESPONSES AND RULE 30(b)(6) DEPOSITION - 3        Los Angeles, CA  90013
     USDC 2:21-cv-01376

who were responsible for and worked closely with Guild's former employees to manage their hiring and transition to CCM. *See* Pesiri Decl. Ex. 16, CCM Responses to Guild's First Interrog. Nos. 1-2. These staff members and the former employees with whom they communicated are more than capable of providing information regarding what could be uploaded to CCM's systems, and what they told Guild's former employees in that regard, orally and in writing.

Topic 11: "All loan applications received, serviced, or otherwise processed by CCM involving loan applicants about whom any Former Guild Employee received any information while employed by Guild." CCM unquestionably has records of what loan information was imported to its systems by former Guild employees, on the basis of which it is capable of informing a deposition witness about which loans originated with former Guild customers.

Topic 12: "CCM's process for ascertaining, and actual understanding of, the contractual or other legal obligations that any or all Former Guild Employees owed to Guild." As described above, CCM had employees dedicated to managing this transition. It is clear they can provide information for a CR 30(b)(6) witness to testify to the processes according to which it was conducted.

**B. CCM has demonstrated that it will not comply with its obligation to produce documents or respond to interrogatories absent a Court order compelling it to do so.**

A court order is necessary to compel CCM to comply with its discovery obligations because CCM has repeatedly insisted that (1) it can continue to make waived objections instead of the substantive responses it agreed to provide as an express condition of the extension that Guild granted it, and (2) that it can continue to delay responses to Guild's requests for production based on the status of the parties' ESI protocol.

CCM contends that, despite the fact that it failed to either respond or object prior to the deadline for Guild's first set of requests for production, its objections are not waived because Guild later granted an extension. *See* Opp. at 9:23 ("the fact is, the extension was granted, and, so, the objections are timely."). CCM, ignores, however, the fact that it expressly agreed that it would provide substantive responses and not just objections to Guild's RFPs as a condition of that extension, and that it would produce all responsive documents by March 24. *See* Pesiri Decl. Ex. 8.

PLAINTIFF GUILD MORTGAGE COMPANY'S REPLY
IN SUPPORT OF MOTION TO COMPEL DISCOVERY
RESPONSES AND RULE 30(b)(6) DEPOSITION - 4
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

281724467v.3

Had CCM failed to agree to that condition, Guild would not have granted the requested extension. CCM should be held to its agreement now.[1] CCM should not be able to escape waiver based on false promises, with which it never complied.

Further, CCM continues to take the legally unsupportable position that it is relieved of its obligations to respond in discovery until it arrives at a level of ESI production that it considers satisfactory. As described above, however, this Court has already rejected that argument. Lastly, CCM's arguments concerning Guild's specific document requests are likewise meritless:

- <u>Interrogatory No. 7</u>: CCM does not provide an argument in its opposition and therefore has conceded this issue, and it should be ordered to fully respond without objection.

- <u>RFP1 No. 40</u>: CCM responded only "CCM does not understand what Guild wants." This request seeks production of the documents that CCM itself identified as relevant to this case in its initial disclosures. *See* Mot. 9:24-10:3. It is self-explanatory, CCM waived its objections, and the Court should order compliance.

- <u>RFP1 Nos. 36, 38, 39</u>: CCM asserts that the information sought by these requests is unrelated to the case because it "seeks communications with unrelated employees for a number of years." However, these document requests seek important information about CCM's recruiting practices. *See* Mot. at 9:18-23. CCM has waived its objections, and CCM fails to address Guild's argument in its opening brief as to why this information is relevant.

- <u>RFP2 Nos. 48, 50, and 51</u>: These documents generally pertain to CCM's plans for the branch it misappropriated from Guild, and financial information regarding same. CCM states that it has requested further explanation or discussion, but does not specify what discussion is necessary in addition to the many hours of prior meet and confers, or how it will advance the issue or why it should not be held to its prior agreement to comply by March 24.

- <u>RFP2 Nos. 47, 52, 54, 55</u>: Guild's motion set forth in detail why CCM's proposed disclosure was inadequate as to these requests, particularly as pertains to a damage analysis. *See* Mot. 10:12-21.

---

[1] *See Pinks v. M&T Bank Corp.*, 13-CV-1730 (LAK) (RLE), 2016 WL 1216813, at *4 (S.D.N.Y. Mar. 25, 2016). "To the extent that [p]arties enter into agreements on the best way to conduct discovery, courts should uphold and honor such agreements."

IN SUPPORT OF MOTION TO COMPEL DISCOVERY
RESPONSES AND RULE 30(b)(6) DEPOSITION - 5
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

281724467v.3

1    In response, CCM asserts that it proposed a "workable, reasonable, and sensible approach," and

2    that Guild responded with its "pattern of inflexibility and lack of cooperation."  These are

3    adjectives, not facts that will substantiate an argument, and as such fail to address any of Guild's

4    points, and CCM should be compelled to comply for the reasons set forth in Guild's motion.

5        Moreover, CCM's perfunctory assertion that Guild failed to meet and confer specifically

6    with regard to its *supplemental* responses prior to filing this motion is likewise meritless. *See* Opp.

7    11:24-25. As documented in detail both in Guild's motion and supporting declaration, by the time

8    Guild filed this motion it had spent more than six hours in meet and confer discussions on the RFPs

9    and interrogatories at issue, and sent numerous letters, during which calls Guild repeatedly expressed

10   its intent to file this motion if agreement was not reached.  See Pesiri Decl. ¶¶ 25, 27, 38 and Ex. 26.

11   The fact that CCM then served supplemental responses in full awareness that they did not address

12   Guild's concerns does not impose a renewed requirement to reiterate what CCM already knew—that

13   its responses were inadequate.

14       Lastly, CCM makes repeated assertions that the discovery Guild requested is unreasonable or

15   unduly burdensome.  If that is the case, CCM has every right to move for a protective order and

16   explain where and how that is so, or to otherwise provide admissible evidence supporting its

17   assertion.  *See Green v. Cosby*, 152 F. Supp. 3d 31, 36-37 (D. Mass. 2015) ("The party resisting

18   discovery bears the burden of showing that the subpoena imposes an undue burden, and it cannot

19   rely on a mere assertion that compliance would be burdensome and onerous without showing the

20   manner and extent of the burden and the injurious consequences of insisting upon compliance.").

21   CCM failed to meaningfully do so, and Guild's motion should be granted.

22                          **III.    CONCLUSION**

23       For the foregoing reasons and those stated in Guild's opening brief, Guild respectfully

24   submits that the Court grant this motion and order CCM to produce all documents and information

25   responsive to RFP1, RFP2, and the Interrogatories, without objection, within one week of entry of

26   order, and order CCM to produce a witness on all agreed Rule 30(b)(6) deposition topics within two

27   weeks of the order.

28   PLAINTIFF GUILD MORTGAGE COMPANY'S REPLY          SIDLEY AUSTIN LLP
     IN SUPPORT OF MOTION TO COMPEL DISCOVERY          555 W. 5th St., Suite 4000
     RESPONSES AND RULE 30(b)(6) DEPOSITION - 6        Los Angeles, CA  90013
     USDC 2:21-cv-01376

1    Date:  May 27, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIDLEY AUSTIN LLP

By:   */s/ Eric B. Schwartz*
    Chad S. Hummel (*Pro Hac Vice*)
    Eric B. Schwartz (*Pro Hac Vice*)
    555 W. 5th Street, Suite 4000
    Los Angeles, CA  90013
    (213) 896-6000
    eschwartz@sidley.com

*/s/ Eric D. Lansverk*
HILLIS CLARK MARTIN & PETERSON P.S.
Eric D. Lansverk
999 Third Avenue, Suite 4600
Seattle, WA 98104
(206) 470-7634
eric.lansverk@hcmp.com

Attorneys for Plaintiff
GUILD MORTGAGE COMPANY LLC

PLAINTIFF GUILD MORTGAGE COMPANY'S REPLY
IN SUPPORT OF MOTION TO COMPEL DISCOVERY
RESPONSES AND RULE 30(b)(6) DEPOSITION - 7
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

281724467v.3

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Counsel for Defendant CrossCountry Mortgage LLC**:

| | |
|---|---|
| Benjamin J. Stone | Benjamin.Stone@lewisbrisbois.com |
| Brad Bigos | Brad.bigos@lewisbrisbois.com |
| Kylene R. Slocum | Kylene.Slocum@lewisbrisbois.com |
| John R. Conley | John.Conley@lewisbrisbois.com |
| | Tami.Foster@lewisbrisbois.com |
| | Hilton.Platt@lewisbrisbois.com |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 27th day of MAY, 2022 at Los Angeles, California.

Leticia Espinoza

PLAINTIFF GUILD MORTGAGE COMPANY'S REPLY
IN SUPPORT OF MOTION TO COMPEL DISCOVERY
RESPONSES AND RULE 30(b)(6) DEPOSITION - 8
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

281724467v.3