1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    GUILD MORTGAGE CO. LLC,

9                          Plaintiff,              Case No. C21-1376-JCC-MLP

10          v.                                     ORDER

11   CROSSCOUNTRY MORTGAGE LLC,

12                         Defendant.

13

14          This matter comes before the Court on: (1) Plaintiff's Motion to Compel (dkt. # 52); (2)

15   Non-party Cory Flynn's Motion to Quash (dkt. # 55); (3) Non-party Lisa Jolliffe's Motion to

16   Quash (dkt. # 61); and (4) Non-party Christopher Jordan Flowers' Motion to Quash (dkt. # 65).

17   For the reasons previously stated on the record by the Court at the June 8, 2022 hearing (dkt.

18   # 80), the Court provides the following summary of its rulings:

19          (1)     Plaintiff's Motion to Compel (dkt. # 52) is GRANTED in part, and DENIED in

20   part, as follows:[1]

21                  a.      The Court RESERVES ruling on Plaintiff's Motion to Compel as to Fed. R.

22                          Civ. P. 30(b)(6) Deposition Topic Nos. 5, 8, 11, and 12. The parties are

23

     ---

     [1] At the hearing, Plaintiff withdrew its Motion to Compel as to Request for Production No. 40.

     ORDER - 1

ordered to work cooperatively to determine ESI searches that are reasonable and proportional to the needs of the case within **30 days** of the date of this Order, and to conduct the remaining Rule 30(b)(6) depositions within **45 days**.

b.   Plaintiff's Motion to Compel is GRANTED as to Requests for Production Nos. 24 and 37, clarified as set forth in the record during the hearing.

c.   Plaintiff's Motion to Compel as to Requests for Production Nos. 36, 38, and 39 is DENIED as overbroad and not proportional to the needs of the case. Plaintiff is permitted to propound more narrowly tailored requests.

d.   Plaintiff's Motion to Compel as to Requests for Production Nos. 48 and 50 is GRANTED. The Motion is further GRANTED as to Request for Production No. 51 unless the number of branches in Washington state is greater than ten, in which case the parties are ordered to work cooperatively together to narrow the request.

e.   Plaintiff's Motion to Compel as to Request for Production No. 47 is GRANTED.

f.   Plaintiff's Motion to Compel as to Requests for Production Nos. 52, 54, and 55 are RESERVED until Defendants have produced the list of borrows or potential borrows as discussed at the hearing. Once the list is produced, the parties shall confer as to whether underlying loan documents will be produced.

g.   Defendant shall make the above-noted supplements to their responsive production within **seven (7) days** of the date of this Order.

h.      Plaintiff's Motion to Compel is DENIED as to Interrogatory No. 7.

(2)      Non-party movants' Motions to Quash (dkt. ## 55, 61, 65) are DENIED. As discussed at the hearing, "[d]iscovery that is relevant to pending litigation is not barred merely because it is relevant to an arbitration proceeding." *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, 2011 WL 1838884, at *3 (E.D. La. May 13, 2011); *see also INTL FCStone Fin., Inc.*, 2021 WL 1540528, at *3 (E.D. Tex. Apr. 20, 2021) ("None of these cases states—or even suggests—that a court should quash a subpoena because the deponent and some of the parties are involved in a separate arbitration proceeding."); *Major, Lindsey & Afr., LLC v. Mahn*, 2010 WL 3959609, at *4 (S.D.N.Y. Sept. 7, 2010) ("The fact that discovery in this action may prove useful in connection with the arbitration, which is subject to its own special discovery rules, is of no moment."). The non-party movants and Plaintiff are ordered to meet and confer in order to narrow the scope of Plaintiff's requests to ensure they are not overbroad or overly burdensome.

(3)      Prior to the parties' or non-parties' filing of any additional discovery motions—or should any of the above-referenced matters remain unresolved after the meet and conferral—the Court ORDERS the parties to proceed as follows:

a.      The parties must first engage in a meet and confer conference.

b.      If the conference does not resolve the dispute, then the party seeking a future discovery motion shall email Mr. Farrell and opposing counsel requesting a telephonic hearing.

c.      The Court will schedule a telephonic hearing and request two-page letter briefs explaining the dispute or advise the moving party to file a motion.

1

2

(4)     The Court sets a status conference for **July 11, 2022, at 10:30 a.m.**, to be conducted on Zoom.

3

4

The Clerk is directed to send copies of this Order to the parties, to the non-party movants, and to the Honorable John C. Coughenour.

5

Dated this 8th day of June, 2022.

6

7

MICHELLE L. PETERSON
United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 4