

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013

+1 213 896 6162
ESCHWARTZ@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

July 14, 2022

Hon. Michelle L. Peterson
United States Courthouse
700 Stewart Street, Suite 12232
Seattle, WA 98101-9906

    Re:    Discovery Dispute Regarding Discovery Relating to "Teams" Hired by Plaintiff Guild in *Guild Mortgage Company LLC v. CrossCountry Mortgage, LLC* USDC WDWA Case No. 2:21-CV-01376-JCC-MLP

To Hon. Michelle L. Peterson:

    Pursuant to this Court's June 8, 2022 Order, Paragraph 3, plaintiff Guild Mortgage Company LLC ("Guild") submits this letter brief regarding defendant CrossCountry Mortgage's ("CCM") discovery requests designed to fish for evidence that CCM's premeditated theft of information is somehow excused if Guild did it too, or that CCM's actions are par for the course in the mortgage industry, and that "everybody does it."  This Court previously denied CCM's request to add a counterclaim based on similarly unrelated conduct, noting the likelihood that it was filed for the same improper purpose.  Dkt. 51 at 5.  CCM now seeks documents, information, identities, and testimony from a corporate representative related to any hiring by Guild *nationwide* in the last *three years* of two or more individuals who previously worked at the same employer.[1]  The Court should reject this request because (1) it is massively burdensome and will devolve into a series of sub-trials, (2) the requested evidence is not relevant to this litigation, (3) industry standards are appropriately established by expert testimony, (4) CCM cites no authority where such a standard has been established by discovery into an opposing party, and (5) to do so here would contradict CCM's own cited authority.

    CCM's effort to drag Guild's interactions with an unknown number of third parties into evidence in this litigation will require a series of separate sub-trials.  Even if Guild had previously recruited a "Team"—and Guild is uncertain as to how it would even search for this in its records—in order to compare CCM's wrongful conduct to any aspect of Guild's hypothetical recruitment in a manner that would allow a jury to draw a conclusion, CCM would need to examine: each employee's contracts with their pre-Guild employer; the obligations under those contracts; the law that governed those contracts; each employee's contract with Guild; the details of what information (if any) was taken to Guild at the time; whether Guild ever received any such information; and all interactions with a prior employer seeking to prevent that information's use.  If any such information even exists, the parties will be at odds over what is admissible and how it can be characterized, swamping this litigation in evidentiary disputes over activity in potentially different jurisdictions governed by unrelated law.

    CCM claims this discovery is necessary to establish that the type of theft at issue here is in accordance with an industry standard in the mortgage profession.  It correctly notes that

---

[1] CCM has defined this in its discovery requests as "Teams" (ROG 18, 19; RFP 31, 30(b)(6) Topics 1 – 3).

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

282571665v.7

# SIDLEY

Page 2

evidence of a single business is insufficient to establish such a standard under Washington law.[2] CCM therefore concludes that, whatever the impact to this litigation, its discovery must proceed because "there is no other way to compile the necessary information to rebut Guild's assertions."

CCM's arguments fail. The law is clear in both the Ninth Circuit and the State of Washington that industry practice is appropriately established by expert testimony. *See Davis v. Mason County*, 927 F.2d 1473, 1484-85 (9th Cir. 1991) ("[Federal Rule of Evidence] 702 permits expert testimony comparing conduct of parties to the industry standard."); *Ponce v. Mountaineers*, 190 Wash. App. 1048 at *12-13 (2015) ("The trial court found [Defendants' expert] 'incredibly well qualified to opine regarding, 'the way everyone does it.'"").[3] CCM, by contrast, cites to no case in which a court has authorized any discovery—let alone the sweeping discovery sought here—into an opposing party for the purpose of establishing an industry standard. This is likely because the argument makes no sense. CCM states simultaneously that a single example is insufficient, yet also seeks to establish such a standard with a single company—Guild. This is what the court prohibited in CCM's own cited case, *Miller v. Stanton*, where the plaintiff sought to admit the conduct of <u>one other entity besides the defendant</u> to establish an "industry standard" with reference to the defendant's actions.[4] The reason for CCM's seemingly inexplicable position is clear: it does not want to establish an industry standard—it wants to smear Guild with unrelated conduct.

CCM likewise seeks any communications in the last *three years* from *any former employer or any current or former Guild employee* alleging or asserting confidential information was taken and used for Guild's benefit, or that restrictive covenants, contractual duties, or fiduciary duties had been breached for Guild's benefit (CCM RFP 21, 22). Guild's conduct, however, is not on trial in this case or alleged in CCM's answer. These requests are a baseless fishing expedition for irrelevant evidence and should be rejected.

Guild should not be required to respond further to CCM's above discovery requests.

Very truly yours,

Eric B. Schwartz

---

[2] *Welborn v. Snohomish Cnty.*, No. 2:19-cv-00355-RAJ, 2020 WL 1904060 at *5 (W.D. Wash. Apr. 17, 2020) (custom may be shown by proving the "existence of a widespread practice that … is so permanent and well settled as to constitute custom or usage with the force of law.").
[3] Unpublished opinion, cited as persuasive authority in accordance with WA GR 14.1.
[4] *Miller v. Staton*, 58 Wash. 2d 879, 885, 365 P.2d 333, 336 (1961).