UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE CO. LLC, <br><br> Plaintiff, <br><br> v. <br><br> CROSSCOUNTRY MORTGAGE LLC, <br><br> Defendant. | Case No. C21-1376-JCC-MLP <br><br> ORDER |

This matter is before the Court on Defendant CrossCountry Mortgage LLC's ("CrossCountry") letter motion to compel discovery related to Plaintiff Guild Mortgage Co. LLC's ("Guild") recruitment practices ("Defendant's Motion"). (Def.'s Mot. (dkt. # 87).) Guild filed a letter in response ("Plaintiff's Response"). (Pl.'s Resp. (dkt. # 89).) The Court heard oral argument on July 14, 2022. (Dkt. # 90.) Having considered the parties' submissions, oral argument, the governing law, and the balance of the record, the Court DENIES Defendant's Motion (dkt. # 87).

Guild asserts claims, including tortious interference with business expectancy and with contractual relationships, alleging that CrossCountry "violated established standards within the mortgage profession . . . by appropriating . . . confidential information and client relationships"

ORDER - 1

when it hired dozens of employees from Guild's Kirkland, Washington branch in July 2021. (Compl. (dkt. # 1) at ¶¶ 84, 95.) CrossCountry contends Guild has thus put industry standards for recruitment of loan originators at issue. According to Guild, CrossCountry seeks discovery "related to any hiring by Guild *nationwide* in the last *three years* of two or more individuals who previously worked at the same employer." (Pl.'s Resp. at 1 (citing Def.'s Interrogs. 18, 19; Def.'s Request for Production 31; Def.'s Fed. R. Civ. P. 30(b)(6) topics 1-3).) CrossCountry contends it seeks discovery on Guild's practices of "accepting referral source and borrower data from new hires, hiring branches as groups, and discussing the potential group move with the group," arguing it would "present the jury with evidence of industry standards as demonstrated by Guild's *actual conduct*."[1] (Def.'s Mot. at 2.)

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Here, CrossCountry fails to show that the discovery it seeks is relevant and proportional to the needs of the case.

Expert testimony is a well-accepted way to establish industry standards. *See, e.g.*, *Ponce v. Mountaineers*, 2015 WL 6684507, *7, 13-14 (Wash. App. 2015) (affirming where the trial court permitted testimony by "an expert who is incredibly qualified to opine regarding, 'the way everyone does it'"); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1485 (9th Cir. 1991) ("Fed. R. Evid. 702 permits expert testimony comparing conduct of parties to the industry standard."). At oral argument, both parties indicated that Guild is expected to introduce expert testimony on industry standards. CrossCountry, however, proposes to rebut Guild's expert on the industry standards

---

[1] At oral argument, CrossCountry was adamant that it is not seeking to simply tar Guild with the same brush by accusing Guild of the very conduct Guild alleges CrossCountry engaged in. Rather, CrossCountry contends that Guild's own conduct is not consistent with what it alleges is the industry standard and CrossCountry seeks evidence to support this position.

ORDER - 2

with evidence from two businesses: itself and Guild. Under Washington law, while "the usual conduct or general custom of others under similar circumstances is relevant and admissible, such custom may not be established by evidence of conduct of single persons or businesses." *Miller v. Staton*, 58 Wash.2d 879, 885 (1961). Conduct of two businesses is generally not sufficient either. *See Ponce*, 2015 WL 6684507 at *3 ("The fact that one business or person (other than a party to the case) follows a certain practice may not rise to the level of a standard or custom, and may not be admissible under the instant rule.") (quoting 5 Karl B. Tegland, Wash. Prac.: Evid. Law and Prac. § 402.18, at 328 (5th ed. 2007)). In an industry involving likely hundreds or thousands of companies nationwide, with no indication that these two companies represent a substantial portion of the market, CrossCountry fails to show that discovery into Guild's practices is relevant to establishing industry standards. The discovery sought is thus not relevant to any party's claim or defense.

CrossCountry cites *ExxonMobil Oil Corp. v. S. Cal. Edison Co.*, 2014 WL 12629698 (C.D. Cal. Apr. 3, 2014). (Def.'s Mot. at 2.) In that case, to support its "comparative negligence" affirmative defense, the defendant electrical company sought discovery regarding whether plaintiff Exxon's other six oil refineries had taken measures to ameliorate transient electrical events. *ExxonMobil Oil Corp.*, 2014 WL 12629698 at *3. The court noted that, "while a party's own internal practices alone are not sufficient to demonstrate the standard of care or industry standards, they are nevertheless relevant under Rule 26(b)(1)[,]" particularly in light of "Exxon's significant position in the industry[.]" *Id*. The court remanded for consideration of whether the requests were unduly burdensome. *Id.* at *4.

Here, although CrossCountry asserts that Guild is bigger than CrossCountry, nothing in the record indicates that Guild is a predominant player in the mortgage industry. Every business

ORDER - 3

1  within an industry has some theoretical relevance to that industry's standards, but CrossCountry
2  fails to show that Guild's conduct has any practical relevance to determining industry standards.
3       Moreover, even assuming the discovery sought is relevant, permitting it would risk this
4  action devolving into a trial-within-a-trial over whether Guild's conduct is similar to
5  CrossCountry's conduct, whether either or both companies' conduct represents industry
6  standards, or even whether specific instances of Guild's conduct violate industry standards.
7  Guild's conduct is not at issue in this action. The Court concludes that the discovery requests
8  CrossCountry has propounded seek discovery that is not proportional to the needs of this case.
9       Accordingly, Defendant's Motion (dkt. # 87) is DENIED. The Clerk is directed to send
10 copies of this order to the parties and to the Honorable John C. Coughenour.
11      Dated this 18th day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4