Judge John C. Coughenour
Judge Michelle L. Peterson

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>    Defendant. | No. 2:21-cv-01376-JCC-MLP<br><br>**DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>**NOTE ON MOTION CALENDAR**<br>Date: August 12, 2022 |

I. LCR 5 CERTIFICATION

In accordance with Local Rule 5(g)(3)(A), counsel for Defendant CrossCountry Mortgage, LLC, ("CrossCountry") certifies that they have conferred with Plaintiff's counsel in an attempt to reach agreement on the need to file under seal certain exhibits supporting CrossCountry's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"), to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal. Defendant's counsel, John Conley and Michael Platt, conferred with Plaintiff's counsel, Renee Pesiri and Eric Schwartz, by telephone and email, on July 22, 2022.

II. MOTION

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, and Local Rule 5(g), CrossCountry applies to the Court for an order authorizing it to file two documents under seal. These documents are Exhibits G and H to the Declaration of Michael A. Platt in Support of

DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL - 1
USDC 2:21-cv-01376-JCC-MLP

4871-2555-6523.14884-4236-9539.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

CrossCountry's Motion to Dismiss, described as follows:

- Exhibit G: Relevant Excerpt of the Limited Liability Company Agreement of Radcliff CCM I LLC, dated as of October 2, 2019; and

- Exhibit H: Relevant Excerpt of the Limited Liability Agreement of the Tier 2 LLC Member (as defined in the Motion to Dismiss), dated as of October 2, 2019.

### III. POINTS AND AUTHORITIES

Plaintiff filed this lawsuit directly in the District Court for the Western District of Washington, relying exclusively on diversity jurisdiction. But complete diversity between the parties does not exist. As such, CrossCountry intends to file a Motion to Dismiss for lack of subject matter jurisdiction.

CrossCountry's Motion to Dimiss will be supported by numerous documents which support CrossCountry's contentions regarding parties' citizenship. Two of these documents are excerpts taken from confidential agreements that contain sensitive, non-public information related to a non-party to this case. Further, none of the information contained within these two documents is related in any way to the merits of this case. Accordingly, to protect the financial privacy of certain non-parties to this case, CrossCountry requests an order authorizing it to file the two documents under seal. The Motion to Dismiss is being filed immediately after the instant motion.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id*. Consequently, a party seeking to seal a judicial record bears the burden of overcoming this presumption. *Id*. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the … release trade secrets." *Id.* at 1179; *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 U.S. Dist. LEXIS 49664, at *18 (D. Nev. Apr. 29, 2011) (stating compelling reasons may exist to seal business agreements because "possible infringement of trade secrets outweighs the general public interest in understanding the judicial process.").

DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL - 2
USDC 2:21-cv-01376-JCC-MLP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4871-2555-6523.14884-4236-9539.1

Despite the preference for public access, the Ninth Circuit has carved out an exception for sealed materials unrelated to the merits of a case. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations ommitted); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002). Under this exception, a party need only satisfy the less exacting "good cause" standard. *Chrysler Grp.,* 809 F.3d at 1097. The "good cause" language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process. A different standard also applies to "'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). In the case of a motion that is "unrelated, or only tangentially related, to the underlying cause of action," the public's "interest in accessing dispositive materials does 'not apply with equal force." *See id*. (internal quotations ommitted). It is within the court's discretion whether to seal documents. *Id*. at 679.

The private interests present here warrant filing these two documents under seal. These agreements contain private, non-public, sensivite information of entities who are not parties to this lawsuit. These documents are totally unrelated to the merits of Plaintiff's allegations in this case, and they have not been produced in discovery between the parties. These documents are only necessary to submit in support of Defendant's Motion to Dismiss to establish the citizenship of the parties.

Injury will result if these documents are not sealed, because sensitive, non-public organizational information will be revealed publicly, invading the privacy of the non-party entities, without any need for that information for purposes of reaching the merits of this lawsuit. There is no less restrictive alternative to sealing the documents because the Court must have the ability to determine the correct citizenship of the parties involved, which would not be possible if the documents in question were more fully redacted.

DEFENDANT'S MOTION FOR LEAVE TO FILE
UNDER SEAL - 3
USDC 2:21-cv-01376-JCC-MLP

4871-2555-6523.14884-4236-9539.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

## IV.  CONCLUSION

Accordingly, CrossCountry requests that this Court permit the filing of Exhibits G and H to the Declaration of Michael Platt under seal.

DATED: July 22, 2022    LEWIS BRISBOIS BISGAARD & SMITH LLP

*s/Benjamin J. Stone*
Benjamin J. Stone, WSBA #33436

*s/Brad Bigos*
Brad Bigos, WSBA #52297

*s/Kylene Slocum*
Kylene Slocum, WSBA #58600

*s/John R. Conley*
John R. Conley, Pro Hac Vice

1111 Third Avenue, Suite 2700
Seattle, Washington 98101
(206) 436-2020 / (206)436-2030 Fax
Benjamin.Stone@lewisbrisbois.com
Brad.Bigos@lewisbrisbois.com
Kylene.Slocum@lewisbrisbois.com
John.Conley@lewisbrisbois.com
Attorneys for Defendant CROSSCOUNTRY MORTGAGE LLC

*s/Michael A. Platt*
Michael A. Platt, Pro Hac Vice

JONES DAY® - One Firm Worldwide℠
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-7221
maplatt@jonesday.com
Attorneys for Defendant CROSSCOUNTRY MORTGAGE LLC

DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL - 4
USDC 2:21-cv-01376-JCC-MLP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4871-2555-6523.14884-4236-9539.1

# DECLARATION OF SERVICE

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Counsel for Plaintiff Guild Mortgage Company LLC**

| | |
|---|---|
| Eric D. Lansverk | eric.lansverk@hcmp.com |
| | carol.cannon@hcmp.com |
| | |
| Chad S. Hummel (Pro Hac Vice) | chummel@sidley.com |
| Eric B. Schwartz (Pro Hac Vice) | eschwartz@sidley.com |
| Renee Pesiro (Pro Hac Vice) | rpesiri@sidley.com |
| | lespinoza@sidley.com |
| | lruiz@sidley.com |
| | laefilingnotice@sidley.com |

Dated: July 22, 2022 at Seattle, Washington.

*s/Tami L. Foster*
Tami L. Foster, Legal Secretary
Tami.Foster@lewisbrisbois.com

DEFENDANT'S MOTION FOR LEAVE TO FILE
UNDER SEAL - 5
USDC 2:21-cv-01376-JCC-MLP

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4871-2555-6523.14884-4236-9539.1