**Judge John C. Coughenour**
**Judge Michelle L. Peterson**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>Defendant. | Case No. 2:21-CV-01376-JCC-MLP<br><br>**DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>NOTE ON MOTION CALENDAR:<br>September 2, 2022 |

Defendant CrossCountry Mortgage, LLC ("CrossCountry") moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss this action commenced by Plaintiff Guild Mortgage Company, LLC ("Guild"), in its entirety, because there is no diversity of citizenship and the Court therefore lacks subject matter jurisdiction. In support of its renewed motion to dismiss, CrossCountry states as follows.[1]

---

[1] The sole purpose of withdrawing CrossCountry's original Motion to Dismiss, which was filed on July 22, 2022 (ECF No. 96), and filing this renewed Motion to Dismiss is to modify the individual among CrossCountry's upstream LLC members whose citizenship in California precludes the existence of diversity jurisdiction in this action. Those modifications are reflected in the final paragraph of the Background section hereof. Otherwise, the legal grounds for this renewed Motion to Dismiss remain the same as the original Motion to Dismiss.

DEFENDANT CROSSCOUNTRY MORTGAGE,
LLC'S RENEWED MOTION TO DISMISS THE
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION, 2:21-CV-01376-JCC-MLP

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
*Telephone:  9216) 586-3939*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

# INTRODUCTION

A threshold question in every case in federal court is whether the Court has subject matter jurisdiction. It is well established that subject matter jurisdiction cannot be waived, forfeited, or consented to by the parties, and the Court has "a continuing, independent obligation to determine whether subject matter jurisdiction exists," even when the parties themselves do not raise the issue. *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013). Indeed, "it is to be *presumed* that a cause lies *outside* [the court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added). Under Rule 12(h)(3), the Court's lack of subject matter jurisdiction may be raised "at any time" during litigation, and if such jurisdiction is lacking, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3). That is precisely the case here.

Although this action has been pending for nearly ten months, the Complaint never sufficiently alleged subject matter jurisdiction, and CrossCountry just recently learned that such jurisdiction does not exist. The only basis for subject matter jurisdiction in this action is diversity jurisdiction under 28 U.S.C. § 1332. (*See* Compl. ¶ 11.) As the Court is aware, diversity of citizenship requires that each plaintiff be completely diverse from each defendant, meaning that each plaintiff must be a citizen of a different state from each defendant. Further, where, as here, a litigant is a limited liability company ("LLC"), its citizenship for diversity purposes depends on the citizenship of its members, because an LLC is a citizen of each state of which its members are citizens. Likewise, where one or more members of an LLC litigant are themselves LLCs, the determination of the litigant's citizenship requires an upstream analysis of the citizenship of the

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

2

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

members of the various upstream LLCs. In this case, such an analysis shows that Guild and CrossCountry do not have complete diversity of citizenship.

As demonstrated below, Guild—which is an LLC—is a citizen of Delaware and California, because the sole member of Guild is a Delaware corporation with its principal place of business in California. CrossCountry—also an LLC—has a member that is an LLC, which itself has a member that is an LLC, which has a member that is also an LLC, which has a member that is an LLC, which has a member who is a citizen of California. And both Guild's and CrossCountry's citizenship in California existed since before Guild filed this action on October 8, 2021. Accordingly, at all times during this action, Guild and CrossCountry have both had citizenship in California. Guild and CrossCountry therefore do not have diversity of citizenship, and this Court has never possessed subject matter jurisdiction over this case.

For these reasons, controlling law requires this action to be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

## BACKGROUND

**A.   The Complaint's Assertion of Subject Matter Jurisdiction**

Guild's effort to plead subject matter jurisdiction in this case relies solely on diversity jurisdiction under 28 U.S. C. § 1332. (Compl. ¶ 11.) According to the Complaint, "Guild is a limited-liability corporation organized and existing under the laws of California, with its principal place of business in San Diego, California," and "Guild's sole member is a Delaware corporation named Guild Holding Company." (*Id.* ¶ 4.) As to CrossCountry, the Complaint alleges that it "is a limited-liability corporation founded in 2003 and organized and existing under the laws of Delaware," with a "principal place of business in Brecksville, Ohio." (*Id.* ¶ 7.) Guild further

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

3

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

alleges that "[u]pon information and belief based on public filings, CrossCountry's members are citizens of Ohio." (*Id.*)

Based on these allegations, the Complaint purports that "[t]his Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) because (1) Plaintiff's [*i.e.*, Guild's] sole member is a citizen of Delaware and, upon information and belief based on public filings, Defendant's [*i.e.*, CrossCountry's] members are citizens of Ohio[.]" (*Id.* ¶ 11.) The Complaint does not account for the fact that CrossCountry's members include an unincorporated association. The Complaint also does not—and cannot—allege that Guild is *solely* a citizen of Delaware, or that CrossCountry is *solely* a citizen of Ohio. And in fact, as discussed below, both Guild and CrossCountry also are citizens of California.

**B.     Facts Regarding Guild's Citizenship**

Although the Complaint refers to Guild as a "limited-liability corporation" (*id.* ¶ 4), it is not a corporation. Rather, according to its SEC filings (and its own name, "Guild Mortgage Company ***LLC***"), Guild is a limited liability company organized under California law. (Guild Holding Company (NYSE: GHLD), SEC Form 10-Q at 2, 8, & Ex. 10.1, filed May 9, 2022, excerpts attached as Exhibit A to the Declaration of Michael A. Platt ("Platt Decl.").)[2] As the Complaint alleges, Guild's sole member is a publicly-traded corporation named Guild Holdings Company, which is organized under Delaware law. (Compl. ¶ 4; *accord* Guild Holdings Company, SEC Form 10-Q at cover, filed May 9, 2022 (identifying Delaware as the "[s]tate or other jurisdiction of incorporation or organization" of Guild Holdings Company).) Guild Holdings

---

[2] "Judicial notice of SEC filings is appropriate because they are matters of public record and are 'capable of accurate and ready determination.'" *In re Coinstar Inc. S'holder Derivative Litig.*, No. C11-133 MJP, 2011 WL 5553778, at *2 (W.D. Wn. Nov. 14, 2011) (quoting Fed. R. Evid. 201(b)).

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

4

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

Company's principal place of business is in San Diego, California.  (Guild Holdings Company, SEC Form 10-Q at cover, filed May 9, 2022 (noting that the "principal executive offices" of Guild Holdings Company is "5887 Copley Drive, San Diego, California"); *see also* Compl. ¶ 4.)  Those same facts existed at the time Guild filed the Complaint.  (*See, e.g.*, Guild Holdings Company, SEC Form 10-Q at cover, 70, filed August 13, 2021, excerpts attached as Platt Decl. Exhibit B.)

      **C.**      **Facts Regarding CrossCountry's Citizenship**

The Complaint mistakenly refers to CrossCountry as a "limited-liability corporation."  (Compl. ¶ 7.)  CrossCountry is not a corporation but rather a limited liability company organized in Delaware.  (*See* Official Website of the Delaware Department, Entity Details for CrossCountry Mortgage, LLC, attached as Platt Decl. Exhibit C.)  Further, as its organizational documents show, since the filing of this action on October 8, 2021, CrossCountry has had a member that is itself a limited liability company.  As of October 8, 2021, CrossCountry had two members, one of which is a Delaware limited liability company named Radcliff CCM I LLC, and the other a corporation named CrossCountry Holding Corp.  (Excerpt of the Amended and Restated Limited Liability Company Agreement of CrossCountry Mortgage, LLC, dated as of October 2, 2019, attached as Platt Decl. Exhibit D.)  More recently, CrossCountry inserted an additional LLC into its organizational structure, so that as of June 6, 2022, CrossCountry's sole member is a Delaware limited liability company named CrossCountry Holdco, LLC, and the two members of CrossCountry Holdco, LLC are Radcliff CCM I LLC and CrossCountry Holding Corp.  (*See* Excerpt of the Second Amended and Restated Limited Liability Company Agreement of CrossCountry Mortgage, LLC, dated as of June 6, 2022, attached as Platt Decl. Exhibit E; Excerpt of the Amended and Restated Limited Liability Company Agreement of CrossCountry Holdco,

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

5

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

LLC, dated as of June 6, 2022, attached as Platt Decl. Exhibit F.)  At all relevant times, therefore, Radcliff CCM I LLC has either been a member of CrossCountry or a member of CrossCountry's member.

Radcliff CCM I LLC, in turn, has a member that is a Delaware limited liability company (the "Tier 2 LLC Member").  (Excerpt of Limited Liability Company Agreement of Radcliff CCM I LLC Operating Agreement, dated as of October 2, 2019, attached as Platt Decl. Exhibit G.)  The Tier 2 LLC Member has its own members, one of which is a Delaware limited liability company (the "Tier 3 LLC Member").  (*See* Excerpt of the Limited Liability Agreement of the Tier 2 LLC Member, dated as of October 2, 2019, attached as Platt Decl. Exhibit H.)  The Tier 3 LLC Member has its own members, one of whom is a natural person who is a citizen of California (the "Natural Person").  (*See* Excerpt of the Operating Agreement of the Tier 3 LLC Member, dated as of October 20, 2014, attached as Platt Decl. Exhibit I.)  The Natural Person has been a citizen of California since before the commencement of this action.  (*See* Declaration of the Natural Person, attached as Platt Decl. Exhibit J.)[3]

**ARGUMENT**

**I.    This Action Must Be Dismissed Because of a Lack of Subject Matter Jurisdiction.**

"Motions to dismiss brought under Rule 12(b)(1) may challenge jurisdiction factually by disputing 'the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction,' or facially by asserting that 'allegations in the complaint are insufficient on their face to invoke federal jurisdiction.'"  *Harper v. Toyota*, No. C22-5065 BHS, 2022 WL 1136766, at *1

---

[3] Because Radcliff CCM I LLC and its members and upstream members are third parties whose organizational documents or identity (in the case of the Natural Person) are non-public, sensitive, and confidential, CrossCountry is simultaneously herewith moving for leave to allow CrossCountry to file under seal Exhibits G through J to the accompanying Declaration of Michael A. Platt.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

6

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

(W.D. Wn. Apr. 18, 2022) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). For a factual challenge, "[w]hen determining the existence of subject matter jurisdiction, 'the district court is not confined by the facts contained in the four corners of the complaint—it may consider other facts and need not assume the truthfulness of the complaint.'" *Kuhlmann v. Sabal Fin. Grp. LP*, 26 F. Supp. 3d 1040, 1047 (W.D. Wn. 2014) (quoting *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n. 4 (9th Cir. 2006) (alterations omitted).

Under Rule 12(h)(3), a motion to dismiss for lack of subject matter jurisdiction may be brought at any time throughout the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added). Rule 12(h)(3) reflects the axiomatic principle that this Court "is a court of limited jurisdiction," and "[i]t possesses only that power authorized by the Constitution and statute." *Varney v. Air & Liquid Sys. Corp.*, No. C17-1902JLR, 2018 WL 656028, at *3 (W.D. Wn. Feb. 1, 2018) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Such rules *can never be waived or forfeited*, courts are obligated to raise them *sua sponte* if the parties fail to do so, and if subject matter jurisdiction is found lacking at any stage of litigation, the suit must be dismissed (sometimes at considerable cost to the parties and the court)." *United States v. Bastide-Hernandez*, No. 19-30006, --- F.4th ----, 2022 WL 2662044, at *3 (9th Cir. July 11, 2022) (emphasis added); *accord Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) ("Subject matter jurisdiction can *never be forfeited or waived*, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists.") (emphasis added); *Yim v. City of Seattle*, No. C18-0736-JCC, 2021 WL 2805377, at *4 n. 7 (W.D. Wn. July 6, 2021) (noting that the parties' "'consent cannot confer on federal courts subject-matter

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

7

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

jurisdiction beyond the limitations imposed by Article III, § 2'") (quoting *Commodity Future Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986)). Instead, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).[4]

For these reasons, the Court "cannot gloss over the existence of subject matter jurisdiction." *Varney*, 2018 WL 656028, at *3. "Indeed, the Supreme Court instructs that 'it is to be *presumed* that a cause lies *outside* the court's limited jurisdiction,' and 'the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Id.* (quoting *Kokkonen*, 511 U.S. at 377 (1994)) (emphasis added and alterations omitted). That burden rests with Guild.

In this case, the Complaint's only purported ground for claiming subject matter jurisdiction is "under 28 U.S.C. 1332 (diversity jurisdiction)." (Compl. ¶ 11.) It is well established that "[t]his provision requires complete diversity of citizenship between the parties." *Varney*, 2018 WL 656028, at *1. "'That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Id.* (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in original).

"'In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity.'" *Burgess v. Buddy's Nw., LLC*, No. C15-5785 BHS, 2016 WL 6650999, at *1 (W.D. Wn. Nov. 10, 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). "[A] court assessing diversity jurisdiction in a proceeding involving a

---

[4] CrossCountry recognizes that this action has been pending for nearly ten months, but only recently learned of the jurisdictional defect at issue, and is filing this Motion promptly after becoming aware of it. In any event, as discussed above, the passage of time is irrelevant in determining whether to dismiss an action for lack of subject matter jurisdiction.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

8

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

limited liability company must consider the citizenship of all members of the limited liability company." *Varney*, 2018 WL 656028, at *1.  That is because "an LLC is a citizen of *every* state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899 (emphasis added).  Further, "if the members of a limited liability company are in turn also limited liability companies, Plaintiffs must allege the citizenship of those entities as well by identifying the citizenship of their members." *Varney*, 2018 WL 656028, at *1 (citing *Johnson*, 437 F.3d at 899); *accord Burgess*, 2016 WL 6650999, at *1 ("When the members of limited liability companies are themselves limited liability companies or partnerships, courts have adopted a complete upstream analysis of LLC's organizational structure.") (internal quotations omitted).  In conducting that upstream analysis, the Ninth Circuit has explained that, "for purposes of diversity jurisdiction, a trust has the citizenship of its trustees, an unincorporated association has the citizenship of its members, and a corporation is deemed a citizen of any state of incorporation and of the state where it has its principal place of business." *Boren Found. v. HHH Inv. Tr.*, 295 F. App'x 151, 152 (9th Cir. 2008) (citing *Johnson*, 437 F.3d at 899).

Applying these principles, the Complaint is insufficient on its face to establish diversity jurisdiction.  The Complaint alludes to the fact that both Guild and CrossCountry are LLCs, and that CrossCountry has multiple members.  (Compl. ¶¶ 4, 7.)  The Complaint further alleges that Guild's "sole member is a citizen of Delaware" and that CrossCountry's "members are citizens of Ohio."  (*Id.* ¶ 11.)  Yet the Complaint nowhere tries to allege—and it cannot do so—that Guild's sole member is *only* a citizen of Delaware, or that all of CrossCountry's members are *only* citizens of Ohio.  (*See id.* ¶¶ 4, 7, 11.)  Indeed, the Complaint fails to aver the complete citizenship of both Guild itself and CrossCountry.  As to Guild, the Complaint fails to note that, because Guild's sole

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

9

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

member, Guild Holdings Company, is a Delaware corporation with its principal place of business in California (*supra* p. 4), it is a citizen not only of Delaware but also of California. As to CrossCountry, the Complaint does not try to aver whether any of CrossCountry's members are citizens of any states in addition to Ohio, let alone try to aver any facts about the citizenship of the member of CrossCountry that is also an LLC. Accordingly, the face of the Complaint fails to establish diversity jurisdiction. *See Varney*, 2018 WL 656028, at *2-3 (W.D. Wn.) (ruling that the plaintiffs failed to establish subject matter jurisdiction because they "have not established the citizenship of [one of the defendants], a limited liability company," because "they provide no information concerning [that defendant]'s members"); *Burgess*, 2016 WL 6650999, at *1-2 (W.D. Wn.) (ruling that the removing defendants "have failed to establish subject matter jurisdiction" because they "do not state the citizenship of the members of [one of the defendants] nor any upstream limited liability companies or partnerships," and "[t]herefore, the Court cannot determine Defendants' citizenship").

Even setting aside the facial insufficiency of the Complaint's jurisdictional allegations, Guild cannot establish diversity jurisdiction as a matter of fact. The factual upstream analysis is straightforward. Guild is an LLC whose sole member is a corporation incorporated in Delaware with its principal place of business in California. (*Supra* p. 4.) Guild is therefore a citizen of Delaware and California. Meanwhile, CrossCountry is an LLC that, at all relevant times either directly or through its member CrossCountry Holdco, LLC, has had a member that is also an LLC (Radcliff CCM I LLC), which likewise has a member that is an LLC (the Tier 2 LLC Member), which has a member who is also an LLC (the Tier 3 LLC Member), which has a member that is a natural person domiciled in California. (S*upra* pp. 5-6; Platt Decl. Exhibits D through J.) On this

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

10

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

record, it is impossible for Guild to satisfy its burden of showing that complete diversity of citizenship exists between Guild and CrossCountry; instead, the record is that both Guild and CrossCountry are citizens of California.  Accordingly, this action must be dismissed.  *See Boren Found.*, 295 F. App'x at 152 (9th Cir. 2008) ("Because [the plaintiff] has failed to establish diversity of citizenship, the district court lacked subject matter jurisdiction and should have dismissed the action."); *Varney*, 2018 WL 656028, at *3 (W.D. Wn.) (dismissing action for failure to establish diversity, and instructing that the "[p]laintiffs are free, if appropriate, to refile this action in a court of general jurisdiction"); *Emiabata v. Bank of New York Mellon Tr. Co. NA/JP Morgan Chase (SLS)*, No. C17-1302JLR, 2017 WL 4838840, at *3 (W.D. Wn. Oct. 3, 2017) ("the court concludes that Plaintiffs fail to adequately allege diversity jurisdiction, and therefore the court must dismiss their complaint for lack of subject matter jurisdiction").

What is more, this Court has never possessed subject matter jurisdiction over this action, as CrossCountry's citizenship in California existed at all times during, and even before Guild commenced, this action.  (*Supra* pp. 5-6; Platt Decl. Exhibits D through J.)  It is well settled that "[s]ubject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380–81 (9th Cir. 1988). Where such jurisdiction is lacking, the Court's various orders are considered to be "nullities" as a matter of law.  *Id.* ("If jurisdiction was lacking, then the court's various orders, including that granting leave to amend the complaint, were nullities.").  Indeed, "[i]f the court lacks subject matter jurisdiction, any action it takes is ultra vires and void." *Spengler v. Anderson*, No. 5:21-CV-00140-DOC-SP, 2021 WL 8663541, at *3 (C.D. Cal. Dec. 29, 2021) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

11

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

02 (1998)).  In other words, "[i]f jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'"  *Orff v. United States*, 358 F.3d 1137, 1149–50 (9th Cir. 2004), *aff'd*, 545 U.S. 596 (2005) (citation omitted).

Here, subject matter jurisdiction was lacking from the outset.  Accordingly, the proper course for this Court is not only to dismiss this action, but also to vacate its orders in this action.  *See Boren Found.*, 295 F. App'x at 152 (9th Cir. 2008) (because the plaintiff "failed to establish diversity of citizenship," "we remand to the district court with instructions to vacate all of its orders and to dismiss the action for lack of jurisdiction"); *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 65 (9th Cir. 2011) (in a case removed to federal court but where the removing defendant "failed to establish the existence of diversity jurisdiction," "we remand to the district court with instructions to vacate all of its orders and remand this case to the Circuit Court of the State of Oregon for Douglas County as required by 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a)(1)").

## **CONCLUSION**

For the foregoing reasons, this Court lacks subject matter jurisdiction over this case, and it therefore must be dismissed under Rule 12(b)(1).

Dated:  August 8, 2022

Respectfully submitted,

JONES DAY

*s/ Michael A. Platt*
Michael A. Platt, *Admitted Pro Hac Vice*
maplatt@jonesday.com
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Tel:  (216) 586-3939
Fax:  (216) 579-0212

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

12

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

*s/ John R. Conley*
John R. Conley, *Admitted Pro Hac Vice*
John.Conley@lewisbrisbois.com
Benjamin J. Stone, WA Bar No. 33436
Benjamin.Stone@lewisbrisbois.com
Kylene Slocum, WA Bar No. 58600
Kylene.Slocum@lewisbrisbois.com
1111 Third Avenue, Suite 2700
Seattle, Washington 98101

*Counsel for Defendant
CrossCountry Mortgage, LLC*

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

13

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which in turn automatically generates a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

*s/Michelle Little*
Michelle Little, Legal Secretary
michelle.little@lewisbrisbois.com

---

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S RENEWED MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, 2:21-CV-01376-JCC-MLP

14

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

4879-4459-7293.1