**Judge John C. Coughenour**
**Judge Michelle L. Peterson**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GUILD MORTGAGE COMPANY LLC,

Plaintiff,

vs.

CROSSCOUNTRY MORTGAGE LLC,

Defendant.

Case No. 2:21-CV-01376-JCC-MLP

**DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S**
**OPPOSITION TO GUILD MORTGAGE'S MOTION FOR SANCTIONS**

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

**LEWIS BRISBOIS BISGAARD &**
**SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1

## **TABLE OF CONTENTS**

2

Page

INTRODUCTION ............................................................................................... 1

RELEVANT BACKGROUND ........................................................................... 1

    A.    Guild's Failure to Plead Complete Diversity of Citizenship .............. 1

    B.    CrossCountry's Understanding of Its Own Citizenship ...................... 4

ARGUMENT ...................................................................................................... 7

    I.    Under Controlling Law, the Court May Not Grant Guild's Motion for Sanctions Absent a Finding of Subjective Bad Faith ..................... 7

    II.    CrossCountry Should Not Be Sanctioned ......................................... 9

CONCLUSION .................................................................................................. 13

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

## <u>TABLE OF ABBREVIATIONS</u>

Declaration of Daniel Jemal ("Jemal Decl."), attached as Schwartz Decl. Ex. G

Declaration of Michael A. Platt ("Platt Decl.")

Declaration of Eric B. Schwartz ("Schwartz Decl.") (Dkt. 118)

Declaration of Benjamin J. Stone ("Stone Decl.")

Declaration of Ashley C. Wakefield ("Wakefield Decl.")

Deposition of Lisa Klika and Exhibits 1-16 ("Klika Dep."), attached as Platt Decl. Ex. A

Guild's Motion for Sanctions ("Mot.") (Dkt. 117)

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

ii

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1

## INTRODUCTION

2      In its misplaced quest for sanctions, plaintiff Guild Mortgage Company LLC ("Guild")

3 sacrifices candor in favor of conspiracy theory, repeatedly omitting key facts and distorting

4 others.  Guild offers invective and rhetoric as if it were evidence of subjective bad faith,

5 engaging in outright deception in order to manufacture a false narrative that CrossCountry

6 Mortgage, LLC ("CrossCountry") knew about and concealed its potential citizenship in other

7 states.  But Guild's Motion ignores the evidence, which establishes that CrossCountry never

8 appreciated that it might have California citizenship.  That information was in the possession of

9 CrossCountry's outside, third-party investor (and member) Radcliff CCM I LLC—not

10 CrossCountry—and CrossCountry itself did not appreciate the need to inquire about whether it

11 or Radcliff had citizenship beyond Ohio.  The overwhelming evidence is that CrossCountry

12 proceeded to litigate this case with the good-faith belief that diversity existed.  And the first time

13 it ever appreciated a need to ask Radcliff whether it possessed California citizenship was in June

14 2022, *after* Jones Day was brought into the case in late May 2022 and read the Complaint on

15 June 3, 2022.  Guild also disregards its own culpability in failing to plead that it is a citizen of

16 California, and ignores entirely that, as plaintiff, it bore the burden of establishing diversity

17 jurisdiction in the first place.  Guild never once took any discovery to verify whether diversity of

18 citizenship actually existed.  And Guild's only proffered excuse for failing to do anything to

19 verify CrossCountry's citizenship was resoundingly contradicted by the testimony of Guild's

20 own Rule 30(b)(6) designee.  It is truly regrettable that the parties litigated this case for months

21 in the mistaken belief that the Court had subject-matter jurisdiction.  But nothing in the record

22 can justify sanctioning CrossCountry for that mistake, especially given the multiple failures by

23 Guild and its lawyers, which they are now seeking to sweep under the rug.

## RELEVANT BACKGROUND

24

25 **A.    Guild's Failure to Plead Complete Diversity of Citizenship**

26      Guild's assertion of subject-matter jurisdiction in this action resides in Paragraph 11 of its

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   Complaint (Dkt. 1), which states that "[t]his Court has jurisdiction under 28 U.S.C. § 1332

2   (diversity jurisdiction) because (1) ***[Guild]'s sole member is a citizen of Delaware*** and, upon

3   information and belief based on public filings, [CrossCountry]'s members are citizens of Ohio,

4   and (2) the amount in controversy exceeds $75,000" (emphasis added).  Bizarrely, Guild's

5   Motion erroneously attributes that statement to CrossCountry.  (Mot. at 4, lines 8-12.)[1]  The truth

6   is that Guild made that quoted statement of citizenship in its ***own*** Complaint, and the apparent

7   reason that Guild's Motion studiously avoids that truth is that Guild's Complaint incompletely

8   pleads Guild's ***own*** citizenship.  As Guild admitted in its most recent interrogatory answers,

9   Guild's sole member was in fact a citizen of "Delaware ***and California***."  (Klika Dep. Ex. 3, at

10  4-5 (emphasis added).)  Yet Guild's Complaint mentions only that its "sole member is a citizen

11  of Delaware."  (Dkt. 1 ¶ 11.)[2]  What is more, Guild knew at the time that its sole member was

12  also a citizen of California, as it had alleged that citizenship in an unrelated action in Texas just a

13  few months earlier.  (Klika Dep. Ex. 14, ¶ 7 ("Guild Holdings Company is incorporated in

14  Delaware and has its principal place of business in San Diego, California.  Therefore, [Guild] is a

15  citizen ***of California and Delaware*** for purpose[s] of diversity jurisdiction.") (emphasis added).)

16  To this day, Guild has refused to explain ***why*** it failed to allege in its Complaint in this case that

17  it was also a citizen of California.  (Klika Dep. at 95:18-96:22.)[3]

18          Just as Guild failed to allege its own complete citizenship, Guild also did not purport to

19  allege CrossCountry's complete citizenship.  Paragraphs 7 and 11 of the Complaint (Dkt. 1)

20
[1] Guild's Motion cites "Dkt. 22, ¶ 7"—CrossCountry's Answer—to support its assertion that CrossCountry made
21  that statement.  But that statement appears nowhere in Dkt. 22.  Guild may be referring to CrossCountry's
    "admission" of *Guild's* assertion of subject-matter jurisdiction, which, as discussed herein, had no legal effect.
22  [2] In Paragraph 4 of the Complaint (Dkt. 1), Guild avers that it "is a limited-liability corporation organized and
    existing under the laws of California, with its principal place of business in San Diego, California," and that
23  "Guild's sole member is a Delaware corporation named Guild Holdings Company."  Guild did not, however, allege
    the principal place of business of its sole member, Guild Holdings Company, which is the place that dictates Guild's
24  citizenship.
    [3] Guild objected that its reasons for failing to mention California citizenship in Paragraph 11 are privileged and
25  protected work product.  (Klika Dep. at 95:18-24, 96:13-20.)  Ironically, however, Guild's Motion purports to take
    CrossCountry to task for not disclosing privileged and work-product communications and analysis, accusing
26  CrossCountry of "fail[ing] and refus[ing] to disclose what analysis or investigation actually took place" in 2021
    regarding CrossCountry's citizenship.  (Mot. at 4.)  Guild's conduct is beyond disingenuous.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

2

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1  allege that "[u]pon information and belief based on public filings, CrossCountry's members are

2  citizens of Ohio."  Nowhere, however, does the Complaint allege that CrossCountry's members

3  are citizens of *only* Ohio.  Nor does it allege that, on information and belief, CrossCountry's

4  members are *not* citizens of Delaware or California.

5      Guild's pre-filing diligence regarding CrossCountry's citizenship appears to have been

6  virtually non-existent.  It began and ended with a review of CrossCountry's website, three

7  corporate filings listing the same Ohio business address for three "Manager(s) or Member(s)" of

8  CrossCountry, and a review of CrossCountry's disclosures in CrossCountry's other federal cases

9  that largely occurred before CrossCountry's October 2019 conversion into an LLC.  (Schwartz

10  Decl. ¶ 10; Klika Dep. Ex. 4.)  Yet it was clearly in the public domain that CrossCountry's two

11  members as of the filing of Guild's Complaint, in October 2021, were CrossCountry Holding

12  Corp. and Radcliff CCM I LLC.  Guild would have known that had it conducted a basic search

13  for "CrossCountry Mortgage, LLC" using well-known public sources of company information,

14  such as www.OpenCorporates.com (known as "[t]he largest open database of companies in the

15  world").  (*See* Klika Dep. Exs. 5-7.)  Indeed, Guild apparently did not search CrossCountry's

16  public business filings in the states, such as Alaska, where Guild ***itself*** was required to publicly

17  identify its LLC members.  (*See id.* Exs. 10-12.)  Had Guild done so, it would have easily found

18  CrossCountry's public identification of its two members.  (*See id.* Exs. 8-9.)  And Guild also

19  would have discovered, using a basic Google search, that Radcliff CCM I LLC was an

20  investment vehicle for outside investors.  (*See* SEC Form D for Radcliff, Klika Dep. Ex. 13.)

21      Guild also could have—but did not—take any discovery as to whether CrossCountry had

22  any citizenship in California or Delaware.  Guild's Motion implies that the reason it did not seek

23  discovery into CrossCountry's citizenship is that it reasonably relied on CrossCountry's multiple

24  statements that "[t]he members of CCM are Ohio citizens," which Guild insists were "false."

25  (Mot. at 4 ("CCM Falsely Asserts That Its Members Are Citizens Of Ohio").)  But the testimony

26  of Guild's corporate designee under Rule 30(b)(6) resoundingly contradicts those assertions.  For

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

3

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   one thing, Guild's designee testified that Guild's own allegation that its sole member was a

2   citizen of Delaware was ***not*** false, because that member was in fact a citizen of Delaware, even

3   though it also had citizenship in another state.  (Klika Dep. at 85:21-86:9.)  Precisely the same

4   applies to CrossCountry's statements, because CrossCountry's members did in fact have

5   citizenship in Ohio, even though those members might also have been citizens of other states.

6   For another thing, Guild's corporate designee admitted that Guild's own statement in its

7   Complaint that its "sole member is a citizen of Delaware" should ***not*** be interpreted as

8   suggesting that such member was a citizen of ***only*** Delaware.  (*Id.* at 101:12-23, 102:14-17.)

9   Again, the same applies to CrossCountry:  its statements that its members were citizens of Ohio

10  cannot be interpreted as suggesting that its members were citizens of ***only*** Ohio, especially given

11  Guild's incomplete assertion of its own citizenship.

12  **B.    CrossCountry's Understanding of Its Own Citizenship**

13          With respect to CrossCountry's own knowledge and pleading of its corporate citizenship,

14  Guild's Motion conjures a narrative divorced from reality and, indeed, relies on omitting critical

15  facts.  In October 2019, CrossCountry received a substantial investment from an outside venture

16  capital firm, The Radcliff Companies.  (Wakefield Decl. ¶ 3.)  As part of that transaction,

17  CrossCountry converted from a corporation into an LLC, and Radcliff CCM I LLC (the entity

18  formed by The Radcliff Companies as the outside investment vehicle) became a member of

19  CrossCountry.  (*Id.*)  CrossCountry's other member was CrossCountry Holding Corp., an Ohio

20  corporation based in Ohio, which was formed by CrossCountry's pre-existing owner to hold the

21  remaining majority of CrossCountry's equity.  (*Id.*)  As described in the Declaration of

22  CrossCountry's Associate Corporate Counsel, Ashley Wakefield, who was responsible for

23  managing this case within CrossCountry, she and CrossCountry knew at the time this action was

24  filed that CrossCountry had those two members, and understood that those members had

25  citizenship in Ohio, but did not appreciate the need to determine whether those members had

26  citizenship in other states; did not appreciate that the members of Radcliff CCM I LLC dictated

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

4

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1  the citizenship of that entity, let alone the citizenship of CrossCountry; did not appreciate any

2  need to ask Radcliff for information regarding the citizenship of its members; and believed in

3  good faith that diversity jurisdiction existed because of CrossCountry's Ohio citizenship. (*Id.*

4  ¶¶ 4-5.) Further, given that Guild had not mentioned in its own pleadings that Guild was a

5  citizen of California, CrossCountry did not appreciate any need to determine whether

6  CrossCountry was a citizen of California. (*Id.* ¶¶ 4, 8.) For its part, Lewis Brisbois,

7  CrossCountry's outside counsel at the time, did not appreciate the nature of the Radcliff entity or

8  the need to inquire about Radcliff's citizenship, and never gave Ms. Wakefield or CrossCountry

9  reason to appreciate any of those things. (*Id.* ¶¶ 6-8; Stone Decl. ¶¶ 4-7.)

10  Further, Guild ignores that CrossCountry did not have in its possession or control

11  information that would be necessary to determine the complete citizenship of Radcliff CCM I

12  LLC. (*See* Schwarz Decl. Ex. E, at 8-10.) Again, Radcliff is an outside third-party investment

13  vehicle that has its own investors and is not controlled by CrossCountry. Indeed, Radcliff

14  recently confirmed in a sworn declaration that it "considers its investor information both highly

15  confidential and competitively sensitive"; it "does not voluntarily disclose detailed or identifying

16  information about its investors"; and "[i]t provides such investor information only to the extent

17  that it is forced to do so." (Jemal Decl. ¶ 2.)[4]

18  Discontented with what really happened, Guild resorts to fiction. It deceptively asserts

19  that, in October 2019, "CCM inquired" with Radcliff "about the citizenship of [CrossCountry's]

20  upstream members in certain states (not including California), and was provided that

21  information," and that CrossCountry must have known information about those members

22  because "CCM's trial counsel in this matter represented CCM in connection with the 2019

23  reorganization." (Mot. at 3.) According to Guild, therefore, CrossCountry must have known

24  Radcliff CCM I LLC had citizenship in other states, but "chose" not to do any inquiry with

25
26  [4] As recently as a few weeks ago, when both parties were ordered to file amended Corporate Disclosure Statements listing the states in which their members are citizens, Radcliff declined to do anything more than confirm to CrossCountry that it had citizenship in California and that it did not have citizenship in Delaware. (Dkt. 126 at 2.)

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S OPPOSITION TO GUILD MORTGAGE'S MOTION FOR SANCTIONS, 2:21-CV-01376-JCC-MLP

5

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax 206.436.2030

1    Radcliff in 2021, deciding to lie in wait instead, and then inquired with Radcliff about California

2    only recently because it had lost certain discovery rulings.  (*Id.* at 4-6, 9-12.)[5]  None of that is

3    consistent with reality.  CrossCountry was never involved in the October 2019 discussion about

4    the citizenship of upstream members.  As described in detail in the Declaration of Michael Platt,

5    those exchanges were solely between Jones Day and Radcliff's lawyers, did ***not*** include anyone

6    at CrossCountry, and were never forwarded to CrossCountry until June 9, ***2022***.  (Platt Decl.

7    ¶ 7.)  Moreover, the person Guild refers to as "CCM's trial counsel in this matter" (Mot. at 3) is

8    Mr. Platt.  But Mr. Platt did not become involved in this matter until late May 2022.  (Platt Decl.

9    ¶¶ 3-4; Wakefield Decl. ¶¶ 9-10.)  Until then, CrossCountry's only counsel in this case was the

10   Lewis Brisbois firm, which did not possess the facts that Mr. Platt possessed.  (Stone Decl. ¶ 5.)

11        The reality is that CrossCountry's inquiry with Radcliff about California citizenship, and

12   the timing of that inquiry, was solely a function of Mr. Platt's entry into this case.  In late May

13   2022, Mr. Platt learned that he would become involved in this case as counsel for CrossCountry;

14   on June 3, 2022, Mr. Platt reviewed and analyzed Guild's Complaint; and then just a few days

15   later, on June 9, 2022, CrossCountry reached out to Radcliff asking about the existence of any

16   California citizenship.  (Platt Decl. ¶¶ 3-6; Schwartz Decl. Ex. H.)  But it was not until the week

17   of July 18, 2022 that Radcliff disclosed for the first time, in response to CrossCountry's inquiry,

18   the existence of an upstream member who was potentially a California citizen.  (Platt Decl. ¶ 6.)

19   CrossCountry then began preparing its motion to dismiss, which it was obligated to do once it

20   reasonably believed that diversity jurisdiction did not exist, and filed its motion after receiving

21   documentary evidence of the California citizen from Radcliff on July 22, 2022.  (*Id.*)[6]

22   _____

[5] Bizarrely, Guild claims that CrossCountry "still has not fully complied with" one of the discovery Orders (Mot. at
23   5), while ignoring that the parties had ***agreed to stay*** their meet-and-confers regarding CrossCountry's production of
     the documents at issue pending a determination of the Court's subject-matter jurisdiction.
24   [6] Guild ignores reality when it asserts that, because CrossCountry withdrew and refiled its motion to dismiss, the
     first iteration of that motion was "baseless."  (Mot. at 6.)  CrossCountry's re-filed motion to dismiss revolved around
25   exactly the same issue:  Guild's failure to establish diversity jurisdiction, and Radcliff's citizenship in California.
     Guild also conveniently ignores, as Radcliff makes clear in its declaration, that CrossCountry's withdrawal and re-
     filing of its motion to dismiss was because of ***Radcliff's*** error in identifying the California member at issue, not
26   because of any error by CrossCountry.  (Jemal Decl. ¶ 4.)

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

6

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1    Simply put, CrossCountry's statements that its members were Ohio citizens were not

2    somehow "false" (defined in Webster's Dictionary as "intentionally untrue"), just as Guild's own

3    corporate designee testified that it was not false to plead in its Complaint that its "sole member is

4    a citizen of Delaware," without mentioning that it was also a citizen of California. (Klika Dep. at

5    85:21-86:9.)[7]  CrossCountry's statements were at most incomplete, but were nonetheless made

6    innocently and in good faith. (Wakefield Decl. ¶¶ 4-8.) It was only after Mr. Platt of Jones

7    Day—who was aware of critical facts about Radcliff not possessed by CrossCountry, and

8    appreciated important citizenship issues that CrossCountry did not—entered the picture that

9    CrossCountry first understood that diversity jurisdiction might not exist and that CrossCountry

10   needed to ask Radcliff about its citizenship. (*Id.* ¶¶ 9-10; Platt Decl. ¶¶ 4-7.) This sequence of

11   events was unfortunate, in that both parties—including CrossCountry—expended efforts

12   throughout this litigation with the erroneous belief that diversity jurisdiction existed. But they

13   come nowhere close to the fictional narrative conjured by Guild's lawyers.[8]

14                          **ARGUMENT**

15   **I.    Under Controlling Law, the Court May Not Grant Guild's Motion for Sanctions**
          **Absent a Finding of Subjective Bad Faith.**
16
17       Guild purports to seek sanctions under three grounds: the Court's inherent authority;

     Local Rule 11(c); and 28 U.S.C. § 1927. As to this Court's inherent authority, the U.S. Supreme
18
     Court has directed that, "[b]ecause of their very potency," such powers must be "exercised with
19
     restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991). To impose such
20

21   [7] Guild feigns confusion at CrossCountry's testimony that its prior statements were not "false," asserting that "it is
     thus unclear whether CCM believes diversity exists." (Mot. at 6.) Notwithstanding Guild's self-serving confusion,
22   there can be no dispute that diversity jurisdiction is lacking, as Radcliff confirmed in its declaration that it has
     citizenship in California. (Jemal Decl. ¶ 4.) That may render CrossCountry's prior statements as to citizenship in
23   Ohio inadvertently incomplete, but certainly not "false."
     [8] As yet another swipe at CrossCountry, Guild references a federal lawsuit filed by CrossCountry in Ohio on August
24   4, 2022, which alleged diversity jurisdiction (in addition to federal-question jurisdiction) against a California
     defendant. (Mot. at 6.) Guild fails to note that CrossCountry is represented in that case by a different law firm that
25   has had no involvement in this case and had not been made aware of CrossCountry's discovery of its California
     citizenship. (Wakefield Decl. ¶ 11.) Guild also ignores that, immediately after Guild brought this issue to
26   CrossCountry's attention, CrossCountry's lawyers in the Ohio action amended the complaint to remove the assertion
     of diversity jurisdiction, and instead rely solely on federal-question jurisdiction. (*Id.*)

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

7

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   sanctions, "the litigant **must have 'engaged in bad faith or willful disobedience of a court's**

2   **order.'**" *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (quoting *Chambers*, 501 U.S. at 46-

3   47) (emphasis added); *accord id.* at 993 ("counsel's conduct must constitute or be tantamount to

4   bad faith"); *E.E.O.C. v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 658 (W.D. Wash. 2012) ("[T]he

5   imposition of sanctions under the inherent powers generally **requires a finding of subjective bad**

6   **faith or improper purpose**.") (emphasis added).[9]   A district court therefore "may not sanction

7   mere inadvertent conduct," "oversight," or "ordinary negligence." *Fink*, 239 F.3d at 993

8   (quotations omitted); *accord State Farm Fire & Cas. Ins. Co. v. Ramirez*, 2011 WL 1135103, at

9   *2 (D. Haw. Mar. 24, 2011) (refusing sanctions because "[a]t worst, counsel overlooked a legal

10   issue").   Likewise, "mere recklessness, without more, does not justify sanctions under a court's

11   inherent power"; recklessness therefore requires "something more – such as an improper

12   purpose." *Fink*, 239 F.3d at 993-94.   Courts must also consider "the circumstances of th[e]

13   case," *Chambers*, 501 U.S. at 55, including "the culpability of other parties." *Purchasing Power,*

14   *LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017).

15          As for Local Rule 11(c), Guild must still satisfy the controlling standard for obtaining

16   sanctions under the Court's inherent authority.   After all, a district court cannot, by local rule,

17   expand its authority beyond the bounds of the law.   Here, the Court's authority under Local Rule

18   11(c) could only emanate from either the Court's inherent authority or possibly Federal Rule of

19   Civil Procedure 11.   But Guild itself admits that it has not followed the procedures required by

20   Rule 11 (Mot. at 13 n.11), and it therefore cannot seek sanctions under Rule 11. *See Radcliffe v.*

21   *Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) ("the procedural requirements of Rule

22   11(c)(1)(A)'s 'safe harbor' are mandatory," and the movant's failure to satisfy those

23   requirements precludes sanctions under Rule 11).   That leaves only the Court's inherent authority

24   as the potential source of sanctions under Local Rule 11(c), which, as noted, may only be

25   _____

26   [9] *See also Hawthorne Hangar Operations, L.P. v. Hawthorne Airport, LLC*, No. 20-10744, 2021 WL 4184898, at *4
(C.D. Cal. July 8, 2021) (rejecting sanctions because "the record is devoid of evidence of subjective bad faith as
required for the Court to use its inherent authority to impose sanctions").

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

8

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1    exercised cautiously, where there was subjective bad faith.  *See Century Sur. Co. v. Belmont*

2    *Seattle, LLC*, No. C12-823, 2014 WL 3867614, at *5 (W.D. Wash. Aug. 6, 2014) (linking Local

3    Rule 11(c) to "the inherent power to impose sanctions").

4         As for § 1927, Guild's motion for sanctions under that statute should be summarily

5    rejected.  The Ninth Circuit has been crystal clear that "***Section 1927 does not authorize***

6    ***recovery from a party*** or an employee, but *only* from an attorney or otherwise admitted

7    representative of a party."  *F.T.C. v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir.

8    1986) (first emphasis added and quotations omitted); *accord Kaass Law v. Wells Fargo Bank,*

9    *N.A.*, 799 F.3d 1290, 1294 (9th Cir. 2015) (§ 1927 "allow[s] for sanctions only against

10   'attorneys' or 'other person admitted to conduct cases'").  And even if sanctions against

11   CrossCountry were available under § 1927—and they are not—such sanctions "must be

12   supported by a finding of subjective bad faith," just as under the Court's inherent authority.

13   *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015).

14        Simply put, Guild's request for sanctions cannot be maintained absent a showing of

15   subjective bad faith by CrossCountry.  No such showing is possible here.

16   **II.    CrossCountry Should Not Be Sanctioned.**

17        None of Guild's laundry list of reasons for imposing sanctions on CrossCountry

18   withstand scrutiny.  Most glaringly wrong is Guild's repeated assertion that CrossCountry

19   "falsely represented" that it "is an Ohio citizen," that its "members are citizens of Ohio," and that

20   "[t]he members of CCM are Ohio citizens."  (Mot. at 9.)  As noted above, all three statements are

21   ***true***.  To be sure, those statements were unknowingly incomplete, in that CrossCountry did not

22   appreciate a need to inquire into citizenship in other states, or even that Radcliff could cause

23   CrossCountry to have citizenship in other states.  But it was certainly not "false" for

24   CrossCountry to plead Ohio citizenship—as there is no dispute that CrossCountry's members did

25   in fact have citizenship in Ohio—just as Guild's designee admitted that it was not false for Guild

26   to plead that it was a citizen of Delaware, without also mentioning its citizenship in California.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

9

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1    There is no conceivable justification to sanction CrossCountry for its incomplete statement of

2    citizenship, when Guild's own statement of citizenship was just as incomplete.[10]

3            In an effort to manufacture a specter of recklessness, Guild cites to authorities for the

4    proposition that "[a] defendant is presumed to know the facts surrounding its own citizenship."

5    (Mot. at 9-10 (collecting cases).)  But the record in this case demonstrates that such a

6    presumption either does not apply here or has been amply rebutted.  Here, the facts required to

7    determine CrossCountry's citizenship in any state other than Ohio were not within

8    CrossCountry's possession or control, but instead comprised closely-guarded information

9    possessed by an outside third-party investment vehicle.[11]  CrossCountry's belief that diversity

10   jurisdiction existed was mistaken, but that was nonetheless an innocent good-faith belief, as

11   explained in detail in Ms. Wakefield's Declaration.  In contrast, Guild's false narrative that

12   CrossCountry's conduct was deceitful or knowingly reckless is based solely on distortions and

13   omissions of facts that render Guild's narrative untenable.  There is zero evidence that

14   CrossCountry ever had any intention to "forum shop," multiply any proceedings, or induce Guild

15   to incur excess costs.  All of those assertions are nothing more than Guild's *ipse dixit*, and are

16   directly contradicted by Ms. Wakefield's sworn declaration.  Guild's narrative is also belied by

17   common sense.  CrossCountry never would have engaged in months of litigation and incurred its

18   own substantial attorneys' fees in this case if there was a chance it was in the wrong court.

19   (Wakefield Decl. ¶ 7.)  The truth is that CrossCountry never had any inkling that there could be a

20   defect in diversity jurisdiction until June 2022, when Mr. Platt, who was aware of facts that

21   ─────────────────────────

22   [10] In a particularly shameless swipe at CrossCountry, Guild notes that CrossCountry's original Corporate Disclosure
     Statement failed to state the "citizenship of its upstream members," as required by Local Rule 7.1(b).  (Mot. at 9.)
     Yet nowhere does Guild acknowledge that its **own** Corporate Disclosure Statement included **absolutely nothing**

23   about the citizenship of itself or its sole member, equally failing to comply with Local Rule 7.1(b).  (*See* Dkt. 3.)
     [11] Even if CrossCountry had appreciated a need to ask Radcliff to divulge all of the states in which it was a citizen—

24   and it did not—the facts show that Radcliff would have refused, just as Radcliff refused to provide that information
     to Guild in response to a subpoena, and even to CrossCountry for purposes of its recently-filed amended Corporate

25   Disclosure Statement.  And while Radcliff has shown a willingness to disclose whether it is a citizen of specific
     states, such as Delaware and California, the fact remains that CrossCountry did not appreciate the need to ask

26   Radcliff about California, in part because Guild did not plead that it was a citizen of California.  (Wakefield
     Decl. ¶¶ 4, 8.)

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

10

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   CrossCountry and Lewis Brisbois were not, joined this case and reviewed the Complaint.  As

2   soon as CrossCountry appreciated the issue, on June 9, 2022, it immediately turned to Radcliff to

3   make the necessary inquiry.  That is the opposite of bad faith.  *See Bommiasamy v. Parikh*, 633

4   F. App'x 351, 353-54 (7th Cir. 2016) (upholding denial of sanctions because there was no

5   evidence that late-filed dismissal motion for lack of diversity was made in bad faith or that

6   counsel knew client had relocated).  This is not the type of case on which Guild relies, where the

7   sanctioned party actually knew that diversity was lacking and kept silent.  (Mot. at 10, 13.)

8       A far more apt precedent is *Purchasing Power, LLC v. Bluestem Brands, Inc*., in which

9   the Eleventh Circuit confronted virtually identical circumstances in which an LLC (Purchasing

10  Power) with multiple levels of upstream members—including third-party investor LLCs—

11  misstated its own citizenship, and even objected to discovery into its citizenship, but later

12  discovered after years of litigation that diversity was lacking.  851 F.3d 1218, 1221-22 (11th Cir.

13  2017).  Reversing the imposition of sanctions under inherent authority, the Eleventh Circuit

14  found that, even if Purchasing Power's conduct had been reckless, it had not "acted with bad

15  intentions," despite the fact that "the result was a colossal waste of time and effort."  *Id.* at 1228.

16  The court focused in particular on the fact that it was the other party (Bluestem) that "carried the

17  burden of establishing diversity jurisdiction at all times," and therefore contributed to the

18  problem both by never attempting to verify Purchasing Power's admission of diversity, and by

19  never bringing to the court's attention that Purchasing Power later objected to discovery into its

20  citizenship.  *Id.* at 1225-26.  The court likewise considered Bluestem's culpability for its own

21  "problematic submissions," which had "create[ed] the impression that subject matter jurisdiction

22  existed."  *Id.* at 1226-27.[12]  The court further noted that "[e]veryone involved in this case trusted

23  that diversity jurisdiction existed, but no one verified it.  The law firms involved trusted their

24  clients.  The clients trusted their lawyers.  The law firms trusted each other, and the district court

25  _____

26  [12] *See also State Farm*, 2011 WL 1135103, at *2 (D. Haw. 2011) (rejecting sanctions because "State Farm is as much at fault as the State Defendants, as State Farm filed this action in this court, alleging that diversity jurisdiction existed").

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

11

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1    trusted them.  But there was no verification." *Id.* at 1220-21.  The court also highlighted the

2    added problem that "citizenship of LLCs often ends up looking like a factor tree that

3    exponentially expands every time a member turns out to be another LLC, thereby restarting the

4    process of identifying the members of that LLC." *Id.* at 1220.  Rather than uphold sanctions, the

5    court reversed and observed that "[t]his case demonstrates the difficulty of applying established

6    diversity jurisdiction principles to 21st-century business organizations." *Id.*

7          Precisely the same can be said here.  Not only was CrossCountry's failure to determine

8    its own citizenship in good faith (and understandable given its complex LLC structure), but

9    Guild necessarily shares blame in alleging diversity jurisdiction in the first place, failing to plead

10   its own complete citizenship by omitting that its sole member was also a citizen of California,

11   and never doing anything to verify CrossCountry's citizenship in discovery.  Guild's excuses for

12   those failures are both hollow and disingenuous.  According to Guild, CrossCountry's statements

13   about Ohio citizenship and "admission" of subject-matter jurisdiction in its answer were "judicial

14   admissions" that "dispensed with the need for Guild to adduce further proof of the issue."  (Mot.

15   at 10.)  That is wrong as a matter of law.  For one thing, subject-matter jurisdiction can never be

16   waived, forfeited, or agreed upon.  *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190 (9th

17   Cir. 2022).  For another, subject-matter jurisdiction is a legal conclusion and therefore cannot be

18   a judicial admission.  *Pierson v. Ford Motor Co.*, No. 06-6503, 2008 WL 7074289, at *2 (N.D.

19   Cal. Oct. 3, 2008).  Further, as noted, Guild could not have reasonably interpreted

20   CrossCountry's statements that its "members are citizens of Ohio" to mean that they were

21   citizens of *only* Ohio, given that Guild itself did not mean its statement that its "sole member is a

22   citizen of Delaware" to mean that it was a citizen of *only* Delaware.  In short, Guild has no

23   excuse for doing absolutely nothing to carry its burden of establishing subject-matter

24   jurisdiction, rendering sanctions against CrossCountry inappropriate.

25          //

26          /

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

12

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

## <u>CONCLUSION</u>

CrossCountry respectfully requests that this Court deny Guild's Motion for Sanctions.

Dated:  October 3, 2022

Respectfully submitted,

JONES DAY

*s/ Michael A. Platt*
Michael A. Platt, *Admitted Pro Hac Vice*
maplatt@jonesday.com
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Tel:  (216) 586-3939
Fax:  (216) 579-0212

LEWIS BRISBOIS BISGAARD & SMITH LLP

*s/ Benjamin J. Stone*
Benjamin J. Stone, WA Bar No. 33436
Benjamin.Stone@lewisbrisbois.com

*s/ John R. Conley*
John R. Conley, *Admitted Pro Hac Vice*
John.Conley@lewisbrisbois.com
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Tel:  (206) 436-2020
Fax:  (206)436-2030

*Counsel for Defendant*
*CrossCountry Mortgage, LLC*

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

13

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

**DECLARATION OF SERVICE**

I hereby certify that on October 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

***Counsel for Plaintiff Guild Mortgage Company LLC***

| | |
|---|---|
| Eric D. Lansverk | eric.lansverk@hcmp.com |
| | carol.cannon@hcmp.com |
| | |
| Chad S. Hummel (Pro Hac Vice) | chummel@sidley.com |
| Eric B. Schwartz (Pro Hac Vice) | eschwartz@sidley.com |
| Renee Pesiro (Pro Hac Vice) | rpesiri@sidley.com |
| | lespinoza@sidley.com |
| | lruiz@sidley.com |
| | laefilingnotice@sidley.com |

Dated: October 3, 2022 at Seattle, Washington.

*s/Hilton Platt*
Hilton Platt, Legal Secretary
Hilton.Platt@lewisbrisbois.com

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OPPOSITION TO GUILD MORTGAGE'S MOTION FOR
SANCTIONS, 2:21-CV-01376-JCC-MLP

14

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:   (216) 586-3939

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030