JUDGE JOHN C. COUGHENOUR
JUDGE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>Defendant. | Case No. 2:21-CV-01376-JCC-MLP<br><br>**PLAINTIFF GUILD MORTGAGE LLC'S REPLY RE: MOTION FOR SANCTIONS AGAINST DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC**<br><br>NOTED FOR CONSIDERATION:<br>OCTOBER 27, 2022<br><br>**ORAL ARGUMENT REQUESTED** |

## I.     INTRODUCTION

CCM admits in its Opposition briefing that it *knew* Radcliff CCM I LLC ("Radcliff") was a member of CCM at the time that this action was first filed in this Court by Guild. But for nearly 10 months, neither its principals nor its law firms did anything whatsoever to investigate Radcliff's citizenship – even though one of its law firms (Jones Day) represented CCM in the transaction through which Radcliff acquired membership in CCM. Instead, CCM repeatedly and affirmatively asserted in this Court and elsewhere that diversity jurisdiction existed and that CCM is a citizen of Ohio without investigating the facts or the law. Wakefield Decl. ¶¶ 3-10; Stone Decl. ¶¶ 3-7. CCM claims only to have begun to examine Radcliff's citizenship after a series of adverse rulings against CCM by this Court. At best, this amounts to sanctionable recklessness; at worst, the conduct can be fairly construed as bad faith forum shopping. The record supports either conclusion.

PLAINTIFF GUILD MORTGAGE LLC'S REPLY RE:
MOTION FOR SANCTIONS AGAINST DEFENDANT,
CROSSCOUNTRY MORTGAGE, LLC - 1
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

1    CCM tries to minimize its gross misconduct that cost Guild and this Court enormous
2    resources as a mere mistake and seeks unjustifiably to employ a meritless "what about Guild" tactic.
3    This Court should not give these excuses any weight and should sanction CCM for several reasons:
4    First, CCM admits that it did examine and consider the state of incorporation and principle
5    place of business of another one of its members, CrossCountry Holding Corp., but admits it did
6    nothing to investigate the citizenship of Radcliff. *See* Wakefield Decl. ¶ 4.
7    Second, the timing of CCM's inquiry into Radcliff's citizenship, coming on the heels of
8    significant adverse rulings, and CCM's refusal to stipulate to be bound by the orders against it in this
9    case, evidence clear bad faith.
10   Third, CCM withheld information during discovery, only to reveal some of it *after* Guild
11   filed its motion. Guild asked CCM directly, pointedly and repeatedly what it did to investigate and
12   allege its diversity and citizenship in this case, and what prompted its belated investigation. In each
13   instance, CCM refused to provide details on the grounds that it was a privileged investigation
14   conducted by its outside counsel. *See* Schwartz Decl. Ex. E (Resp. to Rog. 17); F (Platek Dep.
15   37:22-38:16, 50:1-18, 66:5-67:12, and 82:15-84:22 (objecting on privilege grounds, and witness
16   testifying that "CrossCountry's investigation, inquiry and diligence in connection with these
17   documents were performed by CrossCountry's counsel in furtherance of litigation")). Only after
18   reviewing Guild's motion for sanctions did CCM selectively disclose specific aspects of its
19   purportedly privileged inquiry and describe unproduced emails to contend that did not act in bad
20   faith. *See generally*, Platt Decl.; Stone Decl.; Wakefield Decl. This tactic is, in Guild's view,
21   conclusive evidence of CCM's disdain for the judicial process, and it should not be permitted.
22   *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (1992) ("The privilege which protects attorney-
23   client communications may not be used both as a sword and a shield.").
24   At a minimum, CCM's story concedes highly reckless behavior by CCM and its counsel,
25   which justifies sanctions. CCM had a legal and ethical duty to undertake a reasonable investigation
26   of the facts and law governing its own citizenship before making a series of representations to this
27   Court in its answer, in its original and amended corporate disclosure, in its failed motion for
28

REPLY RE: MOTION FOR SANCTIONS AGAINST
DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC - 2
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

1  counterclaim, in its first failed motion to dismiss, and in its case against Guild in Nevada federal
2  court. Repeated misstatements cannot be excused on the ground that some lawyers knew there were
3  upstream members outside of Ohio, but other lawyers and one in-house counsel did not—when no
4  one took *any* steps to determine Radcliff's citizenship throughout that time. *Boag v. Litton Loan*
5  *Serv.*, No. C11-5838 BHS, 2013 WL 5569908 at *9–*10 (W.D. Wash. 2013) ("a party to litigation is
6  deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of
7  which can be charged upon the attorney" (internal quotation marks omitted)).

8        This Court has the power to sanction CCM in the amount of $633,000 – ***the reasonableness***
9  ***of which has not been disputed by CCM*** – and it should do so to deter this type of behavior from
10 CCM and others in the future.[1]

## II. ARGUMENT

### A. Guild Established That Sanctions Are Warranted Under Local Rule 11(c)

13       Guild met its burden of demonstrating that CCM's conduct warrants sanctions under Local
14 Rule 11(c). Dkt. 117 at 9-11. Since the filing of Guild's motion, CCM still has failed to comply with
15 the Court's order requiring it to comply with Local Rule 7.1(b), further warranting sanctions under
16 Rule 11(c). Dkt. 124 (order), 126 (CCM discloses citizenship of *some* members); L.R. 7.1(b)
17 (requiring disclosure of the citizenship of *all* upstream members).

18       CCM did not attempt to refute that its actions merit sanctions under the *language* of Local
19 Rule 11(c). Instead, CCM asserts—without citing authority—that despite the text of Rule 11(c),
20 "Guild must still satisfy the controlling standard for obtaining sanctions under the Court's inherent
21 authority" because "the Court's authority under Local Rule 11(c) could only emanate from either the
22 Court's inherent authority or possibly Federal Rule of Civil Procedure 11." Opp. 8:15-19.

23       CCM is wrong. The Court's authority to promulgate rules is codified in 28 U.S.C. § 2071 and
24 Fed. R. Civ. P. 83, and the Ninth Circuit has "noted that sanctions for failure to comply with the
25 Federal Rules of Civil Procedure or a district court's local rules are statutorily grounded and do not
26 require an express bad-faith determination." *Washburn v. Morgado*, 332 F. App'x 380, 383 (9th Cir.

---

[1] Guild agreed to reduce its sanctions request to $253,000 if CCM would stipulate that this Court's orders would remain in full force and effect in any new litigation. CCM declined.

REPLY RE: MOTION FOR SANCTIONS AGAINST  
DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC - 3  
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP  
555 W. 5th St., Suite 4000  
Los Angeles, CA  90013

2009) (unpublished, citable pursuant to 9th Cir. Rule 36-3). Instead, "courts have required conduct amounting to recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful misconduct before approving the imposition of monetary sanctions under local rules." *Id.* (quoting *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989)); *see also Soberano v. Guillen*, 2022 WL 1092675, at *4 (W.D. Wash. Apr. 12, 2022) ("The Court's local rules provide a directly applicable authority" for sanctions). Indeed, Courts in this district and others award sanctions for violation of the local rules without a finding of bad faith. *Milgard Mfg., Inc. v. Liberty Mut. Ins. Co.*, 107 F.Supp.3d 1171, 1175 (2015) (awarding sanctions without bad faith); *Dornay v. King County Sheriff*, 2005 WL 8172580 *2 (W.D. Wa. Dec. 22, 2005) (same); *Denham v. Hawaiian Elec. Co.*, No. 2010 WL 363218, at *2 (D. Haw. Jan. 29, 2010) ("ordered to pay opposing counsel's costs and fees incurred" without finding of bad faith).

The evidence in Guild's motion, and CCM's own admissions in its Opposition, show that it repeatedly, recklessly, and with gross negligence violated the Local Rules and the Court's orders, and it should be sanctioned. Neither CCM nor its counsel claim that there has been any ambiguity about how to determine the citizenship of Radcliff under long-settled law. Equally fatal, CCM's alleged ignorance of settled law does not explain CCM's complete failure to undertake ***any*** reasonable investigation about Radcliff's citizenship under any known test.

    **B.**    **Sanctions May Be Ordered Based On This Court's Inherent Power**

The Court can also sanction CCM under its inherent power because CCM (1) acted in "bad faith, vexatiously, wantonly, or for oppressive reasons" and/or (2) willfully disobeyed a court order. *Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991). Bad faith can be shown by recklessness plus a frivolous argument. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)). CCM contends that it should not be subject to sanctions under the Court's inherent power because it did not act in "bad faith," but failed to address its violation of court orders, and reckless and frivolous filings. Opp. 10-15. In any event, CCM's actions are sanctionable under any standard.

CCM and its attorneys knew that it had upstream members in various states, but falsely stated ***multiple times***—including in its affirmative attempt to file a counterclaim—that diversity existed on

REPLY RE: MOTION FOR SANCTIONS AGAINST
DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC - 4
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

1  the ground that CCM is a citizen of Ohio. Dkt. 51. Such filings violated the Court's Local Rules.

2  CCM has since violated the Court's order to amend its Local Rule 7.1(b) disclose, which ***still*** does

3  not "list those states in which the party, owners, partners, or members are citizens." Dkt. 124, 126;

4  L.R. 7.1(b). CCM blames its upstream member for this, but clearly Radcliff is willing to reveal the

5  information CCM wants to further CCM's litigation objectives (and thus protect Radcliff's

6  investment). It is clear that CCM, working hand-in-hand with Radcliff, is selectively revealing and

7  withholding information regarding its citizenship to try to gain a litigation advantage.

8        CCM does not address any of the numerous cases cited by Guild that warrant sanctions here.

9  *See, e.g.* Dkt. 117 10:12-11:1, 13:7-11. Instead, CCM contends that the Court should apply 11th

10 Circuit precedent denying sanctions, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d

11 1218, 1221-22 (11th Cir. 2017). That case is inapposite for two key reasons. First, the Court made

12 clear it was addressing exclusively the "subjective bad faith" standard for sanctions under the

13 Court's inherent power, and not any other bases. Here, Guild sought sanctions not only under the

14 Court's inherent power, but also Local Rule 11(c), which is not addressed in *Purchasing Power*.

15 Second, CCM's conduct meets the standard the Court described in *Purchasing Power*, which

16 referenced Ninth Circuit precedent upholding recklessness as sanctionable when combined with a

17 frivolous argument: "it is not saying recklessness suffices; it is saying recklessness plus a frivolous

18 argument suffice." *Id.* at 1225 (*citing In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir.

19 1996)). "A frivolous filing is one that is both baseless and made without a reasonable and competent

20 inquiry." *Blixeth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 632 (9th Cir. 2017). CCM's

21 frivolous motion to bring a putative counterclaim is a case in point. CCM asserted that diversity

22 existed in the absence of any reasonable or competent factual or legal inquiry into its own

23 citizenship, in a pleading which the Court found was "raised not for a proper purpose" but rather "to

24 give a jury the impression that this kind of organized and premeditated theft of information is

25 somehow par for the course in this industry, and that everybody does it." Dkt. 51 at 5:11-13

26 (quotations omitted). It is the combination of CCM's reckless misstatements with other frivolous,

27 obstructionist, and dilatory behavior which collectively meet even the elevated 11th Circuit standard.

28

REPLY RE: MOTION FOR SANCTIONS AGAINST
DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC - 5
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

  The case more closely on point is *J.C. Penney Corp., Inc. v. Oxford Mall, LLC*, 2021 WL 3421394, at *7 (N.D. Ala. Aug. 5, 2021), which distinguishes *Purchasing Power*, and awards sanctions on similar facts, including because "Oxford Mall itself invoked diversity jurisdiction when it filed a counterclaim." *Id.* Moreover, "unlike the court in *Purchasing Power*, the court [in *J.C. Penney Corp.*] finds that, here, the concern of vindicating judicial authority is present." *Id.* at *6. Here, sanctions are warranted due to CCM's false allegations in its many signed pleadings, including its counterclaim motion, and to vindicate the Court's judicial authority to require CCM to reveal its citizenship via local rule and Court Order, both of which CCM continues to flout.

  The totality of CCM's conduct, including the more than suspicious timing of its actions, and incomplete revelations of its citizenship in violation of this Court's Order, eliminate any reasonable doubt that CCM acted in bad faith, vexatiously, wantonly, recklessly and frivolously, and in violation of court orders, and that it should be sanctioned. *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. CV 19-6359-GW-JCX, 2020 WL 7889048, at *11 (C.D. Cal. Nov. 23, 2020), aff'd, 41 F.4th 1372, 1379 (Fed. Cir. 2022) (awarding $409,402.50 in sanctions where "Realtime was aware 'that its lawsuit in Delaware was undeniably tanking,' making its decision to 'run off to another jurisdiction in hopes of getting a more favorable forum [ ] totally unjustified,' and 'improper'"); *Pack v. Hoge Fenton Jones & Appel, Inc.*, No. 12-cv-4512-SC, 2013 WL 140027 at *3 (N.D. Cal. Jan. 10, 2013) ("timing of [Plaintiff's] [a]ction demonstrates that it was filed for an improper purpose: avoiding the state court's adverse rulings through forum shopping").

  Furthermore, CCM's efforts to blame or draw equivalences with Guild are entirely inapposite and are attempts at diversion. CCM asserts that if Guild had scoured CCM's corporate filings in Alaska, it might have discovered Radcliff was one of CCM's members; but that would not have revealed that Radcliff had an undisclosed upstream California member. CCM also blames Guild for insufficiently alleging its California citizenship, but overlooks the fact that Guild alleged that its principal place of business is in California, effectively disclosing its California citizenship—a fact apparent from CCM's motions to dismiss. CCM also ignores that Guild's citizenship information is in its public SEC filings. Indeed, CCM clearly knew Guild's citizenship; that is why CCM asked

REPLY RE: MOTION FOR SANCTIONS AGAINST
DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC - 6
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

Radcliff specifically if it had any California members that would allow CCM to escape this Court's jurisdiction and adverse rulings. *See* Platt Decl. ¶ 6.[2]

### III.   CONCLUSION

CCM had obligations to investigate the facts and the law to determine Radcliff's citizenship before making representations to the Court, and it repeatedly failed to do so. The Court has authority to sanction CCM in the amount of $633,000—a sum CCM does not dispute reasonably relates to litigation that could have been avoided had CCM accurately disclosed its citizenship.

Date: October 11, 2022

SIDLEY AUSTIN LLP

By:   /s/ Eric B. Schwartz
Chad S. Hummel (*Pro Hac Vice*)
Eric B. Schwartz (*Pro Hac Vice*)
555 W. 5th Street, Suite 4000
Los Angeles, CA  90013
(213) 896-6000
eschwartz@sidley.com

HILLIS CLARK MARTIN & PETERSON P.S.
Eric D. Lansverk
999 Third Avenue, Suite 4600
Seattle, WA 98104
(206) 470-7634
eric.lansverk@hcmp.com

Attorneys for Plaintiff
GUILD MORTGAGE COMPANY LLC

---

[2] Guild also met its burden of demonstrating that CCM's conduct is sanctionable under Section 1927. Dkt. 117 at 11-12. CCM failed to address this argument head-on and did not even attempt to refute that CCM acted recklessly, combined with another factor such as frivolousness, harassment, or an improper purpose. Clearly it did, and CCM has tacitly conceded the point. *Madera W. Condo. Ass'n v. First Specialty Ins. Corp.*, No. C12-0857-JCC, at *6 (W.D. Wash. Aug. 6, 2013) ("Failure to respond to an argument made by the opposing party waives the right to do so.") (*citing Aramark Facility Servs. v. Serv. Emp. Int'l Union, Local 1877*, 530 F.3d 817, 824 n.2 (9th Cir. 2008)). Instead, CCM contends that if the Court finds sanctions warranted under this section they can only be imposed against CCM's attorneys. Opp. at 12:4-13. Guild agrees, and if the Court does not award such relief in response to this motion, Guild reserves its right to seek sanctions from all appropriate persons.

REPLY RE: MOTION FOR SANCTIONS AGAINST
DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC - 7
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I electronically filed the foregoing document: **PLAINTIFF GUILD MORTGAGE LLC'S REPLY RE: MOTION FOR SANCTIONS AGAINST DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Counsel for Defendant CrossCountry Mortgage, LLC**:

| | |
|---|---|
| Benjamin J. Stone | Benjamin.Stone@lewisbrisbois.com |
| Brad Bigos | Brad.bigos@lewisbrisbois.com |
| Kylene R. Slocum | Kylene.Slocum@lewisbrisbois.com |
| John R. Conley | John.Conley@lewisbrisbois.com |
| | Tami.Foster@lewisbrisbois.com |
| | Hilton.Platt@lewisbrisbois.com |
| | Jodi.McKinley@lewisbrisbois.com |
| | |
| Michael A. Platt | maplatt@jonesday.com |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 11th day of October, 2022 at Seattle, Washington.

s/ *Eric D. Lansverk*
Eric D. Lansverk, WSBA #17128

REPLY RE: MOTION FOR SANCTIONS AGAINST
DEFENDANT, CROSSCOUNTRY MORTGAGE, LLC - 8
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013