Judge John C. Coughenour
Judge Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC, | Case No. 2:21-CV-01376-JCC-MLP |
| Plaintiff, | **PLAINTIFF GUILD MORTGAGE LLC'S PARTIAL OBJECTION TO NON-DISPOSITIVE MATTERS IN THE REPORT AND RECOMMENDATION DATED DECEMBER 6, 2022 [DKT. 142]** |
| vs. | |
| CROSSCOUNTRY MORTGAGE LLC, | |
| Defendant. | **Noted for Consideration:** **December 20, 2022** |

PLAINTIFF GUILD MORTGAGE LLC'S OBJECTION
TO REPORT AND RECOMMENDATION
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

Plaintiff Guild Mortgage Company LLC ("Guild") hereby objects pursuant to Local Civil Rule 72 to the non-dispositive portions of the December 6, 2022 Report and Recommendation [Dkt. 142] ("Report") denying the imposition of sanctions against defendant CrossCountry Mortgage, LLC ("CrossCountry").

## I.    INTRODUCTION

CrossCountry recklessly submitted multiple frivolous filings to this Court over the course of this litigation falsely asserting in its answer, corporate disclosure statement, and motion for a counterclaim that diversity jurisdiction existed and that CrossCountry is a citizen of Ohio, without investigating the facts or the law, in clear, willful, and ongoing violation of the Local Civil Rules, the Federal Rules of Civil Procedure, and the Orders of this Court.  Then, near the close of discovery, and on the heels of receiving several adverse rulings, CrossCountry finally revealed an upstream California member that destroyed diversity.  After CrossCountry revealed its misstatements, the Magistrate ordered it to comply with LCR 7.1 and to reveal its full citizenship, but CrossCountry has not complied.  As a result, CrossCountry evaded numerous adverse rulings, wasted over a year of party and Court time, cost Guild over two million in attorneys' fees and costs, and made a mockery of the Court's Local Civil Rules and Orders.  It is on this record that Guild moved for sanctions against CrossCountry pursuant to LCR 11(c) and the Court's inherent power. *See* Motion [Dkt. 117], Reply [Dkt. 132], Fee App. [Dkt. 141].

Guild proved its entitlement to sanctions.  The Magistrate correctly found that "CrossCountry violated Rule 11(b)(3) because its factual contention about its members' residency failed to meet the standard that it 'have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]'" Report 23:15-24:1 (quoting Fed. R. Civ. P. 11(b)(3)).  "There was no support for that factual contention at the time and later investigation revealed it to be false." Report 24:1-2.  "CrossCountry's failure to investigate its citizenship led to false factual assertions before this Court." Report 25:2.

"In addition," the Court found, "CrossCountry continues to flout LCR 7.1(b) and Court Orders to comply with that rule to reveal its citizenship." Report 25:3-5.  This is remarkable and

PLAINTIFF GUILD MORTGAGE LLC'S OBJECTION
TO REPORT AND RECOMMENDATION - 1
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

bears repeating: ***the Magistrate specifically ordered CrossCountry to comply with LCR 7.1(b), and it refused to comply, and continues to refuse***. Thus, "CrossCountry not only has violated Rule 11(b)(3) by making false factual contentions, but continues to refuse to provide accurate information." *Id.*

That is clearly sanctionable conduct under LCR 11(c) and the Court's inherent power. Nevertheless, the Report recommends denying sanctions because, "[a]lthough CrossCountry's failure to conduct a reasonable investigation into its citizenship is highly suggestive of gross negligence, bad faith has not been shown on the record before the Court" and sanctions in the form of attorneys' fees "require a finding of bad faith or other intentional misconduct." Report 15:7-13. While Guild recognizes the Magistrate's reluctance to award sanctions, it respectfully submits that the ultimate conclusion of the Report is directly contradicted by the Magistrate's factual findings and the law, both of which counsel in favor of serious sanctions to uphold the integrity of this Court's Local Rules and Orders, and to partially compensate Guild for the severe prejudice caused by CrossCountry's willful violations of Orders and Rules, and reckless and frivolous filings.

Indeed, the Court should award the entire amount of sanctions sought by Guild. As the Magistrate found in the Report, "CrossCountry's conduct infected not just one pleading, but the entire proceeding, leading to a year of litigation effort largely wasted." Report 27:9-10. Moreover, "[t]he Court notes that CrossCountry has not taken, or offered to take, any corrective action." Report 27:21-22. "The lack of corrective action weighs in favor of a more substantial sanction." Report 28:4-5. "Given the considerable financial resources of a large national company like CrossCountry, presumably a larger sanction would be needed to deter similar activity in the future." Report 27:12-14. Guild respectfully submits that the $25,000 sanction proposed by the Magistrate is not large enough to deter CrossCountry, and it certainly would not come close to compensating Guild. The Court should award Guild no less than $337,000, which does not come close to fully compensating Guild, but may act as a deterrent to further similar conduct by CrossCountry and others who come before this Court.

PLAINTIFF GUILD MORTGAGE LLC'S OBJECTION
TO REPORT AND RECOMMENDATION - 2
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

## II. DISCUSSION

### A. Legal Basis for Sanctions

Guild moved for sanctions pursuant to LCR 11(c) and the Court's inherent power.[1] LCR 11(c) provides:

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

LCR 11(c); Report 15:15-23. "Courts may impose sanctions in the form of attorney's fees under local rules only for 'bad faith actions or willful disobedience of court orders or rules.'" Report 16:1218 (quoting *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir. 1989)).

In addition, under its inherent powers, a court may sanction an attorney or party who (1) acts in "bad faith, vexatiously, wantonly, or for oppressive reasons" or (2) willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Ninth Circuit requires "a finding of bad faith before sanctions may be imposed under the court's inherent power." Report 18:17-22; *Zambrano*, 885 F.2d at 1478. In 2001, the Ninth Circuit explained that "mere recklessness, without more, does not justify sanctions under a court's inherent power," but that prior case law, including *Zambrano*, "make clear that sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). Thus, "[s]anctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.*

### B. The Factual Findings in the Report Support Sanctions

The factual findings in the Report establish that CrossCountry acted in bad faith or, at a minimum, acted recklessly when combined with an additional factor such as frivolousness, which is

---

[1] Guild also moved for sanctions against CrossCountry pursuant to 28 U.S.C. § 1927, but acknowledged in its Reply that such sanctions are only available against CrossCountry's attorneys, and thus does not address that portion of the Report.

tantamount to bad faith. In addition, there is no question that CCM willfully disobeyed a Court Order and the Local Civil Rules, and continues to do so, which is both independently sanctionable, and further supports bad faith.

As stated in the Report, CCM submitted multiple false filings to this Court without any investigation, which were undeniably reckless filings that were clearly combined with frivolousness. "On November 29, 2021, CrossCountry filed its answer, 'admit[ting] CrossCountry is a Delaware limited liability corporation with its principal place of business in Brecksville, Ohio and is an Ohio citizen' and admitting Guild's allegations regarding jurisdiction." Report 3:11-13. "On January 3, 2022, CrossCountry filed a Corporate Disclosure statement, asserting it 'is organized under the laws of the State of Delaware, with its principal place of business in Brecksville, Ohio. [Its] members . . . are Ohio citizens.'" Report 3:18-20. "On February 25, 2022, CrossCountry filed a Motion for Leave to File a Permissive Counterclaim . . . . In its proposed counterclaim, CrossCountry alleged that "Guild is a California LLC with its sole member being a Delaware corporation and [CrossCountry] is a Delaware LLC with Ohio-resident members.'" Report 3:21-4:1. These were all false filings, which the Report characterized as "egregious errors in failing to determine its citizenship." Report 18:11-13. The Report states that the factual contention in CCM's proposed counterclaim, in particular "was misleading if not outright false." Report 23:8-9. As such, the Court concluded that CCM violated Rule 11(b)(3) because its factual contention about its members' residency failed to meet the standard that it "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Report 23:15-24:1 (citing Fed. R. Civ. P. 11(b)(3)). "There was no support for that factual contention at the time and later investigation revealed it to be false." Report 24:1-2. "CrossCountry's failure to investigate its citizenship led to false factual assertions before this Court." Report 25:2-3. The law provides that recklessness combined with frivolousness is tantamount to bad faith. If the foregoing actions do not qualify, nothing does. But if there is any uncertainty about CrossCountry's bad faith on that record alone, its subsequent conduct proves it beyond a doubt.

PLAINTIFF GUILD MORTGAGE LLC'S OBJECTION
TO REPORT AND RECOMMENDATION - 4
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

As of this filing, CrossCountry still refuses to comply with the Local Civil Rules and the Magistrate's Order requiring it to do so. "In addition," the Court found, CCM "continues to flout court orders to obtain the facts from which its full citizenship could be determined." Report 24:1-2; *see also* Report 25:3-4 ("CrossCountry continues to flout LCR 7.1(b) and Court Orders to comply with that rule to reveal its citizenship"). "This makes the violation of Rule 11 an ongoing violation." Report 24:5-6. "CrossCountry not only has violated Rule 11(b)(3) by making false factual contentions, but continues to refuse to provide accurate information." Report 25:4-5. "[T]he continued refusal to disclose citizenship is willful and ongoing." Report 27:8-9. CrossCountry's violation of a Court Order, standing alone, is sanctionable conduct under Ninth Circuit and U.S. Supreme Court authority. In addition, its willful violations of a Court Order and the Local Rules is clear evidence of bad faith. Moreover, this continuing bad behavior by CrossCountry bolsters the earlier evidence of bad faith in its deficient filings, and shows that the totality of CrossCountry's actions in this case do not add up to mere negligence or an egregious mistake – CrossCountry acted in bad faith from the beginning or, at a minimum, it was reckless and frivolous, which is tantamount to bad faith.

### III.   CONCLUSION

CCM had obligations to investigate the facts and the law to determine its citizenship before making representations to the Court, and it repeatedly failed to do so, and then it doubled down by willfully violating the Local Civil Rules and flouting an Order of this Court. "CrossCountry's conduct infected not just one pleading, but the entire proceeding, leading to a year of litigation effort largely wasted." Report 27:9-10. "Given the considerable financial resources of a large national company like CrossCountry, presumably a larger sanction would be needed to deter similar activity

///

PLAINTIFF GUILD MORTGAGE LLC'S OBJECTION
TO REPORT AND RECOMMENDATION - 5
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

in the future." Report 27:12-14. The Court has authority to sanction CCM in the amount of $337,000, and it should do so.

Date: December 20, 2022

SIDLEY AUSTIN LLP

By:   */s/ Eric B. Schwartz*
Chad S. Hummel (*Pro Hac Vice*)
Eric B. Schwartz (*Pro Hac Vice*)
555 W. 5th Street, Suite 4000
Los Angeles, CA 90013
(213) 896-6000
eschwartz@sidley.com

HILLIS CLARK MARTIN & PETERSON P.S.
Eric D. Lansverk
999 Third Avenue, Suite 4600
Seattle, WA 98104
(206) 470-7634
eric.lansverk@hcmp.com

Attorneys for Plaintiff
GUILD MORTGAGE COMPANY LLC

PLAINTIFF GUILD MORTGAGE LLC'S OBJECTION
TO REPORT AND RECOMMENDATION - 6
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013

# CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, I electronically filed the foregoing document: **PLAINTIFF GUILD MORTGAGE LLC'S PARTIAL OBJECTION TO NON-DISPOSITIVE MATTERS IN THE REPORT AND RECOMMENDATION DATED DECEMBER 6, 2022 [DKT. 142]** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Counsel for Defendant CrossCountry Mortgage, LLC**:

| | |
|---|---|
| Benjamin J. Stone | Benjamin.Stone@lewisbrisbois.com |
| Brad Bigos | Brad.bigos@lewisbrisbois.com |
| Kylene R. Slocum | Kylene.Slocum@lewisbrisbois.com |
| John R. Conley | John.Conley@lewisbrisbois.com |
| | Tami.Foster@lewisbrisbois.com |
| | Hilton.Platt@lewisbrisbois.com |
| | Jodi.McKinley@lewisbrisbois.com |
| | |
| Michael A. Platt | maplatt@jonesday.com |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 20th day of DECEMBER, 2022 at Los Angeles, California.

_____
Lillian Bernal Ruiz

PLAINTIFF GUILD MORTGAGE LLC'S OBJECTION
TO REPORT AND RECOMMENDATION - 7
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA 90013