**Judge John C. Coughenour**
**Judge Michelle L. Peterson**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GUILD MORTGAGE COMPANY LLC,

     Plaintiff,

vs.

CROSSCOUNTRY MORTGAGE LLC,

     Defendant.

Case No. 2:21-CV-01376-JCC-MLP

**DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S**
**OBJECTION TO THE REPORT AND RECOMMENDATION OF DECEMBER 6, 2022**

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022,  2:21-CV-01376-JCC-MLP

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &**
**SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

INTRODUCTION .................................................................................................................. 1

RELEVANT BACKGROUND ............................................................................................. 3

ARGUMENT ........................................................................................................................ 6

      I.      CrossCountry's Inability to "Comply in Full" With LCR 7.1(b) Is
            Outside of Its Control ................................................................................. 6

      II.     CrossCountry Has Already Substantially Complied With, and
            Fully Satisfied the Purpose of, LCR 7.1(b) .......................................... 9

CONCLUSION ................................................................................................................... 12

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022,  2:21-CV-01376-JCC-MLP

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1    CrossCountry submits this limited Objection to the Report and Recommendation issued

2  by the Magistrate Judge on December 6, 2022 (the "Report").  (Dkt. 142.)  CrossCountry objects

3  solely to the portion of the Report that (i) finds that CrossCountry is not complying with Local

4  Civil Rule ("LCR") 7.1(b), and (ii) recommends that CrossCountry be ordered "to provide a

5  complete list of its states of citizenship" or else pay $25,000 in sanctions.  (*Id.* at 2, 28.)

6                              **INTRODUCTION**

7    The Report, among other things, (i) grants the parties' requests for judicial notice;

8  (ii) grants in part CrossCountry's Motion to Seal; (iii) recommends that CrossCountry's Motion

9  to Dismiss for lack of diversity jurisdiction be granted; and (iv) denies Guild's Motion for

10  Sanctions because the record is clear that CrossCountry's failure to previously recognize the lack

11  of diversity in this action was not the result of any bad faith.  Those decisions are well supported

12  by the record and by controlling law, and CrossCountry has no objection to them.

13    CrossCountry has no choice, however, but to object to the Report's finding that

14  CrossCountry is flouting Local Rule 7.1(b), as well as its recommendation that CrossCountry be

15  ordered to "comply in full" with LCR 7.1(b) by "provid[ing] a complete list of its states of

16  citizenship or pay $25,000 in Sanctions[.]"  (Report at 2; *accord id.* at 28.)  As discussed herein,

17  that finding is incorrect and the recommendation is unnecessary, would not serve the purpose of

18  LCR 7.1(b), and would require CrossCountry to provide information that simply is not within its

19  possession or control.

20    For one thing, CrossCountry is not a typical party with the ability to "comply in full"

21  with LCR 7.1(b).  From the time of its founding in 2003 until relatively recently, CrossCountry

22  had been a corporation wholly owned by its founder.  But in October 2019, it converted into a

23  Delaware limited liability company in connection with an investment made by a third-party

24  venture capital firm, The Radcliff Companies.  As a result of that transaction, an investment

25  vehicle named Radcliff CCM I LLC ("Radcliff") became a minority member of CrossCountry.

26  And as a consequence of Radcliff becoming such a member, CrossCountry's citizenship in states

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   other than Ohio became determined entirely by the citizenship of Radcliff, which itself has many

2   layers of members—which are also LLCs—whose information Radcliff maintains as highly

3   confidential.  (*See* Report at 8-13; *see also* Dkt. 139.)  CrossCountry has no control over

4   Radcliff, and no possession or control over the information necessary to ascertain all of the states

5   in which Radcliff has citizenship.  CrossCountry has tried its best to obtain that citizenship

6   information from Radcliff in order to comply with LCR 7.1(b), and has succeeded as to the states

7   that are relevant to this Court's diversity jurisdiction:  California and Delaware.  But Radcliff has

8   declined to provide its citizenship as to every state.  As discussed herein, CrossCountry is ***not*** in

9   any way flouting LCR 7.1(b).  Rather, it simply lacks the power to fully comply with

10  LCR 7.1(b), making sanctions under Rule 11 inappropriate.

11          For another thing, as noted, CrossCountry has already disclosed its citizenship in Ohio as

12  well as its citizenship with respect to the two states that are relevant to the diversity-jurisdiction

13  analysis:  California and Delaware.  (*See* CrossCountry's Amended Corporate Disclosure

14  Statement, dated Sept. 23, 2022 (Dkt. 126); *see also* Report at 12-13.)  In so doing, CrossCountry

15  has substantially complied with—and fully satisfied the purpose of—LCR 7.1(b), by providing

16  sufficient information for the Court to determine the absence of diversity jurisdiction.  Under

17  these circumstances, requiring CrossCountry under penalty of sanction to disclose all of the

18  additional states in which Radcliff has citizenship—which are not relevant to this litigation, and

19  are superfluous to the diversity issue—would serve no meaningful purpose.

20          What is more, as of this month, Federal Rule of Civil Procedure 7.1 has been amended to

21  mirror the requirements of LCR 7.1(b).[1]  In drafting that amendment, the Advisory Committee

22  explicitly recognized that the disclosure of citizenship required by new Rule 7.1(a)(2) may be

23  appropriately limited in precisely these circumstances, where a party "cannot ascertain" every

24  state in which it is a citizen and where the party's citizenship disclosure is otherwise sufficient to

25

26  _____
    [1] *See* Memorandum From the Comm. on Rules of Prac. and Proc. to Scott S. Harris, Clerk, Sup. Ct. of the U.S. (Oct. 18, 2021) 126-28, *at* https://www.uscourts.gov/sites/default/files/scotus_package_2021_final_0.pdf.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022,  2:21-CV-01376-JCC-MLP

2

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   "reveal[] a citizenship that defeats diversity jurisdiction." Fed. R. Civ. P. 7.1 Committee Note—

2   2022 Amendment.  CrossCountry asks this Court to apply that same sensible approach here.

3                                    **RELEVANT BACKGROUND**

4         The Report arises out of a mistake.  After ten months of litigating Guild's claims in this

5   action—which are premised solely on Guild's assertion of diversity jurisdiction—CrossCountry

6   discovered that such diversity was lacking.  This background is fully set forth in CrossCountry's

7   prior briefing and supporting declarations.  (Dkts. 127, 128, 129, 130, 138, 139.)  In sum and

8   substance, CrossCountry's discovery of the jurisdictional defect was the result of new counsel

9   appearing for CrossCountry in June of this year.  After new counsel—Michael Platt of Jones

10  Day—became involved in the case in late May 2022 and reviewed Guild's Complaint on June 3,

11  2022, CrossCountry for the first time appreciated that, as a limited liability company, it needed to

12  ask its third-party investor (and member), Radcliff, about that member's states of citizenship in

13  order to determine whether diversity existed.  (Platt Decl. ¶¶ 3-6 (Dkt. 128); Wakefield Decl.

14  ¶¶ 4-10 (Dkt. 129).)  CrossCountry and its initial counsel at the Lewis Brisbois firm had not

15  previously appreciated the need to do so.  (Wakefield Decl. ¶ 10; Stone Decl. ¶¶ 5-7 (Dkt. 130).)

16  Nor had Lewis Brisbois appreciated the requirements of LCR 7.1(b).  (Stone Decl. ¶ 8.)[2]

17        After realizing the issue, CrossCountry was proactive in correcting it.  Just a few days

18  later, on June 9, CrossCountry reached out to Radcliff to ask whether it had any California

19  citizenship.  (Platt Decl. ¶¶ 4-6; Wakefield Decl. ¶ 10.)  It was not until the week of July 18,

20  2022 that Radcliff disclosed for the first time that, among Radcliff's upstream LLC members

21  there has existed since the outset of this litigation a California citizen.  (Platt Decl. ¶ 6;

22  Wakefield Decl. ¶ 10.)  In fact, the natural person who had California citizenship is a member of

23  a member of a member of Radcliff—at least four levels of LLCs removed from CrossCountry.

24

25  _____

    [2] For its part, Guild, which is also an LLC, also did not appreciate the requirements of LCR 7.1(b), and its Corporate
    Disclosure Statement nowhere indicated its states of citizenship.  (*See* Dkt. 3.)  Further, Guild's Complaint failed to
26  plead its complete citizenship, asserting in paragraph 11 of the Complaint that it is a citizen of Delaware (Dkt. 1
    ¶ 11), even though it knew at the time that it was also a citizen of California (*see* Dkt. 128-1 at Dkt. Page 201-02).

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

3

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   (Report at 13.)  As soon as CrossCountry received documentary evidence of that citizenship on

2   July 22, it promptly moved to dismiss, and the Report correctly recognizes that CrossCountry's

3   motion should be granted.  (*Id.* at 11-13.)  Indeed, it is undisputed that diversity jurisdiction in

4   this action is lacking.  (*See id.* at 4; *see also* Dkt. 116.)

5        Guild, for its part, filed a Motion for Sanctions against CrossCountry, seeking over

6   $633,000 in attorney's fees and costs it had purportedly incurred over the course of the litigation.

7   (Dkt. 117.)  The Report correctly denies Guild's motion, finding that "bad faith has not been

8   shown on the record before the Court."  (Report at 15.)

9        After Guild moved for sanctions, the Court issued an Order on September 19, 2022,

10  directing both parties to submit, by September 23, new Corporate Disclosure Statements that

11  comply with LCR 7.1(b).  (Dkt. 124.)  In their original Corporate Disclosure Statements, neither

12  party had fully complied with the requirements of LCR 7.1(b).  (*See* Dkts. 3, 34.)  In compliance

13  with the Court's Order, CrossCountry filed its Amended Corporate Disclosure Statement on

14  September 23, 2022, disclosing CrossCountry's members as "CrossCountry Holding Corp., an

15  Ohio corporation with its principal place of business in Ohio, and Radcliff CCM I LLC, a

16  Delaware limited liability company," and that "[t]he states in which the party and members

17  identified above have been citizens from October 8, 2021 through the present include Ohio and

18  California."  (Dkt. 126.)  CrossCountry's Amended Statement also left no doubt that it had

19  conducted its best effort to provide all of the citizenship information in its possession or control:

20       Because CrossCountry's citizenship depends on the citizenship of Radcliff CCM I
         LLC ("Radcliff"), which is an outside, third-party investment vehicle,
21       CrossCountry inquired with Radcliff, following the Court's Order of September
         19, 2022 (ECF No. 124), to ask for an identification of the states in which
22       Radcliff was a citizen as of October 8, 2021 through the present.  Radcliff
         confirmed that, during such time period, it has had citizenship in California and
23       that it is informed and believes that it has not been a citizen of Delaware.  Radcliff
         declined to provide CrossCountry with any additional information regarding
24       Radcliff's citizenship.  Otherwise, the information necessary to identify the states
         in which Radcliff has been a citizen from October 8, 2021 through the present is
25       not within CrossCountry's possession, custody, or control.

26

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

4

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

(*Id.* at 2.)  In a footnote, CrossCountry further disclosed that:

> Based on an exchange between CrossCountry's counsel, Jones Day, and counsel for Radcliff on October 3, 2019, Jones Day is aware that, as of that date, Radcliff had citizenship in Illinois, Maryland, New York, and Pennsylvania, and was not a citizen of Delaware, New Jersey, or Virginia, but Jones Day does not know whether that information was correct as of October 8, 2021.

(*Id.* at 2 n.2.)

During the oral argument on Guild's Motion for Sanctions and in a subsequent Order to Show Cause, the Magistrate Judge requested additional briefing on a new question related to CrossCountry's Amended Corporate Disclosure Statement:  the "enforceability of LCR 7.1(b) when an LLC party has upstream members who refuse to disclose their citizenship."  (Dkt. 135.) Both Parties submitted briefing on that issue.  (*See* Dkts. 138, 140.)

The ensuing Report correctly denied Guild's Motion for Sanctions and declined to issue any *sua sponte* sanctions, under Fed. R. Civ. P. 11(c)(3), relating to CrossCountry's "initial conduct of failing to investigate the acts underlying citizenship," which the Report concluded was merely "negligent."  (Report at 27.)  The Report does, however, find a violation of Rule 11(b)(3) and takes issue with what it perceives as CrossCountry's "continued refusal to disclose citizenship" in its Amended Corporate Disclosure Statement.  (*Id.*)  According to the Report, CrossCountry did not take corrective action and "continues to keep its citizenship and the underlying facts secret, preventing this Court or any other federal court from accurately determining where diversity jurisdiction is proper."  (*Id.* at 27-28; *see also id.* at 24 ("CrossCountry continues to flout Court orders to obtain the facts from which its full citizenship could be determined.").)  The Report recognizes CrossCountry's dilemma—that the facts needed to determine every state in which CrossCountry is a citizen are not within CrossCountry's possession or control—but nonetheless concludes that "CrossCountry may still be held responsible" (*id.* at 25), and conjectures that "if Radcliff chooses to obstruct CrossCountry's ability to comply with Court rules and orders, its investment in CrossCountry may be impacted when CrossCountry is sanctioned" (*id.* at 26.  The Report therefore recommends "giv[ing]

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022,  2:21-CV-01376-JCC-MLP

5

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   CrossCountry one final opportunity to comply with Court rules and orders requiring disclosure

2   of citizenship by giving CrossCountry 30 days to file a corporate disclosure statement in full

3   compliance with LCR 7.1(b) or, in the alternative, pay $25,000 in Sanctions." (*Id.* at 28.)

4   <u>**ARGUMENT**</u>

5          The Court should decline to adopt the Report insofar as it (i) finds that CrossCountry

6   continues to "flout" LCR 7.1(b) and the Order requiring compliance with that Local Rule, and

7   (ii) recommends that CrossCountry should be ordered to disclose every state in which it has

8   citizenship or else be sanctioned $25,000.  That finding and recommendation cannot be

9   reconciled with the record or with controlling law.

10  **I.      CrossCountry's Inability to "Comply in Full" With LCR 7.1(b) Is Outside of Its**
11  **        Control.**

12         At the outset, CrossCountry is by no means flouting LCR 7.1(b) or any Court Order.  It

13  has never suggested that this Local Rule is not meaningful or that it need not comply.

14  CrossCountry takes this matter seriously.  As soon as it appreciated the requirements of the Rule,

15  and in response to the Court's Order of September 19, CrossCountry turned to Radcliff and did

16  everything it could to fully comply with the Rule and Order.  But, as CrossCountry has

17  explained, it faces a fundamental obstacle that prevents it from identifying every state in which it

18  has citizenship:  the information required to make that identification as to any state other than

19  Ohio is not within CrossCountry's possession or control.

20         As the Report cogently explains, the citizenship of an LLC such as CrossCountry is based

21  on "the citizenship of each of its members"; when an LLC's members include other LLCs or

22  partnerships, "a party must trace through however many layers of partners or members there may

23  be until the underlying party's citizenship is established"; and "[i]n doing this analysis, often the

24  citizenship of an LLC will look like a factor tree that exponentially expands every time a

25  member turns out to be an LLC."  (Report at 11-12 (quotations, citations, and alteration

26  omitted).)  That is precisely the case with CrossCountry.  (*Id.* at 13 (describing Radcliff's

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

6

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   multiple layers of LLCs).)  Worse still, CrossCountry has no ability to do that analysis with

2   respect to Radcliff.  As described in the Declaration of Ashley Wakefield, Radcliff entered the

3   picture in October 2019, when "an outside venture capital firm, The Radcliff Companies, made a

4   substantial investment in CrossCountry."  (Wakefield Decl. ¶ 3 (Dkt. 129).)  "As part of that

5   transaction, CrossCountry converted from a corporation into a limited liability company

6   chartered in Delaware, with two members:   (i) Radcliff CCM I LLC, which was the entity

7   formed by The Radcliff Companies as the outside investment vehicle; and (ii) CrossCountry

8   Holding Corp., an Ohio corporation based in Ohio, which was formed by CrossCountry's pre-

9   existing owner to hold the remaining majority of CrossCountry's equity." (*Id.*)  As

10   CrossCountry's verified interrogatory answers and Amended Corporate Disclosure Statement

11   make clear, the information required to determine the complete citizenship of Radcliff CCM I

12   LLC is not in CrossCountry's custody, possession, or control, but rather is solely within

13   Radcliff's knowledge.  (Dkt. 118-5 at Page 8-9 of 16; Dkt. 126.)  This reality makes it

14   inappropriate to sanction CrossCountry, for at least three reasons.

15        First, it is well established that CrossCountry, as a Delaware LLC, "has a separate

16   juridical existence distinct from its members." *Wood v. U.S. Bank Nat'l Ass'n*, 246 A.3d 141,

17   148 (Del. Ch. 2021).  "This means that the LLC has an existence recognized by law as distinct

18   from that of its members and others just as a corporation is recognized as having a legal

19   existence separate and apart from its stockholders." *Id.* (quotation and alteration omitted).

20   Accordingly, it is equally well established that CrossCountry cannot be held responsible for the

21   conduct of Radcliff, which is a third party not before the Court. *See, e.g.*, *Kerr v. McKay*, No.

22   20-cv-190, 2022 WL 479140, at *6 (S.D. W. Va. Feb. 15, 2022) ("discovery sanctions are not

23   appropriate against Defendant WVDHHR for the purported non-compliance by DOH—a

24   separate entity and a non-party"); *Realtime Data, LLC v. Metropcs Texas, LLC*, No. 10-cv-493,

25   2012 WL 12904706, at *5 (E.D. Tex. Oct. 23, 2012) (declining to sanction the defendant for a

26   non-party's conduct because the non-party and the defendant were "separate entities").  And that

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

7

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

is especially true where, as the Report itself recognizes, "Radcliff has not been shown to be solely responsible for conducting CrossCountry's affairs." (Report at 26 n.5.) Thus, even if the Report's speculation were correct that "[Radcliff's] investment in CrossCountry may be impacted when CrossCountry is sanctioned" (*id.* at 26)—and that is not the case, nor is there any support for it in the record—it remains inappropriate to sanction CrossCountry for the conduct of a separate third party.

Second, sanctions on CrossCountry are not appropriate where it has no power to comply with the directive to disclose every state in which it is a citizen. As the Report recognizes, the type of *sua sponte* sanctions at issue here, under Rule 11(c)(3), cannot be imposed without a showing of conduct "akin to contempt of court." (*Id.* at 24-25.) And as the Report also recognizes, "'contempt typically consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps ***within the party's power to comply***.'" (*Id.* at 25 (quoting *Smith for J.L. v. Los Angeles Unified Sch. Dist.*, No. 16-2358, 2018 WL 6136820, at *19 (C.D. Cal. Oct. 31, 2018) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)) (emphasis added).) While the Report correctly recites that standard, it fails to account for the fact that CrossCountry does not have the "power to comply." For that reason alone, it is impossible to find that CrossCountry is engaging in conduct "akin to contempt of court." *See, e.g.*, *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("A party's inability to comply with a judicial order constitutes a defense to a charge of civil contempt.").

Third, as CrossCountry discussed in prior briefing, Rule 11(c)(4) makes clear that "sanction[s] imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *see Corrigan v. Unknown King Cnty. Deputy #1*, No. 05-cv-1727-P, 2006 WL 3091210, at *4 (W.D. Wash. Oct. 27, 2006) ("the primary purpose of Rule 11 sanctions is deterrence, not compensation"). But because CrossCountry has no control over Radcliff and does not have the

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

8

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

power to comply with LCR 7.1(b) without Radcliff's assistance, compelling CrossCountry to disclose every state in which Radcliff is a citizen—under penalty of a $25,000 sanction—necessarily would not have any deterrent effect. As such, sanctions against CrossCountry would not be an appropriate remedy.

## II. CrossCountry Has Already Substantially Complied With, and Fully Satisfied the Purpose of, LCR 7.1(b).

The record also makes clear that the Report is incorrect in stating that CrossCountry failed to take corrective action and "continues to keep its citizenship and the underlying facts secret, preventing this Court or any other federal court from accurately determining where diversity jurisdiction is proper." (Report at 27-28.) Notwithstanding CrossCountry's inability to disclose *every* state in which it has citizenship, CrossCountry nonetheless substantially complied with, and satisfied the purpose of, LCR 7.1(b) by obtaining from Radcliff, and including in its Amended Corporate Disclosure Statement, a disclosure of citizenship as to the states that *do* accurately determine the Court's diversity jurisdiction.

In considering the Report, it is critical to identify the purpose of LCR 7.1(b), which requires parties "[i]n diversity actions" to "list [in the corporate disclosure statement] those states in which the party, owners, partners, or members are citizens." By its terms, the purpose of LCR 7.1(b) is to allow the Court and parties to determine whether diversity jurisdiction exists. Notably, LCR 7.1(b) was ahead of its time. As of this month, Federal Rule of Civil Procedure 7.1 has been amended to add a provision similarly requiring every party in a diversity action to identify in its corporate disclosure statement the citizenship of "every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2). The purpose of new Rule 7.1(a)(2), like LCR 7.1(b), is "to facilitate an early and accurate determination of jurisdiction." Fed. R. Civ. P. 7.1 Committee Note—2022 Amendment. The drafters of new Rule 7.1(a)(2) expressly recognized, however, that the Rule "does not address the questions that may arise *when a disclosure statement or discovery responses indicate that the party or*

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

9

JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

LEWIS BRISBOIS BISGAARD &
SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1    *intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may*

2    *be attributed to it*." *Id.* (emphasis added).  For that reason, the drafters acknowledged that "the

3    court may limit the disclosure in appropriate circumstances." *Id.*  Thus, "*[d]isclosure might be*

4    *cut short when a party reveals a citizenship that defeats diversity jurisdiction*." *Id.* (emphasis

5    added).  This is exactly that type of situation.

6        As discussed, while CrossCountry knows that CrossCountry Holding Corp. is a citizen of

7    Ohio, it has no control over its third-party investor/member Radcliff, and no ability to ascertain

8    the complete citizenship of Radcliff.  In that regard, CrossCountry is entirely dependent on

9    Radcliff's willingness to provide its citizenship information voluntarily (or through third-party

10    discovery).[3]  Thus, after the Court issued its September 19 Order, CrossCountry turned to

11    Radcliff "to ask for an identification of the states in which Radcliff was a citizen as of October 8,

12    2021 through the present."  (Dkt. 126 at 2.)  Radcliff declined to provide *every* state in which it

13    had citizenship, but nonetheless "confirmed that, during such time period, it has had citizenship

14    in California and that it is informed and believes that it has not been a citizen of Delaware," and

15    CrossCountry so stated those facts in its Amended Corporate Disclosure Statement.  (*Id.*)  Those

16    two states—California and Delaware—are the only states relevant to this Court's diversity

17    jurisdiction because they are the only states in which Guild has citizenship.  (Report at 12-13.)

18        Accordingly, CrossCountry's Amended Corporate Disclosure Statement does in fact

19    constitute corrective action, demonstrates that CrossCountry has taken reasonable steps within its

20    power to comply, and shows that CrossCountry has substantially complied with LCR 7.1(b) by

21    disclosing sufficient citizenship information to fully satisfy the purpose of the Rule.  For that

22    reason alone, CrossCountry's conduct with respect to the Amended Corporate Disclosure

23    Statement does not amount to conduct "akin to contempt," and sanctions would not be

24

25    [3] Notably, after CrossCountry filed its motion to dismiss for lack of diversity, Guild served a subpoena on Radcliff
that sought to ascertain every state in which Radcliff is a citizen.  Radcliff, however, refused to provide that
26    information, and Guild later compromised by settling for a declaration from Radcliff confirming that Radcliff has an
upstream LLC member with citizenship in California—a state that defeats diversity jurisdiction.  (Dkt. 118-7.)

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:1-CV-01376-JCC-MLP

10

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1    appropriate.  *See In re Dual-Deck*, 10 F.3d at 695 (9th Cir. 1993) (recognizing that "[c]ivil

2    contempt in this context consists of a party's disobedience to a specific and definite court order

3    ***by failure to take all reasonable steps within the party's power to comply***," and that

4    ***"'[s]ubstantial compliance' with the court order is a defense to civil contempt"***) (emphasis

5    added); *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1305 (9th Cir. 1983)

6    (observing that the "district court properly looked beyond the facial language [of the Rules of

7    Civil Procedure] and applied the Rules in a manner consistent with their underlying purpose").[4]

8        In this context, the Report's finding that CrossCountry is "preventing this Court or any

9    other federal court from accurately determining where diversity jurisdiction is proper" (Report at

10   28) cannot be sustained.  For one thing, by disclosing Radcliff's California citizenship,

11   CrossCountry's Amended Corporate Disclosure Statement does in fact contain the citizenship

12   information necessary to demonstrate that diversity jurisdiction does not exist.  For another

13   thing, the Report has ***already*** concluded diversity jurisdiction does not exist.  (*Id.* at 11-13.)  And

14   even as to "any other federal court" in which CrossCountry might find itself in the future, the

15   Amended Corporate Disclosure Statement makes clear to such courts and future litigants that

16   CrossCountry may have citizenship in other states by virtue of its member Radcliff, and that

17   CrossCountry is not in the possession of information necessary to determine its complete

18   citizenship.  It therefore provides notice of the potential need to take jurisdictional discovery

19   from Radcliff in order to determine the existence of diversity.  What is more, as the Amended

20   Corporate Disclosure Statement shows, Radcliff ***did*** disclose whether it is a citizen of the two

21   states relevant to diversity jurisdiction in this case, and there is no reason to believe that Radcliff

22   would not do the same in a future case in federal court.  With all of this in mind, it is difficult to

23   imagine what purpose could possibly be served by compelling CrossCountry, under penalty of

24   sanction, to disclose in yet another corporate disclosure statement every *additional* state in which

25
26   _____

[4] For similar reasons, CrossCountry's Amended Corporate Disclosure Statement cannot possibly constitute a
violation of Fed. R. Civ. P Rule 11(b)(3), as its factual contentions are supported by the record and it shows on its
face that it is the product of a reasonable inquiry under the circumstances.

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

11

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1   Radcliff has citizenship.  And that is especially true given that forcing such a strict technical

2   compliance with LCR 7.1(b) is incompatible with the more flexible approach suggested by the

3   Advisory Committee with respect to the new Federal Rule 7.1(a)(2).

4        To be clear, if this Court were to adopt the Report's recommendation that CrossCountry

5   be ordered to disclose every additional state in which it has citizenship, or else be sanctioned

6   $25,000, CrossCountry will certainly turn to Radcliff yet again and ask for such information.

7   But under the circumstances discussed herein—where CrossCountry does not possess the power

8   to comply and where it has already disclosed its citizenship as to the states that determine

9   diversity jurisdiction in this case—we respectfully ask this Court to apply the sensible approach

10  articulated in the Advisory Comments to new Rule 7.1(a)(2), by absolving CrossCountry of the

11  need to disclose its citizenship beyond the states that are already disclosed in its Amended

12  Corporate Disclosure Statement.

13                                **CONCLUSION**

14       For the foregoing reasons, CrossCountry respectfully submits that the Court should not

15  adopt the portion of the Report that (i) finds that CrossCountry is flouting LCR 7.1(b), and

16  (ii) recommends CrossCountry be ordered to disclose every state in which it has citizenship in a

17  second amended Corporate Disclosure Statement or else be sanctioned $25,000.

18  Dated:  December 20, 2022              Respectfully submitted,

19                                        JONES DAY

20

21                                        *s/ Michael A. Platt*
                                          Michael A. Platt, *Admitted Pro Hac Vice*
22                                        maplatt@jonesday.com
                                          North Point
23                                        901 Lakeside Avenue
                                          Cleveland, Ohio 44114-1190
24                                        Tel:  (216) 586-3939
                                          Fax:  (216) 579-0212
25

26

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022, 2:21-CV-01376-JCC-MLP

12

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1

LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3
*s/ Benjamin J. Stone*
Benjamin J. Stone, WA Bar No. 33436
4
Benjamin.Stone@lewisbrisbois.com

5
*s/ John R. Conley*
John R. Conley, *Admitted Pro Hac Vice*
6
John.Conley@lewisbrisbois.com
1111 Third Avenue, Suite 2700
7
Seattle, Washington 98101
Tel:  (206) 436-2020
8
Fax:  (206) 436-2030

9
*Counsel for Defendant*
*CrossCountry Mortgage, LLC*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022,  2:21-CV-01376-JCC-MLP

13

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DECLARATION OF SERVICE**

I hereby certify that on December 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

***Counsel for Plaintiff Guild Mortgage Company***

Eric D. Lansverk                                  eric.lansverk@hcmp.com
                                                          Carol.cannon@hcmp.com

Chad S. Hummel (Pro Hac Vice)          chummel@sidley.com
Eric B. Schwartz (Pro Hac Vice)         eschwartz@sidley.com
Renee Perisi (Pro Hac Vice)               rpesiri@sidley.com
                                                          lespinoza@sidley.com
                                                          lruiz@sidley.com
                                                          laefilingnotice@sidley.com

Dated:   December 20, 2022 at Seattle, Washington.

                                        *s/ Tami L. Foster*
                                        Tami L. Foster, Legal Secretary
                                        Tami.Foster@lewisbrisbois.com

DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF
DECEMBER 6, 2022,  2:21-CV-01376-JCC-MLP

14

**JONES DAY**
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.436.2020 • Fax
206.436.2030