JUDGE JOHN C. COUGHENOUR
JUDGE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>Defendant. | Case No. 2:21-CV-01376-JCC-MLP<br><br>**PLAINTIFF GUILD MORTGAGE LLC'S RESPONSE TO CROSSCOUNTRY MORTGAGE, LLC'S OBJECTION TO THE REPORT AND RECOMMENDATION OF DECEMBER 6, 2022**<br><br>NOTED FOR CONSIDERATION:<br>JANUARY 6, 2023 |

## I.   INTRODUCTION

CrossCountry Mortgage, LLC ("CrossCountry") contends in its limited Objection ("Objection") [Dkt. 144] to the Report and Recommendation issued by the Magistrate Judge on December 6, 2022 ("Report") [Dkt. 142] that (1) it should not be compelled to comply with Local Civil Rule ("LCR") 7.1(b) requiring it to disclose its citizenship, (2) it should not be compelled to comply with the Magistrate Judge's Order requiring CrossCountry to comply with that Rule, and (3) it should not be sanctioned for its admitted failure to comply with both the LCR and the Order, because its member Radcliff CCM I LLC ("Radcliff") does not want to reveal its citizenship. CrossCountry's position lacks merit.

There is no question that CrossCountry should be sanctioned. CrossCountry submitted numerous frivolous and false filings alleging that diversity jurisdiction exists, only to reveal near the

close of discovery that it has an upstream California member that defeats diversity. As the Magistrate Judge found, CrossCountry's multiple frivolous and false filings regarding its citizenship have "infected not just one pleading, but the entire proceeding, leading to a year of litigation effort largely wasted." Report 27:9-10. CrossCountry's actions depleted judicial resources and severely prejudiced Guild by delaying its claims by over a year and costing it over two million dollars in wasted fees and costs. Those facts clearly support sanctions, as addressed in Guild's prior filings.

CrossCountry cannot avoid the consequences of its actions on the grounds that its member purportedly will not cooperate. The law is clear that when a party does not comply with Court Orders, the Court may sanction both the party that did not comply and the person or entity that caused the non-compliance. Were it otherwise, this Court would never be able to enforce its Orders or the LCR against LLCs like CrossCountry.

If CrossCountry is not ordered to comply with its obligation to reveal its full citizenship and to pay sanctions, CrossCountry will be encouraged to engage in similar conduct in the future, as will other litigants before this Court, who will be sent the message that they can violate LCR 7.1(b) and any Orders enforcing same with impunity. There is no question that under controlling law cited herein and in the other papers in this action, CrossCountry can and should be ordered to reveal its complete citizenship without delay and to pay substantial sanctions to Guild.

## II.   ARGUMENT

### A.   CROSSCOUNTRY CANNOT AVOID COMPLIANCE WITH THE LCR OR COURT ORDERS BECAUSE ITS OWN MEMBERS ALLEGEDLY PREVENT SUCH COMPLIANCE

CrossCountry and its attorneys knew that it had upstream members in various states, but falsely stated *multiple times*—including in its affirmative attempt to file a counterclaim—that diversity existed on the ground that CrossCountry is a citizen of Ohio. Dkt. 51. Such filings violated LCR 7.1(b). CrossCountry also willfully violated the Magistrate Judge's Order to amend its Local Rule 7.1(b) disclosure, which *still* does not "list those states in which the party, owners, partners, or members are citizens." Dkt. 124, 126; L.R. 7.1(b).

1  CrossCountry blames its upstream member for both of these violations, but clearly Radcliff is
2  willing to reveal the information CrossCountry needs to further CrossCountry's litigation objectives,
3  such as an upstream member that defeats diversity, and thus protect Radcliff's investment. It is clear
4  that CrossCountry, working hand-in-hand with Radcliff, is selectively revealing and withholding
5  information regarding its citizenship to try to gain a litigation advantage.

6  However, even if Radcliff is withholding citizenship information against CrossCountry's
7  wishes, CrossCountry and Radcliff can clearly be sanctioned under controlling law. Guild previously
8  briefed this issue for the Magistrate Judge [Dkt. 140], and does so again here for the convenience of
9  the District Judge. Tellingly, CrossCountry does not raise or distinguish any of this law in its
10 Objection, because it cannot do so.

11 Based on longstanding precedent from *Wilson v. United States*, 221 U.S. 361, 376 (1911) and
12 its progeny, LLCs and their members are bound by this Court's rules and orders, and both can be
13 sanctioned for failing to comply. In *Wilson*, the Supreme Court held that owners of a corporation and
14 the corporation itself may be punished for contempt for causing an entity to fail to comply with a
15 court order. *Wilson*, 221 U.S. at 376. The Supreme Court was clear: "A command to the corporation
16 is in effect a command to those who are officially responsible for the conduct of its affairs. If they,
17 apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action
18 within their power for the performance of the corporate duty, they, no less than the corporation itself,
19 are guilty of disobedience, and may be punished for contempt." *Id.*

20 That rationale applies equally to an LLC and its members (i.e., owners) as case after case has
21 held. *See Powell v. Collier Constr. LLC K A*, No. CV 03-0707, 2008 WL 11513012, at *3 (W.D. La.
22 Dec. 4, 2008), report and recommendation adopted sub nom. *Powell v. Collier Constr. LLC KA*,
23 No. CV 03-0707, 2009 WL 10733475 (W.D. La. Jan. 27, 2009) (applying Wilson's holding to an
24 LLC that violated a court order, stating that treating LLC's differently would "insulate those in
25 control of an LLC (or other unincorporated association) from sanctions for causing the organization
26 not to abide by a court order," and finding defendant LLC and its members jointly and severely
27 liable for compensatory damages); *Luv N' Care, Ltd. v. Laurain*, No. 218CV02224JADEJY,

28 PLAINTIFF GUILD MORTGAGE LLC'S RESPONSE TO            SIDLEY AUSTIN LLP
   CROSSCOUNTRY'S OBJECTION TO REPORT AND               555 W. 5th St., Suite 4000
   RECOMMENDATION - 3                                   Los Angeles, CA  90013
   USDC 2:21-cv-01376

2019 WL 4279028, at *4 (D. Nev. Sept. 10, 2019) (holding member of an LLC jointly and severally liable with the LLC for contempt following a failure to take any reasonable steps to comply with the court's order). "Otherwise, orders requiring an LLC to comply would be rendered meaningfulness because the individuals responsible for conducing the affairs of the LLC would bear no responsibility for non-compliance." *Powell*, 2008 WL 11513012 at *4. Here, based on CrossCountry's own admission, Radcliff was aware of the Magistrate Judge's Order to comply with LCR 7.1(b) and Radcliff chose to withhold information, causing CrossCountry's violation of the Order and LCR 7.1(b). Based on this conduct, the Court can enforce LCR 7.1(b) and the Order by sanctioning CrossCountry and, if it so chooses, Radcliff.

The cases cited by CrossCountry are inapposite. CrossCountry cites *Wood v. U.S. Bank Nat'l Ass'n*, 246 A.3d 141, 148 (Del. Ch. 2021), for the general proposition that members of an LLC are distinct legal entities. While true, that case does not hold that a member of an LLC can cause the LLC to violate court orders with impunity. The two cases CrossCountry cites for the proposition that that the litigation conduct of a third party cannot be attributed to CrossCountry are likewise inapposite. Those cases simply provide that a party cannot be held responsible for discovery violations by a third party—they do not absolve a party from the consequences of discovery violations of the party that were caused by "third party" owners. See cases cited by CrossCountry, *Kerr v. McKay*, No. 20-cv-190, 2022 WL 479140, at *6 (S.D. W. Va. Feb. 15, 2022) (plaintiff was not entitled to an adverse-inference or discovery sanctions against defendant based on the conduct of a third party in response to plaintiff's subpoena to the third party); *In Realtime Data, LLC v. Metropcs Texas, LLC*, No. 10-cv-493, 2012 WL 12904706, at *5 (E.D. Tex. Oct. 23, 2012) (imputing third party's purported spoilation to defendant would be excessive). None of the cases cited by CrossCountry refute the principles announced in *Wilson*.

B.   **CROSSCOUNTRY SHOULD BE COMPELLED TO REVEAL EVERY STATE IN WHICH IT IS A CITIZEN**

Pointing to the Committee Notes to Federal Rule of Civil Procedure ("FRCP") 7.1(a)(2), CrossCountry contends that it substantially complied with LCR and the Magistrate Judge's Order by

| PLAINTIFF GUILD MORTGAGE LLC'S RESPONSE TO CROSSCOUNTRY'S OBJECTION TO REPORT AND RECOMMENDATION - 4 USDC 2:21-cv-01376 | SIDLEY AUSTIN LLP 555 W. 5th St., Suite 4000 Los Angeles, CA  90013 |
|---|---|

revealing just enough information to defeat diversity in this case. CrossCountry's argument lacks merit and should be rejected. As an initial matter, the Committee Notes do not apply to the LCR or the Magistrate Judge's Order. But even if they did, they would not absolve CrossCountry here. The Committee Notes indicate that the Rule "does not address the questions that may arise when a ***disclosure statement or discovery responses indicate*** that the party or intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it." (Emphasis added.) In such cases, the Committee Notes state, "the court *may* limit the disclosure in appropriate circumstances." (Emphasis added.) Here, CrossCountry did not indicate in its initial disclosure statement, or its other false filings, that it could not ascertain its citizenship – it kept that fact hidden for nearly a year, and then revealed a member that destroyed diversity near the end of the case, after a string of adverse rulings. In addition, the Court did not exercise its discretion to limit disclosure; the Magistrate Judge expressly Ordered CrossCountry to comply with the LCR and it and its part-owner Radcliff failed to do so. In order to prevent further similar gamesmanship and flouting of this Court's authority in the future by CrossCountry and other LLCs, CrossCountry should not be found to have substantially complied with either the LCR or the Magistrate Judge's Order.

### III.   CONCLUSION

CrossCountry had obligations to investigate the facts and the law to determine Radcliff's citizenship before making its representations to the Court, and it repeatedly failed to do so in violation of the LCR and the Magistrate Judge's Order. The Court has authority to compel CrossCountry to comply with the LCR and the Court's Order, and to issue severe sanctions, and it should do both here.

Date:  January 3, 2023

SIDLEY AUSTIN LLP

By:   /s/ Eric B. Schwartz
Chad S. Hummel (*Pro Hac Vice*)
Eric B. Schwartz (*Pro Hac Vice*)
555 W. 5th Street, Suite 4000
Los Angeles, CA  90013
(213) 896-6000
eschwartz@sidley.com

| | |
|---|---|
| 1 | HILLIS CLARK MARTIN & PETERSON P.S. |
| 2 | Eric D. Lansverk |
|   | 999 Third Avenue, Suite 4600 |
| 3 | Seattle, WA 98104 |
|   | (206) 470-7634 |
| 4 | eric.lansverk@hcmp.com |
| 5 | Attorneys for Plaintiff |
| 6 | GUILD MORTGAGE COMPANY LLC |

PLAINTIFF GUILD MORTGAGE LLC'S RESPONSE TO CROSSCOUNTRY'S OBJECTION TO REPORT AND RECOMMENDATION - 6
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

# CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2023, I electronically filed the foregoing document: **PLAINTIFF GUILD MORTGAGE LLC'S RESPONSE TO CROSSCOUNTRY MORTGAGE, LLC'S OBJECTION TO THE REPORT AND RECOMMENDATION OF DECEMBER 6, 2022** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Counsel for Defendant CrossCountry Mortgage, LLC**:

| | |
|---|---|
| Benjamin J. Stone | Benjamin.Stone@lewisbrisbois.com |
| Brad Bigos | Brad.bigos@lewisbrisbois.com |
| Kylene R. Slocum | Kylene.Slocum@lewisbrisbois.com |
| John R. Conley | John.Conley@lewisbrisbois.com |
| | Tami.Foster@lewisbrisbois.com |
| | Hilton.Platt@lewisbrisbois.com |
| | Jodi.McKinley@lewisbrisbois.com |
| Michael A. Platt | maplatt@jonesday.com |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 3rd day of January, 2023 at Los Angeles, California.

*/s/ Lillian Bernal Ruiz*
Lillian Bernal Ruiz

PLAINTIFF GUILD MORTGAGE LLC'S RESPONSE TO
CROSSCOUNTRY'S OBJECTION TO REPORT AND
RECOMMENDATION - 7
USDC 2:21-cv-01376

SIDLEY AUSTIN LLP
555 W. 5th St., Suite 4000
Los Angeles, CA  90013

4854-6110-9575v.3