THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CROSSCOUNTRY MORTGAGE LLC,<br><br>　　　　　　Defendant. | CASE NO. C21-1376-JCC-MLP<br><br>ORDER |

This matter comes before the Court on Plaintiff's and Defendant's objections (Dkt. Nos. 143, 144) to the report and recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 142). Having thoroughly considered the R&R, the briefing, the relevant record, and finding oral argument unnecessary in light of the previous argument before Judge Peterson, the Court OVERRULES Plaintiff's and Defendant's objections, ADOPTS the R&R, GRANTS Defendant's motion to dismiss (Dkt. No. 108), and DENIES Plaintiff's motion for sanctions (Dkt. No. 117) for the reasons explained herein.

I.    BACKGROUND

The R&R sets forth the facts and procedural history of this case, which the Court will not repeat here. (*See* Dkt. No. 142 at 2–5.) In the R&R, Judge Peterson recommended that the Court grant Defendant's motion to dismiss (Dkt. No. 108). Judge Peterson also denied Plaintiff's motion for sanctions (Dkt. No. 117), and ordered Defendant to comply with LCR 7.1(b) or pay

$25,000 in sanctions within thirty (30) days of the date the R&R is adopted. Neither party objects to dismissal of the case. However, both parties object in part to the R&R. Plaintiff argues the R&R improperly denied its motion for sanctions. (Dkt. No. 143.) Defendant argues the R&R improperly requires it to disclose the states in which it has citizenship or else be sanctioned $25,000. (Dkt. No. 144.) The Court OVERRULES both parties' objections and ADOPTS the R&R in full for the reasons stated below.

## II.   DISCUSSION

### A.   Legal Standard

A district court reviews *de novo* the portions of an R&R to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with further instructions. *Id.* Objections must enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

### B.   Plaintiff's Objections

Plaintiff argues Judge Peterson incorrectly denied its motion for sanctions. (Dkt. No. 143.) Specifically, Plaintiff argues the R&R's conclusion is "directly contradicted by the Magistrate's factual findings and the law. . . ." (Dkt. No. 143 at 3.) Plaintiff asks the Court to award it the entire amount of the sanctions requested. (*Id.*)

Plaintiff asks for sanctions pursuant to either LCR 11(c) or the Court's inherent power. (*Id.* at 4.) However, both require a finding of bad faith or conduct amounting to bad faith. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1481, 1478 (9th Cir. 1989) (requiring bad faith or willful disobedience of the court for sanctions under local rules or sanctions under the court's inherent power). Plaintiff argues the factual findings in the R&R establish that Defendant acted in bad faith or, at least, that its conduct was tantamount to bad faith. (Dkt. No. 143 at 4–5.) In support, Plaintiff notes the R&R concluded Defendant made "egregious errors in failing to

determine its citizenship" and its "failure to investigate its citizenship led to false factual assertions." (Dkt. No. 143 at 5) (citing Dkt. No. 142 at 18, 25). According to Plaintiff, this proves that Defendant recklessly submitted numerous frivolous filings, evidencing willful bad faith conduct. (Dkt. No. 143 at 5.) But Judge Peterson explicitly noted that while Defendant's conduct suggests gross negligence, it does not rise to the level of bad faith or willful disobedience. (Dkt. No. 142 at 17.) And she directly pointed out that the standard for a finding of recklessness is difficult to meet, and is not present here. (*Id.* at 18.) The factual record supports this conclusion. Plaintiff also argues Defendant's subsequent conduct in failing to comply with the local rules supports a finding of bad faith. (Dkt. No. 143 at 5.) But Defendant's current conduct has no bearing on whether it *previously* acted in bad faith.

Accordingly, the Court FINDS that Judge Peterson did not err in concluding Defendant did not act in bad faith when it failed to properly determine its citizenship in a timely manner.

### C. Defendant's Objections

Defendant objects to Judge Peterson's order to show cause requiring it to comply with Local Rule 7.1(b) or pay $25,000 in sanctions. (Dkt. No. 144.) Defendant first argues that it cannot comply with the local rule because information about the citizenship of its members is out of its hands. (*Id.* at 8–11.)

Under Defendant's reasoning, LLC members could effectively insulate the LLC from the need to comply with a direct court order. For this reason, sanctions towards those in control of an LLC are appropriate where those individuals cause the organization not to abide by a court order. *See Powell v. Collier Construction LLC K A*, 2008 WL 11513012, slip op. at 3 (W.D. La. 2008); *Wilson v. United States*, 221 U.S. 361, 376 (1911). Although CrossCountry member Radcliff is not directly in charge of Defendant's day-to-day operations, and has a separate juridical existence from Defendant, *see Wood v. U.S. Bank National Association*, 246 A.3d 141 (Del. Ch. 2021), it does have direct control over Defendant's ability to disclose the states in which it is a citizen. And it chooses not to do so—in direct contradiction of the local rules.

While Radcliff is not necessarily responsible for Defendant's daily affairs, it is solely because of Radcliff's actions, as a member of the LLC, that Defendant has not complied with the local rule. And unlike the cases Defendant cites, Radcliff is not an unrelated third party. In *Kerr v. McKay*, for example, the court concluded one state agency could not be sanctioned based on an entirely different state agency's failure to comply with a subpoena. 2022 WL 479140, slip op. at 5 (S.D. W. Va. 2022). In *Realtime Data, LLC v. Metropcs Texas, LLC*, the court refused to sanction T-Mobile because spoilation occurred based on a third party's actions that were not imputed to T-Mobile. 2012 WL 12904706, slip op. at 5 (E.D. Tex. 2012). Allowing Defendant to avoid disclosing its citizenship, by saying that information is out of its control, would encourage future litigants to avoid compliance with the rules, hiding behind similar corporate structures. Sanctions here will prevent similar future conduct by others similarly situated.

Nor is Defendant's argument that it has already substantially complied with the local rules persuasive. The fact remains that it initially failed to disclose its members, and then selectively did so to its benefit, all the while failing to comply with the local rules. And as Judge Peterson noted, Defendant has still not taken corrective action. (Dkt. No. 142 at 27.) Although Defendant disclosed enough information to demonstrate a lack of complete diversity, this is insufficient to satisfy LCR 7.1(b).

Accordingly, the Court FINDS Judge Peterson did not err by concluding that Defendant must comply in full with the rule or pay sanctions for refusing to do so.

### III. CONCLUSION

Based on the foregoing reasons, the Court finds and ORDERS:

1. The Court OVERRULES Plaintiff's objections (Dkt. No. 143) and Defendant's objections (Dkt. No. 144) and APPROVES and ADOPTS Judge Peterson's Report and Recommendation (Dkt. No. 142).
2. The Court GRANTS Defendant's motion to dismiss (Dkt. No. 108) and DENIES Plaintiff's motion for sanctions (Dkt. No. 117).

3. The Court GRANTS in parts Defendant's motion to seal (Dkt. No. 107), and exhibits H, I, and J (Dkt. Nos. 107-2, 107-3, 107-4) shall be maintained under seal.
4. The Court DENIES Plaintiffs' motion for sanctions (Dkt. No. 117).
5. The case is DISMISSED without prejudice.
6. Defendant is ORDERED to file a corporate disclosure statement in full compliance with LCR 7.1(b) or pay $25,000 in sanctions within 30 days of the date of this order.
7. The Clerk is DIRECTED to send a copy of this order to Judge Peterson and to the parties.

Dated this 9th day of February, 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE